1  Michael G. Allen*
   D. Scott Chang #146403
2  Jamie L. Crook #245757
   Relman, Dane & Colfax Pllc
3  1225 19th St. NW, Suite 600
   Washington D.C. 20036
4  Telephone: (202) 728-1888
   Facsimile: (202) 728-0848
5  schang@relmanlaw.com

6  * Application for admission pro
   hac vice to be submitted
7
   Shawna L. Parks #208301              Dara Schur #98638
8  Paula D. Pearlman #109038            Disability Rights California
   Rebecca A. Craemer #274276           1330 Broadway, Suite 500
9  Disability Rights Legal Center       Oakland, CA 94612
   800 S. Figueroa Street, Ste 1120     Telephone: (510) 267-1200
10 Los Angeles, CA 90017                Facsimile: (510) 267-1201
   Telephone: (213) 736-1496            Dara.Schur@disabilityrightsca
11 Facsimile: (213) 736-1428            .org
   shawna.parks@lls.edu
12                                      Autumn Elliott #230043
   David Geffen #129342                 Disability Rights California
13 David Geffen Law Firm                3580 Wilshire Blvd., Ste 902
   530 Wilshire Blvd., Suite 205        Los Angeles, CA 90010-2512
14 Santa Monica, CA 90401               Telephone: (213) 427-8747
   Telephone: (310) 434-1111            Facsimile: (213) 427-8767
15 Facsmilie: (310) 434-1115            Autumn.Elliott@disability
   Geffenlaw@aol.com                    rightsca.org
16
                                        Attorneys for Plaintiffs
17
          UNITED STATES DISTRICT COURT FOR THE
18           CENTRAL DISTRICT OF CALIFORNIA
                    (WESTERN DIVISION)
19
   INDEPENDENT LIVING CENTER OF        )  CASE NO.
20 SOUTHERN CALIFORNIA, a California   )  SACV12 0062 JST(MLWx)
   non-profit corporation; FAIR HOUSING)
21 COUNCIL OF SAN FERNANDO             )  COMPLAINT FOR
   VALLEY, a California non-profit      )  INJUNCTIVE,
22 corporation; and COMMUNITIES        )  DECLARATORY
   ACTIVELY LIVING INDEPENDENT         )  AND MONETARY
23 AND FREE, a California non-profit    )  RELIEF; DEMAND
   corporation,                        )  FOR TRIAL BY
24                                      )  JURY
                          Plaintiffs,  )
25                                      )
   vs.                                 )
26                                      )
   CITY OF LOS ANGELES,                )
27 CALIFORNIA, a California municipal  )
   corporation; COMMUNITY              )
28 REDEVELOPMENT AGENCY OF THE         )

                              - 1 -

| | |
|---|---|
| 1 | CITY OF LOS ANGELES; 12129 EL DORADO AVENUE, L.P., a California limited partnership; ADAMS 935, L.P., a |
| 2 | California limited partnership; ALEXANDRIA HOUSE APARTMENTS, |
| 3 | LP, a California limited partnership; ARDMORE 959 PARTNERS, L.P., a |
| 4 | California limited partnership; ASTURIAS SENIOR APARTMENTS, |
| 5 | L.P., a California limited partnership, B S BROADWAY VILLAGE II, L.P., a |
| 6 | California limited partnership; BRONSON COURT APARTMENTS, |
| 7 | L.P., a California limited partnership; CANTABRIA SENIOR APARTMENTS, |
| 8 | L.P., a California limited partnership; CARONDELET COURT PARTNERS, |
| 9 | L.P., a California limited partnership; CENTRAL VILLAGE APARTMENTS, |
| 10 | L.P., a California limited partnership; CFLT-2618 WEST 7TH STREET, LLC, a |
| 11 | Delaware limited liability company; CHARLES COBB APARTMENTS, L.P., |
| 12 | a California limited partnership; DECRO ORION APARTMENTS, L.P., a |
| 13 | California limited partnership; DECRO OSBORNE APARTMENTS, L.P., a |
| 14 | California limited partnership; ESPERANZA COMMUNITY HOUSING |
| 15 | CORPORATION, a California corporation; EUGENE HOTEL, L.P., a |
| 16 | California limited partnership; FAME WEST 25TH STREET, L.P., a California |
| 17 | limited partnership; HART VILLAGE, L.P., a California limited partnership; |
| 18 | HOBART HEIGHTS PARTNERS, L.P., a California limited partnership; HOOVER |
| 19 | SENIORS, L.P., a California limited partnership; IMANI FE, LP, a California |
| 20 | limited partnership; MORGAN PLACE, L.P., a California limited partnership; |
| 21 | NEW TIERRA DEL SOL, L.P., a California limited partnership; P G |
| 22 | HOUSING PARTNERS, L.P., a California limited partnership; PALM |
| 23 | VILLAGE SENIOR HOUSING CORP., a California corporation; PENNY LANE |
| 24 | CENTERS, a California corporation; REDROCK NOHO RESIDENTIAL, |
| 25 | LLC, a Delaware limited liability company; RITTENHOUSE LIMITED |
| 26 | PARTNERSHIP, a California limited partnership; SF NO HO LLC, a |
| 27 | California limited liability company; VERMONT SENIORS, a California |
| 28 | corporation; VIEWS AT 270, L.P., a |

- 2 -

| | |
|---|---|
| 1 | California limited partnership; WA<br>COURT, L.P., a California limited<br>partnership; WATTS/ATHENS |
| 2 | PRESERVATION XVII, L.P., a<br>California limited partnership; and |
| 3 | YALE TERRACE APARTMENTS, A<br>CALIFORNIA LIMITED |
| 4 | PARTNERSHIP, a California limited<br>partnership |
| 5 | |
| 6 | Defendants. |

## INTRODUCTION

1.    This civil rights action is brought by Plaintiffs Independent Living Center of Southern California ("ILCSC"), a non-profit independent living center for people with disabilities, Fair Housing Council of San Fernando Valley ("FHC/SFV"), a non-profit, fair housing organization, and Communities Actively Living Independent and Free ("CALIF"), an independent living center, against the City of Los Angeles (the "City"), the Community Redevelopment Agency of the City of Los Angeles ("CRA"), and 34 owners of CRA-funded apartment complexes (collectively, "Nominal Defendants"), arising from the failure to ensure that housing is accessible to people with disabilities as required under federal and state civil rights law.  In this complaint, the City and CRA may be referred to collectively as "City Defendants."

2.    This complaint alleges that the City of Los Angeles and the CRA have engaged in a pattern or practice of discrimination against people with disabilities in violation of Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act (the "ADA"), and California Government Code § 11135 by failing

1    to ensure that apartment complexes built with federal housing and

2    community development funds are accessible to people with

3    disabilities and knowingly allocating millions of dollars in such

4    funds to finance apartments throughout Los Angeles without

5    ensuring that each complex is accessible.

6        3.    City Defendants' pattern or practice of discrimination

7    violates the civil rights of people with disabilities to meaningful

8    access to City Defendants' housing programs and activities and not

9    to be excluded from housing programs and activities.

10       4.    The City has directed hundreds of millions of dollars in

11   federal funding to the CRA for the purpose of developing

12   affordable housing.  The CRA has allocated these and other funds

13   to build or substantially alter hundreds of apartment complexes

14   containing thousands of units, including those owned by Nominal

15   Defendants.

16       5.    Neither the City nor the CRA has maintained policies,

17   practices, or procedures to ensure that multifamily projects

18   assisted with federal funds are accessible to people with

19   disabilities or otherwise provide meaningful access to people with

20   disabilities as required under civil rights law.

21       6.    Under federal and state law, apartments and

22   condominium developments funded by federal housing and

23   community development funds must be accessible to people in

24   wheelchairs and those who are vision or hearing impaired.

25       7.    City Defendants' violations of federal and state civil

26   rights have serious and significant consequences for people with

27   disabilities.  City Defendants' failure to ensure physical

28   accessibility of apartment complexes built with federal funds

- 4 -

1   denies people with disabilities severely needed accessible housing

2   and effectively communicates that people with disabilities are not

3   welcome.

4       8.   Because City Defendants failed to require that

5   apartments funded in part through federal housing and community

6   development funds are accessible, clients of ILCSC, FHC/SFV,

7   and CALIF and other people with disabilities have been forced to

8   live in inaccessible housing and have been put at risk of

9   institutionalization.

10      9.   The City of Los Angeles admits that there is an acute

11  shortage of accessible housing in Los Angeles.  According to the

12  City's own Consolidated Plans—documents required to be

13  submitted to the U.S. Department of Housing and Urban

14  Development ("HUD")—nearly one quarter of adults with

15  disabilities and two-thirds of seniors with disabilities in Los

16  Angeles have physical limitations. The City's Consolidated Plans

17  acknowledges that people with physical limitations need accessible

18  housing and that there is a large, unmet need for affordable,

19  accessible housing in Los Angeles.  The City estimates that there

20  are hundreds of thousands of individuals and families in Los

21  Angeles who require accessible, affordable housing but do not

22  have it.

23      10.  Despite the admitted severe need for accessible housing

24  in Los Angeles, the City and the CRA have failed to take

25  appropriate action to ensure that apartment complexes built with

26  federal housing and community development funds actually

27  comply with the accessibility requirements of federal and state

28

1   civil rights laws or that meaningful access to such housing is
2   otherwise provided.

3       11.   The current owners of 34 CRA housing developments
4   that received federal housing and community development funds
5   are included as Nominal Defendants in this action solely because
6   they are necessary for complete relief.

7       12.   A person using a wheelchair or other mobility aid and
8   people with sight and hearing impairments are just as effectively
9   excluded from the opportunity to live in a particular dwelling by
10  inaccessible housing as by a posted sign saying "No Handicapped
11  People Allowed."

12      13.   Enforcement of the accessibility requirements of
13  federal and state civil rights laws is an important means of
14  ensuring equal housing opportunities to wheelchair users, other
15  people with mobility impairments, and people with vision or
16  hearing disabilities.

17      14.   Defendants' violations of federal and state civil rights
18  laws have thwarted Congressional efforts to eradicate
19  discrimination against people with disabilities and rendered units
20  in housing development funded through federal funds unavailable
21  to people with disabilities. Enforcement of Section 504 of the
22  Rehabilitation Act, Title II of the ADA, and California
23  Government Code § 11135 against Defendants is necessary
24  because of the extensive nature of the civil rights violations at
25  apartment complexes developed using federal funds.

26

27

28

## JURISDICTION

15. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202 and 1343, and by Rules 37 and 65 of the Federal Rules of Civil Procedure.

16. Plaintiffs' claims for violations of California state law concern the same actions and omissions that form the basis of Plaintiffs' claims under federal law such that they are all part of the same case or controversy. This Court has supplemental jurisdiction over those state law claims pursuant to 28 U.S.C. § 1367.

17. This action for declaratory and injunctive relief arises in part under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 .

## VENUE

18. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because Defendants operate and perform their official duties therein and thus reside there for purposes of venue, and because a substantial part of the events and omissions giving rise to the claims occurred in Los Angeles County, which is in the Central District of California.

## PARTIES

19. The Independent Living Center of Southern California is an independent living center for people with disabilities and has

1   its principal place of business in Van Nuys.  It is a non-profit,

2   community-based corporation that provides a wide range of

3   services to people with disabilities and seniors in San Fernando

4   Valley, Glendale, Burbank, and Northern Los Angeles County.

5   ILCSC's mission is to provide services which will offer people

6   with disabilities and seniors the opportunity to seek an individual

7   course towards independence, while educating the community.

8   ILCSC's housing-related services include assisting its clients with

9   searches for accessible housing and working towards the removal

10  of barriers to accessible housing for its clients.  ILCSC is also the

11  lead agency in the California Community Transitions program.

12  Through the California Community Transitions program, ILCSC

13  seeks to help people move from skilled nursing facilities and acute

14  care hospitals back into community living.  ILCSC assists clients

15  with locating and obtaining affordable housing, provides security

16  deposits and first month's rent, and assists with home modification

17  and durable medical equipment, among other services.

18       20.   Fair Housing Council of San Fernando Valley is a non-

19  profit fair housing organization incorporated under the laws of the

20  State of California with its principal place of business in

21  Panorama City, California.  FHC/SFV's mission is to eliminate

22  housing discrimination and to expand housing choices for people

23  with disabilities and members of other classes protected under

24  federal and state civil rights and equal opportunity statutes and

25  regulations.  FHC/SFV engages in a number of activities to further

26  its mission of promoting equal housing opportunities including,

27  but not limited to: education programs in the community; training

28

- 8 -

1   programs for real estate professionals and the general public; and
2   fair housing counseling.

3       21.   Communities Actively Living Independent and Free is
4   an independent living center with its principal place of business in
5   Los Angeles, California.  It is a non-profit, community-based
6   corporation that provides services by and to persons with
7   disabilities in the City of Los Angeles.  CALIF seeks to achieve
8   full inclusion, equality, and civil rights for people with
9   disabilities. CALIF's members include persons with disabilities
10  who have been harmed and continue to be harmed because the City
11  and the CRA have failed and continue to fail to ensure that
12  apartment buildings funded in part by CRA using federal housing
13  and community development funds are accessible to people with
14  disabilities.

15      22.   Defendant City of Los Angeles, California is a
16  municipal corporation organized under the laws of the State of
17  California.  At all times relevant, the City has been a public entity
18  within the meaning of Title II of the ADA and has received federal
19  financial assistance within the meaning of the Rehabilitation Act
20  as well as state financial assistance within the meaning of
21  Government Code § 11135.

22      23.   Defendant Community Redevelopment Agency of the
23  City of Los Angeles is a public agency authorized by the
24  California Community Redevelopment Law to conduct
25  redevelopment and revitalization activities using public and
26  private funds in designated areas of the City of Los Angeles.  At
27  all times relevant, the CRA has been a public entity within the
28  meaning of Title II of the ADA and has received federal financial

1   assistance within the meaning of the Rehabilitation Act as well as

2   state financial assistance within the meaning of Government Code

3   § 11135.

4       24.   Each of the Defendants was the actual or apparent

5   agent, employee, or representative of each of the other Defendants.

6   Each Defendant, in doing the acts or omitting to act as alleged in

7   this Complaint, was acting in the course and scope of his, her, or

8   its actual or apparent authority pursuant to such agencies; or the

9   alleged acts or omissions of each Defendant as agent were

10   subsequently ratified and adopted by each agent as principal.

11

12   **NOMINAL DEFENDANTS**

13       25.   Defendant 12129 El Dorado Avenue, L.P. ("El Dorado")

14   is a California limited partnership that does business in California,

15   including in the City and County of Los Angeles.  El Dorado

16   currently owns El Dorado Apartments, a multi-family housing

17   development located at 12129 El Dorado Avenue, Los Angeles,

18   California.  El Dorado Apartments is a CRA-assisted development.

19       26.   Defendant Adams 935, L.P. ("Adams 935") is a

20   California limited partnership that does business in California,

21   including in the City and County of Los Angeles.  Adams 935

22   currently owns Adams and Central, a multi-family housing

23   development located at 1011 Adams Boulevard, Los Angeles,

24   California.  Adams and Central is a CRA-assisted development.

25       27.   Defendant Alexandria House Apartments, LP

26   ("Alexandria") is a California limited partnership that does

27   business in California, including in the City and County of Los

28   Angeles.  Alexandria currently owns Alexandria House, a multi-

1 family housing development located at 510 South Alexandria
2 Avenue, Los Angeles, California.  Alexandria House is a CRA-
3 assisted development.

4     28.   Defendant Ardmore 959 Partners, L.P. ("Ardmore 959")
5 is a California limited partnership that does business in California,
6 including in the City and County of Los Angeles.  Ardmore 959
7 currently owns The Ardmore, a multi-family housing development
8 located at 959 South Ardmore Avenue, Los Angeles, California.
9 The Ardmore is a CRA-assisted development.

10     29.   Defendant Asturias Senior Apartments, L.P.
11 ("Asturias") is a California limited partnership that does business
12 in California, including in the City and County of Los Angeles.
13 Asturias currently owns Asturias Senior Apartments, a multi-
14 family senior housing development located at 9628 Van Nuys
15 Boulevard, Panorama City, California.  Asturias Senior
16 Apartments is a CRA-assisted development.

17     30.   Defendant B S Broadway Village II, L.P. ("B S
18 Broadway II") is a California limited partnership that does
19 business in California, including in the City and County of Los
20 Angeles.  B S Broadway II currently owns Broadway Village II, a
21 multi-family housing development located at 5101 South
22 Broadway, Los Angeles, California.  Broadway Village II is a
23 CRA-assisted development.

24     31.   Defendant Bronson Court Apartments, L.P. ("Bronson")
25 is a California limited partnership that does business in California,
26 including in the City and County of Los Angeles.  Bronson
27 currently owns Bronson Courts, a multi-family housing
28 development located at 1227-39 North Bronson Avenue, Los

1   Angeles, California.  Bronson Courts is a CRA-assisted

2   development.

3         32.   Defendant Cantabria Senior Apartments, L.P.

4   ("Cantabria") is a California limited partnership that does business

5   in California, including in the City and County of Los Angeles.

6   Cantabria currently owns Cantabria Senior Citizen Apartments, a

7   multi-family senior housing development located at 9640 Van

8   Nuys Boulevard, Panorama City, California.  Cantabria Senior

9   Citizen Apartments is a CRA-assisted development.

10        33.   Defendant Carondelet Court Partners, L.P.

11  ("Carondelet") is a California limited partnership that does

12  business in California, including in the City and County of Los

13  Angeles.  Carondelet currently owns a multi-family housing

14  development located at 816 South Carondelet Street, Los Angeles,

15  California by the same name, Carondelet Court Partners, L.P.

16  Carondelet Court Partners, L.P. is a CRA-assisted development.

17        34.   Defendant Central Village Apartments, L.P. ("Central

18  Village") is a California limited partnership that does business in

19  California, including in the City and County of Los Angeles.

20  Central Village currently owns Central Village Apartments, a

21  multi-family housing development located at 2000 South Central

22  Avenue, Los Angeles, California.  Central Village Apartments is a

23  CRA-assisted development.

24        35.   Defendant CFLT-2618 West 7th Street, LLC ("CFLT")

25  is a Delaware limited liability company that does business in

26  California, including in the City and County of Los Angeles.

27  CFLT currently owns Seven Maples Senior Apartments, a multi-

28  family senior housing development located at 2618-30 West 7th

- 12 -

1   Street, Los Angeles, California.  Seven Maples Senior Apartments

2   is a CRA-assisted development.

3       36.   Defendant Charles Cobb Apartments, L.P. ("Charles

4   Cobb") is a California limited partnership that does business in

5   California, including in the City and County of Los Angeles.

6   Charles Cobb currently owns Charles Cobb Apartments, a multi-

7   family housing development located at 521 South San Pedro

8   Street, Los Angeles, California.  Charles Cobb Apartments is a

9   CRA-assisted development.

10      37.   Defendant Decro Orion Apartments, L.P. ("Decro

11  Orion") is a California limited partnership that does business in

12  California, including in the City and County of Los Angeles.

13  Decro Orion currently owns Orion Garden Apartments, a multi-

14  family housing development located at 8947-8955 North Orion

15  Street, Los Angeles, California.  Orion Garden Apartments is a

16  CRA-assisted development.

17      38.   Defendant Decro Osborne Apartments, L.P. ("Decro

18  Osborne") is a California limited partnership that does business in

19  California, including in the City and County of Los Angeles.

20  Decro Osborne currently owns Decro Osborne Apartments, a

21  multi-family housing development located at 12360 Osborne

22  Street, Los Angeles, California.  Decro Osborne Apartments is a

23  CRA-assisted development.

24      39.   Defendant Esperanza Community Housing Corporation

25  ("Esperanza") is a California corporation that does business in

26  California, including in the City and County of Los Angeles.

27  Esperanza currently owns La Estrella Apartments, a multi-family

28  housing development located at 1979 Estrella Avenue, Los

- 13 -

1   Angeles, California.  La Estrella Apartments is a CRA-assisted

2   development.

3       40.   Defendant Eugene Hotel, L.P. ("Eugene") is a

4   California limited partnership that does business in California,

5   including in the City and County of Los Angeles.  Eugene

6   currently owns Eugene Hotel, a multi-family housing development

7   located at 560 South Stanford Street, Los Angeles, California.

8   Eugene Hotel is a CRA-assisted development.

9       41.   Defendant Fame West 25th Street, L.P. ("Fame West") is

10  a California limited partnership that does business in California,

11  including in the City and County of Los Angeles.  Fame West

12  currently owns FAME West 25th, a multi-family housing

13  development located at 1940 West 25th Street, Los Angeles,

14  California.  FAME West 25th is a CRA-assisted development.

15      42.   Defendant Hart Village, L.P. ("Hart") is a California

16  limited partnership that does business in California, including in

17  the City and County of Los Angeles.  Hart currently owns Hart

18  Village, a multi-family housing development located at 6927-41

19  Owensmouth Avenue/21702-12 Hart Street, Los Angeles,

20  California.  Hart Village is a CRA-assisted development.

21      43.   Defendant Hobart Heights Partners, L.P. ("Hobart") is a

22  California limited partnership that does business in California,

23  including in the City and County of Los Angeles.  Hobart currently

24  owns Hobart Heights Apartments, a multi-family housing

25  development located at 924 South Hobart Boulevard, Los Angeles,

26  California.  Hobart Heights Apartments is a CRA-assisted

27  development.

28

1    44.  Defendant Hoover Seniors, L.P. ("Hoover") is a
2  California limited partnership that does business in California,
3  including in the City and County of Los Angeles.  Hoover
4  currently owns Hoover Senior, a multi-family senior housing
5  development located at 6200-6214 South Hoover Street, Los
6  Angeles, California.  Hoover Senior is a CRA-assisted
7  development.
8    45.  Defendant Imani Fe, LP ("Imani Fe") is a California
9  limited partnership that does business in California, including in
10  the City and County of Los Angeles.  Imani Fe currently owns
11  Imani Fe (East and West), a multi-family housing development
12  located at 10345 and 10408-10424 South Central Avenue, Los
13  Angeles, California.  Imani Fe (East and West) is a CRA-assisted
14  development.
15    46.  Defendant Morgan Place, L.P. ("Morgan") is a
16  California limited partnership that does business in California,
17  including in the City and County of Los Angeles.  Morgan
18  currently owns Morgan Place Senior Apartments, a multi-family
19  senior housing development located at 7301-15 South Crenshaw
20  Boulevard, Los Angeles, California.  Morgan Place Senior
21  Apartments is a CRA-assisted development.
22    47.  Defendant New Tierra del Sol, L.P. ("New Tierra") is a
23  California limited partnership that does business in California,
24  including in the City and County of Los Angeles.  New Tierra
25  currently owns Tierra del Sol, a multi-family housing development
26  located at 7500 Alabama Avenue, Los Angeles, California.  Tierra
27  del Sol is a CRA-assisted development.
28

*Independent Living Center of Southern California, et al v. City of Los Angeles, et al.*
Complaint

1    48.   Defendant P G Housing Partners, L.P. ("P G Housing")
2  is a California limited partnership that does business in California,
3  including in the City and County of Los Angeles.  P G Housing
4  currently owns Pico Gramercy Housing, a multi-family housing
5  development located at 1244 S. Gramercy Place, Los Angeles,
6  California.  Pico Gramercy Housing is a CRA-assisted
7  development.

8    49.   Defendant Palm Village Senior Housing Corp. ("Palm
9  Village") is a California corporation that does business in
10  California, including in the City and County of Los Angeles.  Palm
11  Village currently owns Palm Village Senior Citizens, a multi-
12  family senior housing development located at 9040 Laurel Canyon
13  Boulevard, Los Angeles, California.  Palm Village Senior Citizens
14  is a CRA-assisted development.

15    50.   Defendant Penny Lane Centers ("Penny Lane") is a
16  California corporation that does business in California, including
17  in the City and County of Los Angeles.  Penny Lane currently
18  owns Columbus Permanent Housing, a multi-family housing
19  development located at 8900-06 Columbus Avenue, Los Angeles,
20  California.  Columbus Permanent Housing is a CRA-assisted
21  development.

22    51.   Defendant Redrock NoHo Residential, LLC ("Redrock
23  NoHo") is a Delaware limited liability company that does business
24  in California, including in the City and County of Los Angeles.
25  Redrock NoHo currently owns Lofts @ NoHo Commons ("Lofts"),
26  a multi-family housing development located at 11136 Chandler
27  Boulevard, North Hollywood, California.  Lofts is a CRA-assisted
28  development.

1    52.   Defendant Rittenhouse Limited Partnership
2  ("Rittenhouse LP") is a California limited partnership that does
3  business in California, including in the City and County of Los
4  Angeles. Rittenhouse LP currently owns Rittenhouse, a multi-
5  family housing development located at 3300-3320 South Central
6  Avenue, Los Angeles, California.  Rittenhouse is a CRA-assisted
7  development.
8    53.   Defendant SF No Ho LLC ("SF No Ho") is a California
9  limited liability company that does business in California,
10  including in the City and County of Los Angeles.  SF No Ho
11  currently owns Gallery @ NoHo Commons ("Gallery"), a multi-
12  family housing development located at 5416 Fair Avenue, Los
13  Angeles, California.  Gallery is a CRA-assisted development.
14    54.   Defendant Vermont Seniors is a California corporation
15  that does business in California, including in the City and County
16  of Los Angeles.  Vermont Seniors currently owns Vermont Seniors
17  (I and II), a multi-family senior housing development located at
18  3901-3925 South Vermont Avenue/1015 West 39th Place, Los
19  Angeles, California.  Vermont Seniors (I and II) is a CRA-assisted
20  development.
21    55.   Defendant Views at 270, L.P. ("Views") is a California
22  limited partnership that does business in California, including in
23  the City and County of Los Angeles.  Views currently owns Views
24  at 270, a multi-family housing development located at 5445 West
25  Sunset Boulevard, Los Angeles, California.  Views at 270 is a
26  CRA-assisted development.
27    56.   Defendant WA Court, L.P. ("WA Court") is a California
28  limited partnership that does business in California, including in

1  the City and County of Los Angeles.  WA Court currently owns

2  Washington Village, a multi-family housing development located

3  at 1717 East 103rd Street, Los Angeles, California.  Washington

4  Village is a CRA-assisted development.

5      57.   Defendant Watts/Athens Preservation XVII, L.P.

6  ("Watts/Athens") is a California limited partnership that does

7  business in California, including in the City and County of Los

8  Angeles.  Watts/Athens currently owns Terre One Apartments, a

9  multi-family housing development located at 5270 South Avalon

10  Boulevard, Los Angeles, California.  Terre One Apartments is a

11  CRA-assisted development.

12      58.   Defendant Yale Terrace Apartments, A California

13  Limited Partnership ("Yale Terrace") is a California limited

14  partnership that does business in California, including in the City

15  and County of Los Angeles.  Yale Terrace currently owns Yale

16  Terrace Apartments, a multi-family housing development located

17  at 716-734 South Yale Street, Los Angeles, California.  Yale

18  Terrace Apartments is a CRA-assisted development.

19

20                    **FACTS**

21      59.   Since at least 1974, the City has been the recipient of

22  various federal housing and community development funds from

23  HUD including those under the Community Development Block

24  Grant ("CDBG"), HOME Investment Partnership ("HOME"),

25  Emergency Shelter Grant ("ESG") and Housing Opportunities for

26  People with AIDS ("HOPWA") programs.  The City has also

27  benefitted from federal loan guarantees pursuant to Section 108 of

28  the Community Development Act, 42 U.S.C. § 5308.

- 18 -

1    60.   The City has directed millions of dollars in CDBG and

2  HOME funds to an Affordable Housing Trust Fund ("AHTF") for

3  the purposes of developing affordable housing.

4    61.   As a result of City's commingling of CDBG and HOME

5  funds with state, local and private resources, any housing

6  development that has received AFTF funding is, by definition, a

7  recipient of federal financial assistance and must comply with the

8  accessibility requirements under federal law.

9    62.   Under the federal and state civil rights laws referenced

10  above, the City and CRA had an obligation to ensure that

11  multifamily housing projects assisted with federal funds are

12  accessible to people with disabilities so that meaningful access to

13  the City Defendants' housing programs is provided.

14    63.   The CRA itself acknowledges the obligation to comply

15  with specific requirements that accompany the receipt of federal

16  financial assistance. The CRA's official Housing Policy provides

17  that "[w]hen Federal . . . housing funds are used, further

18  requirements generally apply to the specific projects being funded

19  . . . When such funds are used, the conditions associated with

20  those funds must be followed, in addition to the conditions set

21  forth herein for the use of redevelopment funds for the

22  development of housing under agreements with CRA[]." (CRA

23  Housing Policy, August 4, 2005 at 21.)

24    64.   The City directed hundreds of millions of dollars in

25  CDBG, HOME. AHTF and other funds to the CRA for the purpose

26  of developing affordable housing.

27

28

1    65.   The CRA allocated these and other funds to private and

2    non-profit developers to build or substantially alter hundreds of

3    apartment complexes containing thousands of units.

4    66.   Plaintiffs are aware of at least 34 multifamily projects,

5    comprising 2,658 units, for which the CRA provided CDBG,

6    HOME and/or AHTF funds to support new construction or

7    substantial alteration.  The multifamily projects include but are

8    not limited to: El Dorado Apartments (60 units); Adams and

9    Central (57 units); Alexandria House (16 units); The Ardmore (48

10   units); Asturias Senior Apartments (69 units); Broadway Village II

11   (50 units); Bronson Courts (32 units); Cantabria Senior Citizen

12   Apartments (81 units); Carondelet Court Partners, L.P. (33 units);

13   Central Village Apartments (85 units); Seven Maples Senior

14   Apartments (57 units); Charles Cobb Apartments (76 units); Orion

15   Garden Apartments (32 units); Decro Osborne Apartments (51

16   units); La Estrella Apartments (11 units); Eugene Hotel (44 units);

17   FAME West 25th (12 units); Hart Village (47 units); Hobart

18   Heights Apartments (49 units); Hoover Senior (38 units); Imani Fe

19   (East and West) (92 units); Morgan Place Senior Apartments (55

20   units); Tierra Del Sol (119 units); Pico Gramercy Housing (71

21   units); Palm Village Senior Citizens (60 units); Columbus

22   Permanent Housing (6 units); Lofts @ NoHo Commons (292

23   units); Rittenhouse (40 units); Gallery @ NoHo Commons (438

24   units); Vermont Seniors (I and II) (140 units); Views at 270 (226

25   units); Washington Village (101 units); Terre One Apartments (15

26   units); and Yale Terrace Apartments (55 units).

27   67.   None of the 34 multifamily projects contains units

28   accessible to people with mobility and/or auditory or visual

- 20 -

1   impairments in sufficient numbers, sizes and locations to provide

2   meaningful access to people with disabilities and comply with

3   Section 504 of the Rehabilitation Act, Title II of the ADA and

4   Government Code § 11135.

5       68.   Neither the City nor the CRA maintained policies or

6   practices to ensure that multifamily housing projects assisted with

7   federal funds contained sufficient units accessible to people with

8   mobility, auditory or visual impairments as required under federal

9   and state civil rights laws.

10      69.   The City and the CRA also have not maintained

11  policies, practices or procedures to ensure that people with

12  mobility and/or auditory or visual impairments otherwise have

13  meaningful access to housing built with federal funds.

14      70.   ILCSC, FHC/SFV, and CALIF have repeatedly engaged

15  in efforts to inform the City and the CRA of their duties to provide

16  meaningful access to housing developed through federal housing

17  and community development funds.

18      71.   In meetings and correspondence with Plaintiffs, City

19  and CRA officials have conceded that they failed to apply federal

20  accessibility requirements to housing projects assisted with federal

21  funding.

22      72.   City and CRA officials also admitted that they: (1)

23  Could not identify which CRA-financed projects received federal

24  financial funding that triggers Rehabilitation Act and regulatory

25  obligations; (2) Did not monitor CRA's sub-recipients' compliance

26  with the Rehabilitation Act accessibility requirements; (3) Did not

27  maintain a list of accessible units in CRA-assisted projects and

28  could not identify any wheelchair accessible or sensory accessible

1  units in any of those projects; and (4) Could not describe any

2  accessible features in so-called "wheelchair units," "handicapped

3  units," or "sensory accessible units."

4      73.  As a condition of receiving CDBG, HOME, ESG, and

5  HOPWA funding, the City was obligated to submit for HUD's

6  approval a Consolidated Plan describing the housing market and

7  housing needs within Los Angeles.

8      74.  According to the 2008-2013 Consolidated Plan, Los

9  Angeles is home to large numbers of people with disabilities.  In

10  2000, 20.4% of the population of Los Angeles five years old and

11  older had a disability.  (2008-2013 Consolidated Plan at 176.)

12  44.8% of the population of Los Angeles 65 years old and older had

13  a disability in 2000.  (*Id.*)  Nearly one-quarter of disabled adults

14  and two-thirds of adults over the age of 65 have physical

15  limitations.  (*Id.* at 93.)  Persons with physical limitations require

16  accessible housing.  (*Id.* at 94.)  In addition, 24% of the people

17  with disabilities living in Los Angeles have vision or hearing

18  limitations. (*Id.* at 93.)

19      75.  The City admits in the Consolidated Plan that there is

20  an acute need for accessible housing in Los Angeles.  As the City

21  itself found, "[f]inding affordable, accessible housing is a

22  challenge" in the City of Los Angeles. (*Id.* at 94.)  The City

23  explained that "there are hundreds of thousands of individuals, and

24  families, in Los Angeles, who require accessible, affordable

25  housing and do not have it." (*Id.* at 180.)

26      76.  Despite the detailed findings regarding the need for

27  accessible housing in the City's Consolidated Plan, the City has

28  not taken appropriate steps to ensure that apartment complexes

- 22 -

1   built with federal housing and community development funds

2   actually comply with the accessibility requirements of civil rights

3   law or otherwise provide meaningful access to people with

4   mobility, visual, or hearing impairments.

5        77.   Plaintiffs do not at this time make claims for money or

6   damages under state law against the City and the CRA.  Plaintiffs,

7   however, have provided notice and sufficient information

8   regarding such claims to the City and the CRA pursuant to

9   California Government Code Sections 900, *et seq.*, in

10   correspondence dated January 13, 2012.  If those claims are not

11   adequately resolved through the administrative process, Plaintiffs

12   will amend or seek leave to amend this complaint to seek such

13   money or damages under state law against the City and the CRA.

14

15                **<u>INJURY TO PLAINTIFFS</u>**

16        78.   As a result of Defendants' actions described above,

17   ILCSC, FHC/SFV, and CALIF have been directly and substantially

18   injured.  Defendants' actions have frustrated Plaintiffs' missions

19   and undermined the effectiveness of the programs and services

20   they provide, including encouraging community integration of

21   people with disabilities, providing assistance to individuals and

22   families searching for housing or affected by discriminatory

23   housing practices, and eliminating discriminatory housing

24   practices.

25        79.   In addition, ILCSC, FHC/SFV, and CALIF have

26   invested considerable time and effort in educating the City, the

27   CRA, the housing industry, and the general public about the

28

1   importance of accessible housing for people with disabilities, in an

2   attempt to secure compliance.

3       80.   Each time any of the Defendants failed to ensure that

4   housing funded in part by federal housing and community

5   development funds was accessible, it frustrated the missions of

6   ILCSC, FHC/SFV, and CALIF inasmuch as it served to discourage

7   people with disabilities from living at that dwelling.

8       81.   Defendants' conduct reduced the effectiveness of

9   outreach and advocacy efforts by ILCSC, FHC/SFV, and CALIF

10  and required them to provide additional educational programs to

11  counteract the impression left by Defendants' conduct that

12  constructing inaccessible residential housing is permissible.

13      82.   Defendants' continuing discriminatory practices have

14  forced ILCSC, FHC/SFV, and CALIF to divert scarce resources to

15  identify, investigate, and counteract the Defendants'

16  discriminatory practices, and such practices have frustrated

17  Plaintiffs' other efforts against discrimination, causing Plaintiffs

18  to suffer concrete and demonstrable injuries.

19      83.   ILCSC, FHC/SFV, and CALIF have expended resources

20  attempting to counteract Defendants' discriminatory practices

21  including, but not limited to, counseling people with disabilities

22  affected by Defendants' discriminatory practices and conducting

23  outreach to the City and the CRA about the accessibility

24  requirements under federal law, resulting in the diversion of

25  resources that they would not have had to expend were it not for

26  Defendants' violations.

27      84.   Until remedied, Defendants' unlawful, discriminatory

28  actions will continue to injure ILCSC, FHC/SFV, and CALIF by:

- 24 -

1        a. Interfering with efforts and programs intended to

2            bring about equality of opportunity in housing;

3        b. Requiring the commitment of scarce resources,

4            including substantial staff time and funding, to

5            investigate and counteract Defendants'

6            discriminatory conduct, thus diverting those

7            resources from the Plaintiffs' other activities and

8            services, such as education, outreach and counseling;

9            and

10       c. Frustrating the missions and purposes of ILCSC,

11           FHC/SFV, and CALIF.

12       85.   By the actions described above, Defendants have

13   engaged in, and continue to engage in a pattern or practice of

14   discrimination against people with disabilities in violation of the

15   Rehabilitation Act, the Americans with Disabilities Act, and

16   Government Code § 11135.  The Defendants continue to engage in

17   such a pattern, practice, or policy of discrimination so as to

18   constitute a continuing violation.

19       86.   Defendants have acted or failed to act with deliberate

20   indifference.  Defendants have known that their acts and omissions

21   create a substantial likelihood of harm to Plaintiff's federally

22   protected rights, and Defendants have failed to act upon that

23   likelihood.

24       87.   There now exists an actual controversy between the

25   parties regarding Defendants' duties under the federal and state

26   civil rights laws. Plaintiffs accordingly are entitled to declaratory

27   relief.

28

1    88.   Defendants, unless enjoined, will continue to engage in
2  the unlawful acts and the pattern or practice of discrimination and
3  unlawful conduct described above.

4    89.   Plaintiffs have no adequate remedy at law.  Plaintiffs
5  now are suffering and will continue to suffer irreparable injury
6  from Defendants' acts and unlawful conduct unless relief is
7  provided by this Court.  Plaintiffs thus are entitled to permanent
8  injunctive relief.

9

10             **CLAIMS FOR RELIEF**
11            **FIRST CLAIM FOR RELIEF**
12    **SECTION 504 OF THE REHABILITATION ACT**
13              **[29 U.S.C. § 794 *et seq.*]**

14    90.   Plaintiffs reallege and incorporate by reference each
15  and every allegation contained in the foregoing paragraphs.

16    91.   Defendants are recipients of federal financial assistance
17  within meaning of Section 504.

18    92.   Section 504 of the Rehabilitation Act provides that
19  "[n]o otherwise qualified individual with a disability . . . shall,
20  solely by reason of his or her disability, be excluded from
21  participation in, be denied the benefits of, or be subjected to
22  discrimination under any program or activity receiving Federal
23  financial assistance . . ." 28 U.S.C. § 794.

24    93.   Section 504 prohibits the unnecessary segregation of
25  people with disabilities.  Regulations implementing Section 504
26  require a public entity to administer its services, programs, and
27  activities in the most integrated setting appropriate for the needs
28  of qualified individuals with disabilities.  45 C.F.R. § 84.4(b)(2).

- 26 -

1    94.   Under Section 504, recipients of federal financial

2   assistance are required to provide meaningful access to their

3   programs, services, and activities.

4    95.   Regulations implementing Section 504 provide that "[a]

5   recipient, in providing any housing, aid, benefit, or service in a

6   program or activity that receives Federal financial assistance from

7   the Department [of Housing & Urban Development] may not,

8   directly or through contractual, licensing, or other arrangements,

9   solely on the basis of handicap:"…"Aid or perpetuate

10  discrimination against a qualified individual with handicaps by

11  providing significant assistance to an agency, organization, or

12  person that discriminates on the basis of handicap in providing any

13  housing, aid, benefit, or service to beneficiaries in the recipient's

14  federally assisted program or activity"; [or] "Otherwise limit a

15  qualified individual with handicaps in the enjoyment of any right,

16  privilege, advantage, or opportunity enjoyed by other qualified

17  individuals receiving the housing, aid, benefit, or service." 24

18  C.F.R. § 8.4(b)(1).

19   96.   The regulations implementing Section 504 also require

20  that "[i]n any program or activity receiving Federal financial

21  assistance from the Department, a recipient may not, directly or

22  through contractual or other arrangements, utilize criteria or

23  methods of administration the purpose or effect of which would:

24  (i) Subject qualified individuals with handicaps to discrimination

25  solely on the basis of handicap; (ii) Defeat or substantially impair

26  the accomplishment of the objectives of the recipient's federally

27  assisted program or activity for qualified individuals with a

28  particular handicap involved in the program or activity, unless the

1  recipient can demonstrate that the criteria or methods of
2  administration are manifestly related to the accomplishment of an
3  objective of a program or activity; or (iii) Perpetuate the
4  discrimination of another recipient if both recipients are subject to
5  common administrative control or are agencies of the same State."
6  24 C.F.R. § 8.4(b)(4).
7       97.   Defendants' actions and failures to act discriminate on
8  the basis of disability in violation of Section 504 of the
9  Rehabilitation Act and its implementing regulations by engaging
10  in the following actions or omissions:
11            a. Denying meaningful access to housing built with
12               federal housing and community development funds to
13               people with mobility impairments and visual and
14               hearing disabilities so as to effectively deny
15               qualified individuals with disabilities the opportunity
16               to benefit or participate in Defendants' housing
17               programs.
18            b. Aiding or perpetuating discrimination against people
19               with disabilities by providing significant assistance
20               to the CRA and developers of housing projects that
21               discriminate on the basis of disability by failing to
22               provide accessible housing or to otherwise providing
23               meaningful access to the housing built with federal
24               funds for people with mobility, visual, or hearing
25               impairments.
26            c. Using methods of administration that have the effect
27               of discriminating against people with disabilities,
28               defeating the purpose of the City and CRA's housing

1    programs, and/or perpetuating the discrimination of

2    other agencies by failing to ensure that developers of

3    CRA housing projects funded through federal

4    housing and community development money provide

5    accessible housing or otherwise provide meaningful

6    access to people with mobility, visual, or hearing

7    impairments.

8    d. Otherwise limiting people with disabilities from

9    enjoying housing built with federal funds or the

10   opportunity to obtain such housing by engaging in

11   the policies, practices, acts, and omissions described

12   above.

13   **SECOND CLAIM FOR RELIEF**

14   **AMERICANS WITH DISABILITIES ACT**

15   **[42 U.S.C. § 12131 *et seq.*]**

16   98.   Plaintiffs reallege and incorporate each and every

17   allegation contained in the foregoing paragraphs.

18   99.   Defendants City and CRA are public entities within the

19   meaning of Title II of the ADA.

20   100. Title II of the ADA provides that "no qualified

21   individual with a disability shall, by reason of such disability, be

22   excluded from participation in or be denied the benefits of

23   services, programs, or activities of a public entity, or be subjected

24   to discrimination by such entity."  42 U.S.C. § 12132.

25   101. Pursuant to the ADA, public entities are required to

26   provide meaningful access to their programs, services, and

27   activities.

28

- 29 -

1    102. Regulations implementing Title II of the ADA provide
2  that "[a] public entity, in providing any aid, benefit or service,
3  may not, directly or through contractual, licensing or other
4  arrangements, on the basis of disability. . . . [a]id or perpetuate
5  discrimination against a qualified individual with a disability by
6  providing significant assistance to an agency, organization, or
7  person that discriminates on the basis of disability in providing
8  any aid, benefit, or service to beneficiaries of the public entity's
9  program;" [or] "Otherwise limit a qualified individual with a
10  disability in the enjoyment of any right, privilege, advantage, or
11  opportunity enjoyed by others receiving the aid, benefit, or
12  service." 28 C.F.R. § 35.130(b)(1).
13    103. Regulations implementing Title II also require that "[a]
14  public entity may not, directly or through contractual or other
15  arrangements, utilize criteria or methods of administration:
16  (i) That have the effect of subjecting qualified individuals with
17  disabilities to discrimination on the basis of disability; (ii) That
18  have the purpose or effect of defeating or substantially impairing
19  accomplishment of the objectives of the public entity's program
20  with respect to individuals with disabilities; or (iii) That
21  perpetuate the discrimination of another public entity if both
22  public entities are subject to common administrative control . . ."
23  28 C.F.R. § 35.130(b)(3).
24    104. Defendants' actions and failures to act discriminate on
25  the basis of disability in violation of Title II of the ADA and its
26  implementing regulations by engaging in the following actions or
27  omissions:
28

     a. Denying meaningful access to housing built with federal housing and community development funds to people with mobility impairments and visual and hearing disabilities so as to effectively deny qualified individuals with disabilities the opportunity to benefit or participate in Defendants' housing programs.

     b. Aiding or perpetuating discrimination against people with disabilities by providing significant assistance to the CRA and developers of housing projects that discriminate on the basis of disability by failing to provide accessible housing or to otherwise providing meaningful access to the housing built with federal funds for people with mobility, visual, or hearing impairments.

     c. Using methods of administration that have the effect of discriminating against people with disabilities, defeating the purpose of the City and CRA's housing programs, and/or perpetuating the discrimination of other agencies by failing to ensure that developers of CRA housing projects funded through federal housing and community development money provide accessible housing or otherwise provide meaningful access to people with mobility, visual, or hearing impairments.

     d. Otherwise limiting people with disabilities from enjoying housing built with federal funds or the opportunity to obtain such housing by engaging in

- 31 -

1    the policies, practices, acts, and omissions described

2    above.

3    ### THIRD CLAIM FOR RELIEF

4    ### CALIFORNIA GOVERNMENT CODE § 11135

5    105. Plaintiffs incorporate by reference each and every

6    allegation contained in the foregoing paragraphs.

7    106. Section 11135 of the California Government Code

8    provides that "No person in the State of California shall on the

9    basis of . . . disability, be unlawfully denied the benefits of, or be

10   unlawfully subjected to discrimination under, any program or

11   activity that is funded directly or receives financial assistance

12   from the state." Cal. Gov't Code § 11135.

13   107. At all times relevant to this action, Defendants received

14   financial assistance from the State of California.

15   108. Through their acts and omissions described herein,

16   Defendants have violated and will continue to violate California

17   Government Code § 11135 by unlawfully denying people with

18   disabilities the benefits of, and unlawfully subjecting people with

19   disabilities to discrimination under, Defendants' programs and

20   activities.

21

22   ### PRAYER FOR RELIEF

23   WHEREFORE, Plaintiffs pray that this Court enter an order

24   against Defendants, together and individually, as follows:

25   A.    Declare that Defendant' policies, practices, acts, and omissions as

26   set forth above violate Section 504 of the Rehabilitation Act, the Americans

27   with Disabilities Act, and California Government Code § 11135;

28

- 32 -

1    B.    Enjoin the Defendants, their officers, directors, employees,

2 agents, successors, assigns, and all other persons in active concert or

3 participation with any of them, both temporarily during the pendency of this

4 action, and permanently, from:

5        1.    Providing federal housing and community development

6        funds for the construction of any multifamily housing and/or common

7        areas that, in any way, fail to comply with the accessibility requirements

8        of Section 504 of the Rehabilitation Act, Title II of the ADA, and

9        Government Code § 11135;

10       2.    Failing or refusing to bring apartment complexes funded

11       through federal housing and community development funds and the

12       public use and common use areas at the apartment complexes into

13       compliance with the requirements of Section 504 of the Rehabilitation

14       Act, Title II of the ADA, and Government Code § 11135; and

15       3.    Failing or refusing to otherwise provide meaningful access

16       to apartment complexes built with federal housing and community

17       development funds.

18    C.    Enjoin Defendants, their officers, directors, employees, agents,

19 successors, assigns, and all other persons in active concert or participation

20 with any of them from failing or refusing to:

21       1.    Survey each and every apartment complex built using

22       federal housing and community development funds and appurtenant

23       common and public use areas, and assess the compliance of each with

24       the accessibility requirements of Section 504 of the Rehabilitation Act,

25       Title II of the ADA, and Government Code § 11135;

26       2.    Report to the Court the extent of the noncompliance with

27       the accessibility requirements of Section 504 of the Rehabilitation Act,

28       Title II of the ADA, and Government Code § 11135; and

- 33 -

1         3.    Bring each and every such apartment complex into

2  compliance with the requirements of Section 504 of the Rehabilitation

3  Act, Title II of the ADA, and Government Code § 11135.

4         4.    Otherwise provide meaningful access to apartments

5  complexes built with federal housing and community development

6  funds to people with mobility, visual or hearing impairments.

7     D.    Award damages against the City Defendants for their

8  injuries incurred as a result of the City Defendants' discriminatory

9  practices and conduct.

10     E.    Award the Plaintiffs costs of this action and reasonable

11  attorneys' fees pursuant to: 29 U.S.C. § 794a; 42 U.S.C. §§ 1988,

12  12133, and 12205, Cal. Civ. Pro. Code § 1021.5 and as otherwise

13  may be allowed by law.

14     F.    Award such other and further relief as the Court deems

15  to be just and equitable.

16

17                   **JURY DEMAND**

18     Plaintiffs demand a trial by jury on all issues so triable.

19

20  Dated: January 12, 2012

21                            Respectfully submitted,

22

23

24                            MICHAEL G. ALLEN*
                            D. SCOTT CHANG #146403

25                            JAMIE L. CROOK #245757
                          RELMAN, DANE & COLFAX PLLC

26                            1225 19th St. NW, Suite 600
                          Washington D.C. 20036

27                            Telephone: (202) 728-1888
                          Facsimile: (202) 728-0848

28                            schang@relmanlaw.com

1

2

\* Application for admission pro hac vice to be submitted

3

*Shawna L. Parks* /pc
_____

4

SHAWNA L. PARKS #208301
PAULA D. PEARLMAN #109038
REBECCA A. CRAEMER
#274276
DISABILITY RIGHTS LEGAL
CENTER
Loyola Public Interest Law Center
800 S. Figueroa Street, Suite 1120
Los Angeles, CA 90017
Telephone: (213) 736-1496
Facsimile: (213) 736-1428
shawna.parks@lls.edu

5

6

7

8

9

10

*David Geffen* /DSC
_____

11

DAVID GEFFEN #129342
DAVID GEFFEN LAW FIRM
530 Wilshire Blvd., Suite 205
Santa Monica, CA 90401
Telephone: (310) 434-1111
Facsmilie: (310) 434-1115
Geffenlaw@aol.com

12

13

14

15

*Dara Schur* /DSC
_____

16

DARA SCHUR #98638
DISABILITY RIGHTS
CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA 94612
Telephone: (510) 267-1200
Facsimile: (510)267-1201
Dara.Schur@disabilityrightsca
.org

17

18

19

20

21

*Autumn Elliott* /DSC
_____

22

AUTUMN ELLIOTT #230043
DISABILITY RIGHTS
CALIFORNIA
3580 Wilshire Blvd., Suite 902
Los Angeles, CA 90010-2512
Telephone: (213) 427-8747
Facsimile: (213) 427-8767
Autumn.Elliott@disabilityrightsca
.org

23

24

25

26

27

28

Attorneys for Plaintiffs

*Independent Living Center of Southern California, et al v. City of Los Angeles, et al.*
*Complaint*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV12- 62 JST  (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Michael G. Allen*
D. Scott Chang #146403
Jamie L. Crook #245757
RELMAN, DANE & COLFAX PLLC
1225 19th St. NW, Suite 600
Washington, DC 20036
202-728-1888**
*Application for admission pro hac vice to be submitted
**See attachment for additional attorneys

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

INDEPENDENT LIVING CENTER OF SOUTHERN
CALIFORNIA, a California non-profit corporation, et
al. (See attachment)

PLAINTIFF(S)

v.

CITY OF LOS ANGELES, CALIFORNIA, a
California municipal corporation, et al. (see
attachment)

DEFENDANT(S).

CASE NUMBER

SACV12 0062 JST (MLLx)

**SUMMONS**

TO:   DEFENDANT(S): See attachment

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Scott Chang_____, whose address is _Relman, Dane & Colfax PLLC, 1225 19th Street NW, Suite 600, Washington, DC 20036_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  JAN 1 3 2012

By: _____

**JULIE PRADO**

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    **SUMMONS**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## SUMMONS ATTACHMENT

## ADDITIONAL ATTORNEYS

SHAWNA L. PARKS #208301
PAULA D. PEARLMAN #109038
REBECCA A. CRAEMER #274276
DISABILITY RIGHTS LEGAL
CENTER
Loyola Public Interest Law Center
800 S. Figueroa Street, Suite 1120
Los Angeles, CA 90017
Telephone: (213) 736-1496
Facsimile: (213) 736-1428
shawna.parks@lls.edu

DAVID GEFFEN #129342
DAVID GEFFEN LAW FIRM
530 Wilshire Blvd., Suite 205
Santa Monica, CA 90401
Telephone: (310) 434-1111
Facsmilie: (310) 434-1115
Geffenlaw@aol.com

DARA SCHUR #98638
DISABILITY RIGHTS
CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA 94612
Telephone: (510) 267-1200
Facsimile: (510)267-1201
Dara.Schur@disabilityrightsca
.org

AUTUMN ELLIOTT #230043
DISABILITY RIGHTS
CALIFORNIA
3580 Wilshire Blvd., Suite 902
Los Angeles, CA 90010-2512
Telephone: (213) 427-8747
Facsimile: (213) 427-8767
Autumn.Elliott@disability
rightsca.org

## ADDITIONAL PLAINTIFFS
FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY, a California non-profit corporation; and COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE, a California non-profit corporation

## ADDITIONAL DEFENDANTS
COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES; 12129 EL DORADO AVENUE, L.P., a California limited partnership; ADAMS 935, L.P., a California limited partnership; ALEXANDRIA HOUSE APARTMENTS, LP, a California limited partnership; ARDMORE 959 PARTNERS, L.P., a California limited partnership; ASTURIAS SENIOR APARTMENTS, L.P., a California limited partnership,

B S BROADWAY VILLAGE II, L.P., a California limited partnership;
BRONSON COURT APARTMENTS, L.P., a California limited partnership;
CANTABRIA SENIOR APARTMENTS, L.P., a California limited partnership;
CARONDELET COURT PARTNERS, L.P., a California limited partnership;
CENTRAL VILLAGE APARTMENTS, L.P., a California limited partnership;
CFLT-2618 WEST 7TH STREET, LLC, a Delaware limited liability company;
CHARLES COBB APARTMENTS, L.P., a California limited partnership;
DECRO ORION APARTMENTS, L.P., a California limited partnership; DECRO
OSBORNE APARTMENTS, L.P., a California limited partnership; ESPERANZA
COMMUNITY HOUSING CORPORATION, a California corporation; EUGENE
HOTEL, L.P., a California limited partnership; FAME WEST 25TH STREET, L.P.,
a California limited partnership; HART VILLAGE, L.P., a California limited
partnership; HOBART HEIGHTS PARTNERS, L.P., a California limited
partnership; HOOVER SENIORS, L.P., a California limited partnership; IMANI
FE, LP, a California limited partnership; MORGAN PLACE, L.P., a California
limited partnership; NEW TIERRA DEL SOL, L.P., a California limited
partnership; P G HOUSING PARTNERS, L.P., a California limited partnership;
PALM VILLAGE SENIOR HOUSING CORP., a California corporation; PENNY
LANE CENTERS, a California corporation; REDROCK NOHO RESIDENTIAL,
LLC, a Delaware limited liability company; RITTENHOUSE LIMITED
PARTNERSHIP, a California limited partnership; SF NO HO LLC, a California
limited liability company; VERMONT SENIORS, a California corporation;
VIEWS AT 270, L.P., a California limited partnership; WA COURT, L.P., a
California limited partnership; WATTS/ATHENS PRESERVATION XVII, L.P., a
California limited partnership; and YALE TERRACE APARTMENTS, A
CALIFORNIA LIMITED PARTNERSHIP, a California limited partnership

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

COPY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Independent Living Center of Southern California, Fair Housing Council of San Fernando Valley, and Communities Actively Living Independent and Free

**DEFENDANTS**
See attachment

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
See attachment

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Section 504 of the Rehabilitation Act and the Americans with Disabilities Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES: ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce/ICC Rates/etc. ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 810 Selective Service ☐ 850 Securities/Commodities/Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 890 Other Statutory Actions ☐ 891 Agricultural Act ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Info. Act ☐ 900 Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes

CONTRACT: ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders' Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability ☐ 196 Franchise

REAL PROPERTY: ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property

TORTS PERSONAL INJURY: ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Fed. Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury ☐ 362 Personal Injury-Med Malpractice ☐ 365 Personal Injury-Product Liability ☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION: ☐ 462 Naturalization Application ☐ 463 Habeas Corpus-Alien Detainee ☐ 465 Other Immigration Actions

TORTS PERSONAL PROPERTY: ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability
BANKRUPTCY: ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157
CIVIL RIGHTS: ☐ 441 Voting ☐ 442 Employment ☒ 443 Housing/Accommodations ☐ 444 Welfare ☐ 445 American with Disabilities - Employment ☐ 446 American with Disabilities - Other ☐ 440 Other Civil Rights

PRISONER PETITIONS: ☐ 510 Motions to Vacate Sentence Habeas Corpus ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus/Other ☐ 550 Civil Rights ☐ 555 Prison Condition
FORFEITURE/PENALTY: ☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs ☐ 660 Occupational Safety /Health ☐ 690 Other

LABOR: ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act
PROPERTY RIGHTS: ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark
SOCIAL SECURITY: ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g))
FEDERAL TAX SUITS: ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS-Third Party 26 USC 7609

SACV12 0062

**FOR OFFICE USE ONLY:** Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑Yes
If yes, list case number(s):  2:07-cv-08262-MMM-JWJ

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☑ A. Arise from the same or closely related transactions, happenings, or events; or
                     ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                     ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                     ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
    ☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All plaintiffs reside in Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
    ☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| See attachment | See attachment |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All claims arose in Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  *[signature]*  Date January 12, 2012

    **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET ATTACHMENT**

I(a).       **DEFENDANTS**

1. City of Los Angeles, California
2. Community Redevelopment Agency of the City of Los Angeles
3. 12129 El Dorado Avenue, L.P.
4. Adams 935, L.P.
5. Alexandria House Apartments, LP
6. Ardmore 959 Partners, L.P.
7. Asturias Senior Apartments, L.P.
8. B S Broadway Village II, L.P.
9. Bronson Court Apartments, L.P.
10. Cantabria Senior Apartments, L.P.
11. Carondelet Court Partners, L.P.
12. Central Village Apartments, L.P.
13. CFLT-2618 West 7th Street, LLC
14. Charles Cobb Apartments, L.P.
15. Decro Orion Apartments, L.P.
16. Decro Osborne Apartments, L.P.
17. Esperanza Community Housing Corporation
18. Eugene Hotel, L.P.
19. Fame West 25th Street, L.P.
20. Hart Village, L.P.
21. Hobart Heights Partners, L.P.
22. Hoover Seniors, L.P.
23. Imani Fe, LP
24. Morgan Place, L.P.
25. New Tierra del Sol, L.P.
26. P G Housing Partners, L.P.
27. Palm Village Senior Housing Corp.
28. Penny Lane Centers
29. Redrock NoHo Residential, LLC
30. Rittenhouse Limited Partnership
31. SF No Ho LLC
32. Vermont Seniors
33. Views at 270, L.P.
34. WA Court, L.P.
35. Watts/Athens Preservation XVII, L.P.
36. Yale Terrace Apartments, A California Limited Partnership

I(b).       **PLAINTIFFS' ATTORNEYS**

D. Scott Chang
RELMAN, DANE & COLFAX PLLC
1225 19th St. NW, Suite 600
Washington, DC 20036
202-728-1888

Shawna L. Parks
DISABILITY RIGHTS LEGAL CENTER
Loyola Law School Public Interest Law Center
800 S. Figueroa St., Suite 1120
Los Angeles, CA 90017
213-736-1496

IX(b).       **VENUE**

| County in this District | California County outside of this District; State, if other than California; or Foreign County |
|---|---|
| <u>Los Angeles County, CA</u>: City of Los Angeles, California; Community Redevelopment Agency of the City of Los Angeles; Adams 935, L.P.; Alexandria House Apartments, LP; Asturias Senior Apartments, L.P.; B S Broadway Village II, L.P.; Bronson Court Apartments, L.P.; Cantabria Senior Apartments, L.P.; Carondelet Court Partners, L.P.; Central Village Apartments, L.P.; Charles Cobb Apartments, L.P.; Penny Lane Centers; 12129 El Dorado Avenue, L.P.; Esperanza Community Housing Corporation; Eugene Hotel, L.P.; Fame West 25th Street, L.P.; Hart Village, L.P.; Hobart Heights Partners, L.P.; Hoover Seniors, L.P.; Imani Fe, LP; Morgan Place, L.P.; Palm Village Senior Housing Corp.; P G housing Partners, L.P.; Rittenhouse Limited Partnership; CFLT-2618 West 7th Street, LLC; Ardmore 959 Partners, L.P.; New Tierra del Sol, L.P.; Views at 270, L.P.; WA Court, L.P.; Yale Terrace Apartments<br><br><u>Orange County, CA</u>: Decro Orion Apartments, L.P.; Decro Osborne Apartments, L.P.; Watts/Athens Preservation XVII, L.P.; Vermont Seniors | <u>Contra Costa County, CA</u>: Redrock NoHo Residential, LLC<br><br><u>San Diego County, CA</u>: SF No Ho LLC |