COPY

Michael G. Allen*
D. Scott Chang #146403
Jamie L. Crook #245757
Relman, Dane & Colfax Pllc
1225 19th St. NW, Suite 600
Washington D.C. 20036
Telephone: (202) 728-1888
Facsimile: (202) 728-0848
schang@relmanlaw.com

* Application for admission pro hac vice to be submitted

Shawna L. Parks #208301
Paula D. Pearlman #109038
Rebecca A. Craemer #274276
Disability Rights Legal Center
800 S. Figueroa Street, Ste 1120
Los Angeles, CA 90017
Telephone: (213) 736-1496
Facsimile: (213) 736-1428
shawna.parks@lls.edu

David Geffen #129342
David Geffen Law Firm
530 Wilshire Blvd., Suite 205
Santa Monica, CA 90401
Telephone: (310) 434-1111
Facsmilie: (310) 434-1115
Geffenlaw@aol.com

Dara Schur #98638
Disability Rights California
1330 Broadway, Suite 500
Oakland, CA 94612
Telephone: (510) 267-1200
Facsimile: (510)267-1201
Dara.Schur@disabilityrightsca.org

Autumn Elliott #230043
Disability Rights California
3580 Wilshire Blvd., Ste 902
Los Angeles, CA 90010-2512
Telephone: (213) 427-8747
Facsimile: (213) 427-8767
Autumn.Elliott@disabilityrightsca.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION)

SACV12  0062 JST(MLbx)

CASE NO.

INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA, a California non-profit corporation; FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY, a California non-profit corporation; and COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE, a California non-profit corporation,

Plaintiffs,

vs.

CITY OF LOS ANGELES, CALIFORNIA, a California municipal corporation; COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES;

NOTICE OF RELATED CASE IN CENTRAL DIVISION PURSUANT TO LOCAL RULE 83-1.3 – PLAINTIFFS REQUEST RELATED CASE TRANSFER

12129 EL DORADO AVENUE, L.P., a
California limited partnership; ADAMS 935,
L.P., a California limited partnership;
ALEXANDRIA HOUSE APARTMENTS, LP,
a California limited partnership; ARDMORE
959 PARTNERS, L.P., a California limited
partnership; ASTURIAS SENIOR
APARTMENTS, L.P., a California limited
partnership,
B S BROADWAY VILLAGE II, L.P., a
California limited partnership; BRONSON
COURT APARTMENTS, L.P., a California
limited partnership; CANTABRIA SENIOR
APARTMENTS, L.P., a California limited
partnership; CARONDELET COURT
PARTNERS, L.P., a California limited
partnership; CENTRAL VILLAGE
APARTMENTS, L.P., a California limited
partnership; CFLT-2618 WEST 7TH STREET,
LLC, a Delaware limited liability company;
CHARLES COBB APARTMENTS, L.P., a
California limited partnership; DECRO ORION
APARTMENTS, L.P., a California limited
partnership; DECRO OSBORNE
APARTMENTS, L.P., a California limited
partnership; ESPERANZA COMMUNITY
HOUSING CORPORATION, a California
corporation; EUGENE HOTEL, L.P., a
California limited partnership; FAME WEST
25TH STREET, L.P., a California limited
partnership; HART VILLAGE, L.P., a
California limited partnership; HOBART
HEIGHTS PARTNERS, L.P., a California
limited partnership; HOOVER SENIORS, L.P.,
a California limited partnership; IMANI FE,
LP, a California limited partnership; MORGAN
PLACE, L.P., a California limited partnership;
NEW TIERRA DEL SOL, L.P., a California
limited partnership; P G HOUSING
PARTNERS, L.P., a California limited
partnership; PALM VILLAGE SENIOR
HOUSING CORP., a California corporation;
PENNY LANE CENTERS, a California
corporation; REDROCK NOHO
RESIDENTIAL, LLC, a Delaware limited
liability company; RITTENHOUSE LIMITED
PARTNERSHIP, a California limited
partnership; SF NO HO LLC, a California
limited liability company; VERMONT
SENIORS, a California corporation; VIEWS
AT 270, L.P., a California limited partnership;
WA COURT, L.P., a California limited
partnership; WATTS/ATHENS

NOTICE OF RELATED CASES
2

PRESERVATION XVII, L.P., a California )
limited partnership; and YALE TERRACE )
APARTMENTS, A CALIFORNIA LIMITED )
PARTNERSHIP, a California limited )
partnership )
)
                    Defendants. )
                                    )

---

The instant case, *Independent Living Center of Southern California, et al.,
v. City of Los Angeles, California, et al.,* filed herewith, is related to an action in
the Central District, *Woods, et al., v. Alexandria Housing Partners, L.P., et al.,*
CASE NO. CV07-08262 MMM (JWJx). *Woods,* which while settled is still under
the jurisdiction of this Court for purposes of enforcement of the settlement.

*Woods,* which was brought on behalf of a number of individual tenants and
a community organization, addressed the failure of the City of Los Angeles
("City") and the Community Redevelopment Agency of Los Angeles
("CRA/LA") with respect to their obligations under disability nondiscrimination
and redevelopment law regarding the development of a particular project in Los
Angeles, the Alexandria Hotel.[1] This included, *inter alia,* claims under Section
504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), and Title II of the
Americans with Disabilities Act, (42 U.S.C. § 12101, *et seq.*).[2] Among other
things, the *Woods* matter alleged that the City and CRA/LA had failed to ensure
that the Alexandria, redevelopment of which was funded and overseen by the
CRA/LA, was accessible to its tenants with disabilities and provided reasonable
accommodations to its tenants with disabilities.

---

[1] *Woods* also included claims against the developer and property manager of that
project under the same statutes.

[2] Although the *Woods* matter involved additional causes of action, including claims
under redevelopment statutes, one main focus of the case was the disability
discrimination claims.

While *Woods* addressed the failures of the City and CRA/LA under disability nondiscrimination statutes in the context of a specific development, the instant matter addresses the City and CRA/LA's violation of these statutes by failing to ensure the accessibility of its projects on a city-wide basis.

For reasons stated below, Plaintiffs are requesting that the above captioned matter is transferred as a related case to the Court responsible for *Woods, et al., v. Alexandria Housing Partners, L.P., et al.*, and files this statement to comply with, and provide information about known cases as required under, Local Rule 83-1.3.

## I.   BRIEF FACTUAL STATEMENTS

On December 20, 2007, *Woods, et al., v. Alexandria Housing Partners, L.P., et al.*, was filed on behalf of a number of individual Plaintiffs and an organization to address the City and CRA/LA's funding and oversight of the purchase and redevelopment of the Alexandria Hotel while failing to regulate the developer and property manager as required by federal and state disability laws. In *Woods*, the City and CRA/LA failed to adopt relocation and replacement housing plans as required by state and federal law, failed to provide required tenant notices, and similarly failed to provide relocation assistance including comparable housing and relocation compensation to displaced Alexandria tenants. The City and CRA/LA further failed to ensure that the private entities that received City and CRA/LA funds to develop the Alexandria did not discriminate against the Alexandria tenants on the basis of disability. In addition to the violation of required tenant notices and relocation assistance and compensation, the *Woods* matter alleged that City and CRA stood by as the developer and management company for the Alexandria failed to provide reasonable accommodations and physically accessible units to tenants with disabilities, wrongfully ejected such tenants, and exposed such tenants to unsafe conditions. In sum, the case sought to redress

similar failures as alleged in this case, namely that the City and the CRA/LA funded and oversaw housing development projects without ensuring that those projects are accessible to people with disabilities.

The instant case alleges that the City and the CRA/LA have engaged in a pattern and practice of discrimination against people with disabilities in violation of Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act (the "ADA"), and California Government Code § 11135 by failing to ensure that apartment complexes built with federal housing and community development funds are accessible to people with disabilities and knowingly allocating millions of dollars in such funds to finance apartments throughout Los Angeles without ensuring that each complex is accessible. Moreover, this suit alleges that neither the City nor the CRA/LA has maintained policies, practices, or procedures to ensure that multifamily projects assisted with federal funds are accessible to people with disabilities or otherwise provide meaningful access to people with disabilities as required under civil rights law.

The Disability Rights Legal Center, one of Plaintiffs' counsel in the instant matter, also represented Plaintiffs in *Woods*. As a result of lengthy settlement negotiations, *Woods* was settled as of March 6, 2009, and dismissed by Judge Margaret Morrow of the Central District on March 9, 2009. Monitoring in *Woods* is ongoing until February 11, 2012, with Judge Margaret Morrow retaining jurisdiction until the end of the monitoring period pursuant to court order.[3]

This case, like *Woods*, alleges that Defendants City and CRA/LA violated the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Cal.

---

[3] The DRLC has continued to be involved in the monitoring of *Woods* throughout the settlement period, and in particular the physical accessibility modifications required by that settlement.

Gov. Code § 11135, and the Unruh Act. While *Woods* also had additional detailed claims regarding the very specific treatment of the Alexandria Hotel's tenants, those claims reflect the scope of the specific discrimination that occurred in that particular project. The instant case addresses these same issues more broadly, alleging the systemic failure of the City and CRA/LA to ensure that its projects are accessible to people with disabilities on a city-wide basis.

**III.   RELATION BETWEEN THIS CASE AND *WOODS*; REQUEST THAT THIS CASE BE TRANSFERRED AS A RELATED CASE**

Under Local Rule 83-1.3, two cases are "related" if they appear:

(a) To arise from the same or a closely related transaction, happening or event; or

(b) To call for determination of the same or substantially related or similar questions of law and fact; or

(c) For other reasons would entail substantial duplication of labor if heard by different judges; or

(d) To involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c is present.

The instant matter and *Woods* are directly related pursuant to subsection (a) a), (b) and (c). The failure of the City and the CRA/LA in the *Woods* case with respect to the disability nondiscrimination mandates is the same issue that the instant case addresses. The development of housing projects – and in particular those designed for low income individuals –without oversight and in blatant disregard for the rights of individuals with disabilities occurred both in the *Woods* case and is alleged in this case to have been an ongoing and consistent problem in all of the City and CRA/LA projects The transaction, or event, that led to the problems at the Alexandria is the same transaction or event that has been occurring on an ongoing basis with redevelopment projects across the city. The Alexandria remains one piece of the larger, systemic failure addressed in this lawsuit.

1       Both cases also include, or included, the private entities responsible for

2   partnering with the CRA and City in the construction and management of these

3   housing projects.[4]

4       Due to the fact that the instant case addresses a considerable overlap of the

5   same law and facts, it would understandably involve a substantial duplication of

6   labor for a new Judge to adjudicate the instant case.

7       Given the extent of the similarity between the cases, the Plaintiffs

8   respectfully request that the two cases be deemed related and further request that

9   the instant matter be transferred to the Honorable Margaret Morrow, who has

10  currently retained jurisdiction of the *Woods* case.

11  DATED:  January 13, 2012        DISABILITY RIGHTS LEGAL CENTER

12

13

14                                  By:_____

                                     Rebecca Craemer

                                     Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4] Plaintiffs in this matter have named the developers as nominal defendants.