1   **CARMEN A. TRUTANICH**, City Attorney, SBN: 86629x
    **CRAIG TAKENAKA**, Managing Assistant City Attorney, SBN: 12889
2   **MICHAEL IRWIN,** Deputy City Attorney, SBN: 81964
    200 North Main Street, 9th Floor, Rm. 916 City Hall East
3   Telephone: (213) 978-7966 / Facsimile:  (213) 978-7957
    Email: michael.irwin@lacity.org
4
5   Attorneys for Defendant and Cross-Claimant **CITY OF LOS ANGELES**
6
7                    **UNITED STATES DISTRICT COURT**
8            **CENTRAL DISTRICT COURT OF CALIFORNIA**
9
10  INDEPENDENT LIVING CENTER OF          )   Case No:  CV12-551 SJO(PJWx)
    SOUTHERN CALIFORNIA, a California non- )
11  profit corporation; FAIR HOUSING       )
    COUNCIL OF SAN FERNANDO VALLEY,        )
12  a California non-profit corporation; and )   **ANSWER OF DEFENDANT CITY OF LOS**
    COMMUNITIES ACTIVELY LIVING            )   **ANGELES TO PLAINTIFFS' COMPLAINT;**
13  INDEPENDENT AND FREE, a California      )   **CROSSCLAIM FOR INDEMNITY AND**
    non-profit corporation,                )   **CONTRIBUTION; DEMAND FOR JURY**
14                                          )
                    Plaintiff              )
15  vs.                                     )
                                            )
16                                          )
    CITY OF LOS ANGELES, CALIFORNIA;        )
17  California municipal corporation;       )
    COMMUNITY REDEVELOPMENT                 )
18  AGENCY OF THE CITY OF LOS               )
    ANGELES; et. al.                        )
19                  Defendants              )
                                            )
20  CITY OF LOS ANGELES, a municipal        )
    corporation                             )
21                  Crossclaimant,          )
                                            )
22  vs.                                     )
                                            )
23  COMMUNITY REDEVELOPMENT                 )
    AGENCY OF THE CITY OF LOS               )
24  ANGELES.                                )
                                            )
25                                          )
                    Crossdefendant.         )
26                                          )
27
    ///
28

                                  1

Defendant CITY OF LOS ANGELES (hereafter "CITY") hereby files its answer to the complaint (hereafter "Complaint") of Plaintiffs INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA, a California non-profit corporation; FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY, a California non-profit corporation; and COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE, a California non-profit corporation (hereafter "Plaintiffs") and its crossclaim for indemnity and contribution.

1.      In answer to paragraph 1 of the Complaint, CITY admits Plaintiffs make the claims stated but asserts and alleges that the Community Redevelopment Agency of the City of Los Angeles is an entity wholly separate and apart from CITY.

2.      In answer to paragraph 2 of the Complaint, CITY admits that Plaintiffs so allege but denies that it has engaged in any such discrimination as to Plaintiffs or anyone.

3.      In answer to paragraph 3 of the Complaint, CITY denies the allegations therein.

4.      In answer to paragraphs 4 and 5 of the Complaint, CITY lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

5.      In answer to paragraph 6 of the Complaint, CITY admits that Plaintiffs so allege.

6.      In answer to paragraphs 7 and 8 of the Complaint, CITY lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

7.      In answer to paragraph 9 of the Complaint, CITY admits that Plaintiffs so allege but denies that it has engaged in any discrimination as to Plaintiffs or anyone.

8.      In answer to paragraphs 10 and 11 of the Complaint, CITY lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

9.      In answer to paragraphs 12 and 13 of the Complaint, CITY admits that Plaintiffs so allege.

10.     In answer to paragraph 14 of the Complaint, CITY denies the allegations therein.

///

2

11.     In answer to paragraphs 15, 16 and 17 of the Complaint, CITY admits that Plaintiffs so allege but denies that CITY has any involvement in or any responsibility for any claimed violations of law.

12.     In answer to paragraph 18 of the Complaint, CITY admits venue is properly alleged.

13.     In answer to paragraphs 19, 20 and 21 of the Complaint, CITY lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

14.     In answer to paragraph 22 of the Complaint, CITY admits that Plaintiffs so allege.

15.     In answer to paragraphs 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57 and 58 of the Complaint, CITY lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

16.     In answer to paragraph 59 of the Complaint, CITY admits that it receives federal funds from various sources.

17.     In answer to paragraph 60 of the Complaint, City admits that in the past it has served as conduit providing some federal funds for purposes of developing affordable housing.

18.     In answer to paragraphs 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76 and 77 of the Complaint, CITY lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief. Additionally, CITY denies any involvement in or any responsibility for any claimed violations of law as to Plaintiffs or anyone.

19.     In answer to paragraphs 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88 and 89, CITY denies the allegations. Additionally, CITY denies any involvement in or any responsibility for any claimed violations of law as to Plaintiffs or anyone.

20.     In answer to paragraph 90 of the Complaint, CITY reasserts and realleges its foregoing answers to paragraphs 1 through 89 of the Complaint as though fully set forth at length herein.

21.     In answer to paragraphs 91, 92, 93, 94, 95 and 96 of the Complaint, CITY lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

3

22. In answer to paragraph 97 of the Complaint, CITY denies the allegations therein.

23. In answer to paragraph 98 of the Complaint, CITY reasserts and realleges its foregoing answers to paragraphs 1 through 97 of the Complaint as though fully set forth at length herein.

24. In answer to paragraphs 99, 10, 101, 102 and 103 of the Complaint, CITY lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

25. In answer to paragraph 104 of the Complaint, CITY denies the allegations therein.

26. In answer to paragraph 105 of the Complaint, CITY reasserts and realleges its foregoing answers to paragraphs 1 through 104 of the Complaint as though fully set forth at length herein.

27. In answer to paragraphs 106 and 107 of the Complaint, CITY lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

28. In answer to Plaintiffs' prayer for relief, CITY denies Plaintiffs are entitled to any relief, damages or attorneys' fees as pled or otherwise or at all.

29. All allegations not specifically admitted or denied are herein denied.

### FIRST AFFIRMATIVE

30. The Complaint for damages fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

31. The Complaint, and each purported claim for relief alleged in the Complaint, is barred whole or in part because the services, programs and activities in question in this action, when viewed in their entirety, are accessible to persons with disabilities.

### THIRD AFFIRMATIVE DEFENSE

32. The Complaint, and each purported claim for relief alleged in the Complaint, is barred in whole or in part because the CITY has provided reasonable access to its services, programs and activities.

### FOURTH AFFIRMATIVE DEFENSE

33. The Complaint, and each purported claim for relief alleged in the Complaint, is barred in whole or in part on the ground and to the extent that Plaintiffs' requested modifications of policies,

4

practices or procedures unreasonable and/or unnecessary to avoid discrimination on the basis of disability.

### FIFTH AFFIRMATIVE DEFENSE

34.    The Complaint, and each purported claim for relief alleged in the Complaint, is barred in whole or in part because City has completely or substantially complied with all applicable requirements.

### SIXTH AFFIRMATIVE DEFENSE

35.    The Complaint, and each purported claim for relief alleged in the Complaint, is barred in whole or in part because City is not obligated to provide the accessibility alleged in the Complaint to the extent that the facilities at issue were constructed and/or modified before the effective date of any law or regulation requiring the existence of accessibility.

### SEVENTH AFFIRMATIVE DEFENSE

36.    The Complaint, and each purported claim for relief alleged in the Complaint, is barred in whole or in part on the g round and to the extent that the relief sought by Plaintiffs would result in an undue financial or administrative burden.

### EIGHTH AFFIRMATIVE DEFENSE

37.    The Complaint, and each purported claim for relief alleged in the Complaint, is barred in whole or in part because Plaintiffs' injury or injuries, if any, was/were caused by third parties acting outside the scope of agency, employment or control of CITY, including without limitation third parties who own or control the properties on which Plaintiffs seeks remediation or third parties who own or control adjoining property.

### NINTH AFFIRMATIVE DEFENSE

38.    Plaintiff is not entitled to the injunctive relief sought against CITY as they have failed to join necessary parties to the action to effect such relief, including without limitation third parties who own or control the property on which Plaintiffs seek remediation or third parties who own or control adjoining property.

### TENTH AFFIRMATIVE DEFENSE

39.    CITY alleges that any injuries sustained by Plaintiffs were either wholly or in part negligently caused by person, firms, corporations or entities other than this answering Defendant and

---

1  that this negligence is either imputed to Plaintiffs by reason of the relationship of said parties to

2  Plaintiffs and/or this negligence comparatively reduces the percentage of negligence, if any, by CITY.

3  **ELEVENTH AFFIRMATIVE DEFENSE**

4  40.    As to the federal claims and theories of relief, CITY is protected from liability under the

5  doctrine of qualified immunity in that CITY's conduct did not violate clearly established statutory or

6  constitutional rights of which a reasonable person would have known.

7  **TWELFTH AFFIRMATIVE DEFENSE**

8  41.    Plaintiffs' claims for injunctive relief against CITY fail to state a claim upon which relief

9  may be granted in that Plaintiffs are unlikely to prevail on the merits.

10  **THIRTEENTH AFFIRMATIVE DEFENSE**

11  42.    Plaintiffs are not entitled to the relief sought in the Complaint because, as to the persons

12  Plaintiffs purport to represent were permitted to the use and enjoyment of the facilities and services,

13  programs and activities in question and were not denied or interfered with by CITY or by any other

14  party.

15  **FOURTEENTH AFFIRMATIVE DEFENSE**

16  43.    Plaintiffs' claims for relief are barred on the ground and to the extent that CITY has not

17  violated any applicable federal, state or municipal disability access laws.

18  **FIFTEENTH AFFIRMATIVE DEFENSE**

19  44.    Plaintiffs are not entitled to bring and/or recover on their Complaint because they have

20  failed to discharge each of the conditions precedent to suit, including without limitation by failing to file

21  a claim in accordance with Sections 910 and 945.4 of the California Government Code.

22  **SIXTEENTH AFFIRMATIVE DEFENSE**

23  45.    With respect to each and every allegation in the Complaint, as they relate to the request

24  for a preliminary injunction, such an injunction is not appropriate because: (a) there is no imminent

25  threat of irreparable injury; (b) there is no likelihood of prevailing on the merits; and (c) the balancing of

26  competing interests weigh in CITY's favor.

27  ///

28  ///

6

### SEVENTEENTH AFFIRMATIVE DEFENSE

46.　　Plaintiffs' prayer for injunctive relief is moot and/or will be by the time this matter is adjudicated.

### EIGHTEENTH AFFIRMATIVE DEFENSE

47.　　Plaintiffs lack standing to seek some or all of the injunctive relief sought in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

48.　　The Complaint, and each purported claim for relief alleged in the Complaint, are barred to the extent that it relies on events that occurred before the period captured by the running of the applicable statute of limitations.

### TWENTIETH AFFIRMATIVE DEFENSE

49.　　The Complaint is barred to the extent the alleged violations of law are excused or justified under the statutes under which Plaintiffs have sued.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

50.　　The Complaint, and each purported claim for relief alleged in the Complaint, fails because Plaintiffs have waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

51.　　Plaintiffs claims are barred on the ground and to the extent that Plaintiffs have suffered no injury in fact with respect to the facts alleged in the Complaint.

### TWENTH-THIRD AFFIRMATIVE DEFENSE

52.　　Plaintiffs are barred from recovering monetary damages to the extent that they failed to mitigate, and failed to reasonably attempt to mitigate, their damages as required by law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

53.　　Plaintiffs are not entitled to recover attorneys' fees from CITY as alleged in the Complaint.  In the alternative, to the extent that Plaintiffs are entitled to recover attorneys' fees and costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

7

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

54.     Plaintiffs are not entitled to recover attorneys' fees for failure to satisfy the necessary elements of prevailing on a claim for attorneys' fees under the statutes alleged.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

55.     The Complaint, and each purported claim for relief alleged in the Complaint, is barred because granting the relief sought by Plaintiff would constitute or result in a fundamental alteration in the nature of any funding offered by CITY.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

56.     The Complaint, and each purported claim for relief alleged in the Complaint, is barred to the extent the relief sought by Plaintiffs would purport to vest the judiciary with the power, right or ability to expend public funds and/or deprive the CITY's legislative branch of the right to exercise its discretion to expend public funds.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

57.     The Complaint, and each purported claim for relief alleged in the Complaint, is barred on the grounds and to the extent that it seeks a gift of public funds for a private purpose in violation of the California Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

58.     CITY is immune from liability to Plaintiffs' claims in this action to the full extent mandated by Section 815 of the California Government Code.

## THIRTIETH AFFIRMATIVE DEFENSE

59.     CITY is immune from liability to Plaintiffs' claims in this action to the full extent mandated by Section 815.2 of the California Government Code.

## THIRTY- FIRST AFFIRMATIVE DEFENSE

60.     CITY is immune from liability to Plaintiffs' claims in this action to the full extent mandated by Section 815.6 of the California Government Code.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

61.     Plaintiffs' prayer for damages above and beyond actual, compensatory damages is barred on the ground that any such award would violate Section 818 of the California Government Code.

Defendant City of Los Angeles' Answer and Crossclaim; Jury demand

### THIRTY-THIRD AFFIRMATIVE DEFENSE

62.     The Complaint, and each purported claim for relief alleged in the Complaint, is barred on the ground and to the extent that it seeks to impose liability or secure relief for an injury caused by CITY's adopting or failing to adopt an enactment or by failing to enforce any law in violation of Section 818.2 of the California Government Code.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

63.     Pursuant to Section 820.2 of the California Government Code, Plaintiffs' Complaint is barred to the extent it seeks relief, for any injury resulting from any individual's act or omission resulting from the exercise of the discretion vested in such individual by virtue of his or her respective office.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

64.     Pursuant to Section 820.4 of the California Government Code, any individuals employed by CITY are immune from liability, and Plaintiffs' Complaint is barred to the extent it seeks relief, for any injury resulting from any individual's act or omission, exercising due care, in the execution or enforcement of any law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

65.     Pursuant to Section 820.8 of the California Government Code, CITY is immune from liability, and Plaintiffs' Complaint is barred to the extent it seeks relief, for any injury resulting from CITY's employees' acts or omissions resulting from the act or omission of any third party.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

66.     Pursuant to Section 820.9 of the California Government Code, CITY is immune from liability, and Plaintiffs' Complaint is barred to the extent it seeks relief, for any injury caused by the act or omission of the CITY or any other public entity or advisory body.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

67.     Pursuant to Section 820.9 of the California Government Code, CITY is immune from liability, and Plaintiffs' Complaint is barred to the extent it seeks relief, for any injury caused by the adoption or failure to adopt an enactment or by the failure to enforce an enactment.

///

9

## THIRTY-NINTH AFFIRMATIVE DEFENSE

68.     The relief sought by Plaintiffs is barred as violative of the Tenth Amendment to the United States Constitution as an unfunded mandate of Congress that unlawfully and improperly usurps legislative, taxing and fiscal powers left to the States and their instrumentalities, including with limitation the CITY and its duly-elected and duly-appointed officers.

## FORTIETH AFFIRMATIVE DEFENSE

69.     The relief sought by Plaintiffs is barred on the ground and to the extent that it exceeds the powers vested in Congress under Article I, Section 8 of the United States Constitution to regulate interstate commerce.

## FORTY-FIRST AFFIRMATIVE DEFENSE

70.     Plaintiffs are barred from maintaining this action by the principles of estoppel and/or res judicata.

## FORTY-SECOND AFFIRMATIVE DEFENSE

71.     Plaintiffs are barred from maintaining this action because the action is barred by the applicable statutes of limitations.

## FORTY-THIRD AFFIRMATIVE DEFENSE

72.     The action is barred by failure to exhaust administrative remedies.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

73.     The equitable action is barred by the doctrine of unclean hands.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

74.     CITY alleges that Plaintiffs' Complaint fails to allege facts sufficient to constitute a claim for punitive damages or exemplary damages in any amount or amounts whatsoever or at all.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

75.     Plaintiffs' Complaint is replete with allegations that are vague, argumentative, and conclusory in nature and require no responsive pleadings under the Federal Rules of Civil Procedure. All such allegations are denied.

///

///

10

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

76.     The injuries and damages Plaintiffs complain of, if any, resulted from the acts and/or omissions of others, and without any fault on the part of CITY.

### FORTY EIGHTH AFFIRMATIVE DEFENSE

77.     CITY is not required to undertake the alteration of existing facilities or construction of new facilities sought by Plaintiffs as such actions would result in undue financial and administrative burdens.

### FORTY NINTH AFFIRMATIVE DEFENSE

78.     All actions of CITY, or their employees, agents or representatives were undertaken in good faith and with the reasonable belief that said actions were valid, necessary and constitutionally proper.

### FIFTIETH AFFIRMATIVE DEFENSE

79.     CITY acts were privileged under applicable statutes and case law.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

80.     Plaintiffs' claims are barred, in whole or part, by the doctrine of waiver.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

81.     Some or all of Plaintiffs' claims are moot.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

82.     Plaintiffs' claims herein are precluded due to their impermissibly splitting their claims and causes of action into multiple litigations.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

83.     CITY, at all times, acted in good faith, without malice and under the reasonable belief that its actions were lawful.  Accordingly, CITY is entitled to qualified immunity herein.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

84.     CITY is immune from liability as there is no duty to enforce the law.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

85.     No punitive damages can be recovered as to CITY.

///

Defendant City of Los Angeles' Answer and Crossclaim; Jury demand

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

86.     CITY is immune from liability pursuant to the provisions of each of the following California statutes, including but not limited to, Government Code Sections 815, 815.2, 818, 818.2 818.8, 820.2, 820.8, 821.4, and 822.2.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

87.     There exist legitimate non-discriminatory reasons for the alleged acts of which Plaintiffs complain.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

88.     The alleged acts of which Plaintiffs complain were based on reasonable factors other than Plaintiff's race, national origin, disability, ethnicity or any other protected category under the ADA or any other State or Federal Civil Rights Law.

### SIXIETH AFFIRMATIVE DEFENSE

89.     CITY's acts with respect to Plaintiffs, if any, were privileged or otherwise justified, as such activities were proper, fair and legitimate business activities, and/or business related reasons and were neither arbitrary, capricious, nor unlawful, but were undertaken to protect CITY's economic interest and/or relations.

### SIXTY-FIRST AFFIRMATIVE DEFENSE

90..    The injuries and damages of which Plaintiffs complain, and for which they seek recover if any, were the result of causes independent of any purported acts or omissions on the part of CITY, which causes operated as intervening and superseding causes, thereby cutting off any liability on the part of CITY.

### SIXTY-SECOND AFFIRMATIVE DEFENSE

91.     Plaintiffs lack standing to assert a private right of action against CITY for the injuries and damages complained of in that CITY acted as a mere conduit providing some federal funds to CRA/LA, which may or may not have been utilized with respect to any of the properties referred to in the Complaint.

### SIXTY-THIRD AFFIRMATIVE DEFENSE

92.     CITY is informed and believes and thereon alleges that as to each alleged claim for relief,

1   Plaintiffs' Complaint is barred as the requested relief would constitute an undue hardship on CITY
2   and/or other defendants herein.

3                            **SIXTY-FOURTH AFFIRMATIVE DEFENSE**

4          93.    CITY presently has insufficient knowledge or information upon which to form a belief as
5   to whether it may have additional as yet unknown affirmative defenses.  CITY reserves the right to
6   assert additional affirmative defenses in the event discovery indicates same would be appropriate.

7

8   **CROSSCLAIM AGAINST COMMUNITY REDEVELOPMENT AGENCY OF THE**
    **CITY OF LOS ANGELES FOR CONTRIBUTION AND INDEMNITY**
9          94.    The court has supplemental jurisdiction of this crossclaim because it arises out of the
10  same transactions and occurrences alleged in Plaintiffs' Complaint so as to form part of the same case or
11  controversy within the meaning of Article III of the United States Constitution.
12         95.    Cross-claimant CITY OF LOS ANGELES is entitled to contribution toward or indemnity
13  from crossdefendant for any liability and damages that may be found to exist to Plaintiffs in this action
14  as a result of the allegations in plaintiffs' Complaint.
15         96.    The basis for the contribution and indemnity are that the crossdefendant is wholly
16  responsible or responsible in part for the injuries and damages alleged by Plaintiffs in the Complaint
17  and/or that crossdefendant has executed contracts or other written agreements with CITY or with respect
18  to which CITY is a beneficiary.  Such contracts or agreements provide that crossdefendant is to
19  indemnify and hold harmless CITY from the injuries and damages sought by Plaintiffs herein.
20         97.    By virtue of this crossclaim, CITY contends that the sole or, in the alternative, a
21  substantial proximate cause of the Plaintiffs' injuries and damages was the conduct of the
22  crossdefendant and its agents, servants and employees and not any action, omission or conduct of CITY.
23         98.    Therefore, under general equitable principles and/or the law of contractual indemnity,
24  CITY is entitled to indemnity, or in the alternative, to contribution from crossdefendant for its respective
25  share of the responsibility for the injuries or damages to plaintiffs as determined by a trier of fact.
26  ///
27  ///
28  ///
    ///

13

## JURY DEMAND

CITY hereby demands trial by jury.

## PRAYER

WHEREFORE Defendant and Crossclaimant CITY prays for relief as follows:

1.      That Plaintiffs take nothing by reason of her Complaint for damages;

2.      That judgment be entered in favor of Defendant CITY;

3.      That no declaratory or injunctive relief be granted Plaintiffs;

4.      That Defendant CITY be awarded its costs of suit herein;

5.      That if any judgment is entered in this action against CITY, that crossdefendant be held solely responsible for Plaintiffs' injuries and damages and that CITY recover from and be indemnified by crossdefendant or, in the alternative, that CITY have judgment over against crossdefendant for contribution according to its respective percentage of responsibility determined by the trier of fact.

6.      For such other and further relief as the Court deems just and proper.


Dated: February 29, 2012        CARMEN A. TRUTANICH, City Attorney
                                CRAIG TAKENAKA, Managing Assistant City Attorney
                                MICHAEL IRWIN, Deputy City Attorney


                                By _____
                                    Michael Irwin
                                    Deputy City Attorney

                                Attorneys for Defendant and Crossclaimant

                                CITY OF LOS ANGELES

14

**PROOF OF SERVICE -- (VIA VARIOUS METHODS)**

I, the undersigned, say:  I am over the age of 18 years and not a party to the within action or proceeding.  My business address is 916 City Hall East, 200 North Main Street, Los Angeles, California 90012.

On **February 29, 2012**, I served the foregoing document described as:

**ANSWER OF DEFENDANT CITY OF LOS ANGELES TO PLAINTIFF'S COMPLAINT;
CROSSCLAIM FOR INDEMNITY AND CONTRIBUTION; DEMAND FOR JURY**

on all interested parties in this action by placing copies thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

**CASE NO. CV12-551 SJO (PJWx)**

[ ]   BY MAIL - I deposited such envelope in the mail at Los Angeles, California, with first class postage thereon fully prepaid.  I am readily familiar with the business practice for collection and processing of correspondence for mailing.  Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit; and/ or

[ ]   BY PERSONAL SERVICE - (  ) I delivered by hand, or (  ) I caused to be delivered via messenger service, such envelope to the offices of the addressee with delivery time prior to 5:00 p.m. on the date specified above.

[ ]   BY FACSIMILE TRANSMISSION - I caused the document to be transmitted to the offices of the addressee via facsimile machine at telephone number on the date and time specified on the Transmission Report.   The document was sent by fax from telephone number (213) _____ and the transmission was reported complete and without error.  A true copy of the Transmission Report is attached to the mailed or personal or both proof(s) of service.

[ ]   BY OVERNIGHT COURIER - I deposited such envelope in a regularly maintained overnight courier parcel receptacle prior to the time listed thereon for pick-up.   Hand delivery was guaranteed by the next business day.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on **February 29, 2012**, at Los Angeles, California.

LAURA FIERRO

15

## SERVICE LIST

1

2  MICHAEL G. ALLEN
   RELMAN, DANE & COLFAX Pllc
3  1225 19th Street NW, Ste. #600
   Washington, DC 20036
4

5  D. SCOTT CHANG
   RELMAN, DANE & COLFAX, Pllc
6  1225 19th Street NW, Ste. #600
   Washington, DC 20036
7

8  REBECCA ANNE CRAEMER
   DISABILITY RIGHTS LEGAL CENTER
9  800 S. Figueroa Street, Ste. 1120
   Los Angeles, CA 90017
10

11 JAMIE L. CROOK
   RELMAN, DANE & COLFAX, Pllc
12 1225 19th Street NW, Ste. #600
   Washington, DC 20036
13

14 AUTUMN M. ELLIOTT
   DISABILITY RIGHTS CALIFORNIA
15 3580 Wilshire Blvd., Ste. 902
   Los Angeles, CA 90010-2512
16

17 DAVID GRANT GEFFEN
   DAVID GEFFEN LAW FIRM
18 530 Wilshire Blvd., Ste. 205
   Santa Monica, CA 90401
19

20 SHAWNA L. PARKS
   DISABILITY RIGHTS CALIFORNIA LEGAL CENTER
21 800 S. Figueroa Street, Ste. 1120
   Los Angeles, CA 90017
22

23 PAULA D. PEARLMAN
   DISABILITY RIGHTS CALIFORNIA LEGAL CENTER
24 800 S. Figueroa Street, Ste. 1120
   Los Angeles, CA 90017
25

26 DARA L. SCHUR
   DISABILITY RIGHTS CALIFORNIA
27 1330 Broadway, Ste. 500
   Oakland, CA 94612
28

Defendant City of Los Angeles' Answer and Crossclaim; Jury demand