1  Kimberly E. Colwell, Esq. (SBN: 127604)
   kcolwell@meyersnave.com
2  Kevin E. Gilbert, Esq. (SBN: 209236)
   kgilbert@meyersnave.com
3  MEYERS, NAVE, RIBACK, SILVER & WILSON
   555 12th Street, Suite 1500
4  Oakland, CA  94607
   Telephone: (510) 808-2000
5  Facsimile: (510) 444-1108

6  Attorneys for Defendant
   COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10 INDEPENDENT LIVING CENTER OF          Case No:  12-CV-551 SJO (PJWx)
   SOUTHERN CALIFORNIA, a California
11 non-profit corporation; FAIR HOUSING
   COUNCIL OF SAN FERNANDO             **DEFENDANT COMMUNITY
12 VALLEY, a California non-profit       REDEVELOPMENT AGENCY OF
   corporation; and COMMUNITIES         THE CITY OF LOS ANGELES'
13 ACTIVELY LIVING INDEPENDENT          ANSWER TO PLAINTIFFS'
   AND FREE, a California non-profit     COMPLAINT AND DEMAND FOR
14 corporation,                         JURY TRIAL**

15                 Plaintiffs,

16 v.

17 CITY OF LOS ANGELES, CALIFORNIA,
   a California municipal corporation;
18 COMMUNITY REDEVELOPMENT
   AGENCY OF THE CITY OF LOS
19 ANGELES; 12129 EL DORADO
   AVENUE, L.P., a California limited
20 partnership; ADAMS 935, L.P., a California
   limited partnership; ALEXANDRIA
21 HOUSE APARTMENTS, LP, a California
   limited partnership; ARDMORE 959
22 PARTNERS, L.P., a California limited
   partnership; ASTURIAS SENIOR
23 APARTMENTS, L.P., a California limited
   partnership; B S BROADWAY VILLAGE
24 II, L.P., a California limited partnership;
   BRONSON COURT APARTMENTS, L.P.,
25 a California limited partnership;
   CANTABRIA SENIOR APARTMENTS,
26 L.P., a California limited partnership;
   CARONDELET COURT PARTNERS,
27 L.P., a California limited partnership;
   CENTRAL VILLAGE APARTMENTS,
28 L.P., a California limited partnership;
   CFLT-2618 WEST 7th STREET, LLC, a

---

Delaware limited liability company;
CHARLES COBB APARTMENTS, L.P., a
California limited partnership; DECRO
ORION APARTMENTS, L.P., a California
limited partnership; DECRO OSBORNE
APARTMENTS, L.P., a California limited
partnership; ESPERANZA COMMUNITY
HOUSING CORPORATION, a California
corporation; EUGENE HOTEL, L.P., a
California limited partnership; FAME
WEST 25th STREET, L.P., a California
limited partnership; HART VILLAGE, L.P.,
a California limited partnership; HOBART
HEIGHTS PARTNERS, L.P., a California
limited partnership; HOOVER SENIORS,
L.P., a California limited partnership;
IMANI FE, LP, a California limited
partnership; MORGAN PLACE, L.P., a
California limited partnership; NEW
TIERRA DEL SOL, L.P., a California
limited partnership; P G HOUSING
PARTNERS, L.P., a California limited
partnership; PALM VILLAGE SENIOR
HOUSING CORP., a California
corporation; PENNY LANE CENTERS, a
California corporation; REDROCK NOHO
RESIDENTIAL, LLC, a Delaware limited
liability company; RITTENHOUSE
LIMITED PARTNERSHIP, a California
limited partnership; SF NO HO LLC, a
California limited liability company;
VERMONT SENIORS, a California
corporation; VIEWS AT 270, L.P., a
California limited partnership; WA COURT,
L.P., a California limited partnership; WA
COURT, L.P., a California limited
partnership; WATTS/ATHENS
PRESERVATION XVII, L.P., a California
limited partnership; and YALE TERRACE
APARTMENTS, a California limited
partnership,

                    Defendants.

Defendant COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES (hereinafter "CRA/LA") hereby files it's Answer to Plaintiffs' Complaint.

## INTRODUCTION

1.      In answer to paragraph 1 of the Complaint, CRA/LA admits that Plaintiffs make the claims stated therein.

2.      In answer to paragraph 2 of the Complaint, CRA/LA admits that Plaintiffs make the claims stated therein, but denies that said claims have any merit as to this answering Defendant.

3.      In answer to paragraph 3 of the Complaint, CRA/LA denies the allegations therein based on information and belief.

4.      In answer to paragraph 4 of the Complaint, CRA/LA admits that they have received federal funding for use in developing affordable housing.

5.      In answer to paragraph 5 of the Complaint, CRA/LA denies the allegations therein on information and belief.

6.      In answer to paragraph 6 of the Complaint, CRA/LA contends that the laws on which Plaintiffs rely in making the allegations are not included in the pleading and therefore the allegations are vague and ambiguous.  It is on this basis that this answering Defendant lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

7.      In answer to paragraph 7 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

8.      In answer to paragraph 8 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

///

///

9.     In answer to paragraph 9 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

10.     In answer to paragraph 10 of the Complaint, CRA/LA denies the allegations therein as to itself and as to the other Defendants based on information and belief.

11.     In answer to paragraph 11 of the Complaint, CRA/LA denies the allegations therein based on a lack of information and belief.

12.     In answer to paragraph 12 of the Complaint, CRA/LA denies the allegations therein based on information and belief.

13.     In answer to paragraph 13 of the Complaint, CRA/LA contends that the laws on which Plaintiffs rely in making the allegations are not included in the pleading and therefore the allegations are vague and ambiguous.  It is on this basis that this answering Defendant lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

14.     In answer to paragraph 14 of the Complaint, CRA/LA denies the allegations therein as to itself and as to the other Defendants based on information and belief.

## JURISDICTION

15.     In answer to paragraph 15 of the Complaint, CRA/LA admits this Court has jurisdiction over the claims alleged in the Complaint.

16.     In answer to paragraph 16 of the Complaint, CRA/LA admits the Court has pendant jurisdiction.

17.     In answer to paragraph 17 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

///

2

## VENUE

18.    In answer to paragraph 18 of the Complaint, CRA/LA admits that the venue is proper.

## PARTIES

19.    In answer to paragraph 19 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

20.    In answer to paragraph 20 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

21.    In answer to paragraph 21 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

22.    In answer to paragraph 22 of the Complaint, CRA/LA admits the allegations therein based on information and belief.

23.    In answer to paragraph 23 of the Complaint, CRA/LA denies the allegations therein based on information and belief.

24.    In answer to paragraph 24 of the Complaint, CRA/LA denies the allegations therein based on information and belief.

## NOMINAL DEFENDANTS

25.    In answer to paragraph 25 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

26.    In answer to paragraph 26 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

///

///

27.     In answer to paragraph 27 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

28.     In answer to paragraph 28 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

29.     In answer to paragraph 29 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

30.     In answer to paragraph 30 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

31.     In answer to paragraph 31 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

32.     In answer to paragraph 32 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

33.     In answer to paragraph 33 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

34.     In answer to paragraph 34 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

35     In answer to paragraph 35 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

///

Defendant Community Redevelopment Agency of the City of Los Angeles' Answer to Plaintiffs' Complaint; Demand for Jury Trial [12-CV-551 SJO (PJWx)]

36.     In answer to paragraph 36 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

37.     In answer to paragraph 37 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

38.     In answer to paragraph 38 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

39.     In answer to paragraph 39 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

40.     In answer to paragraph 40 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

41.     In answer to paragraph 41 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

42.     In answer to paragraph 42 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

43.     In answer to paragraph 43 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

44.     In answer to paragraph 44 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

///

Defendant Community Redevelopment Agency of the City of Los Angeles' Answer to Plaintiffs' Complaint; Demand for Jury Trial [12-CV-551 SJO (PJWx)]

45.     In answer to paragraph 45 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

46.     In answer to paragraph 46 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

47.     In answer to paragraph 47 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

48.     In answer to paragraph 48 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

49.     In answer to paragraph 49 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

50.     In answer to paragraph 50 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

51.     In answer to paragraph 51 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

52.     In answer to paragraph 52 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

53.     In answer to paragraph 53 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

///

Defendant Community Redevelopment Agency of the City of Los Angeles' Answer to Plaintiffs' Complaint; Demand for Jury Trial [12-CV-551 SJO (PJWx)]

54.   In answer to paragraph 54 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

55.   In answer to paragraph 55 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

56.   In answer to paragraph 56 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

57.   In answer to paragraph 57 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

58.   In answer to paragraph 58 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

## FACTS

59.   In answer to paragraph 59 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

60.   In answer to paragraph 60 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

61.   In answer to paragraph 61 of the Complaint, CRA/LA lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

62.   In answer to paragraph 62 of the Complaint, CRA/LA contends that the laws on which Plaintiffs rely in making the allegations are not included in the pleading and therefore the allegations are vague and ambiguous.  It is on this basis that this

answering Defendant lacks sufficient information to admit or deny the allegations therein and on that basis denies the allegations based on a lack of information and belief.

63.     In answer to paragraph 63 of the Complaint, CRA/LA admits it has certain obligations and that it's policy in 2005 was as stated.

64.     In answer to paragraph 64 of the Complaint, CRA/LA admits that they have received federal funding for use in developing affordable housing.

65.     In answer to paragraph 65 of the Complaint, CRA/LA contends the allegations therein are vague and ambiguous such that this answering Defendant is unable to admit or deny the allegations therein.

66.     In answer to paragraph 66 of the Complaint, CRA/LA denies the allegations therein based on a lack of information and belief.

67.     In answer to paragraph 67 of the Complaint, CRA/LA denies the allegations therein based on information and belief.

68.     In answer to paragraph 68 of the Complaint, CRA/LA denies the allegations therein as to itself and denies the allegations therein on a lack of information and belief as to any other Defendant.

69.     In answer to paragraph 69 of the Complaint, CRA/LA denies the allegations therein as to itself and denies the allegations therein on a lack of information and belief as to any other Defendant.

70.     In answer to paragraph 70 of the Complaint, CRA/LA denies the allegations therein as to itself and denies the allegations therein on a lack of information and belief as to any other Defendant.

71.     In answer to paragraph 71 of the Complaint, CRA/LA contends the allegations of this paragraph are vague and ambiguous and based thereon this answering Defendant is unable to admit or deny the allegations and on that basis denies the allegations therein as to itself and denies the allegations therein on a lack of information and belief as to any other Defendant.

72.     In answer to paragraph 72 of the Complaint, CRA/LA contends the allegations of this paragraph are vague and ambiguous and based thereon this answering Defendant is unable to admit or deny the allegations and on that basis denies the allegations therein as to itself and denies the allegations therein on a lack of information and belief as to any other Defendant.

73.     In answer to paragraph 73 of the Complaint, CRA/LA denies the allegations therein based on a lack of information and belief.

74.     In answer to paragraph 74 of the Complaint, CRA/LA denies the allegations therein based on a lack of information and belief.

75.     In answer to paragraph 75 of the Complaint, CRA/LA denies the allegations therein based on a lack of information and belief.

76.     In answer to paragraph 76 of the Complaint, CRA/LA denies the allegations therein based on a lack of information and belief.

77.     In answer to paragraph 77 of the Complaint, CRA/LA denies the allegations therein based on a lack of information and belief.

## INJURY TO PLAINTIFFS

78.     In answer to paragraph 78 of the Complaint, CRA/LA denies the allegations therein based on a lack of information and belief.

79.     In answer to paragraph 79 of the Complaint, CRA/LA denies the allegations therein based on information and belief.

80.     In answer to paragraph 80 of the Complaint, CRA/LA denies the allegations therein based on information and belief as to itself and on a lack of information and belief as to any other Defendant.

81.     In answer to paragraph 81 of the Complaint, CRA/LA denies the allegations therein based on information and belief as to itself and on a lack of information and belief as to any other Defendant.

///

///

9

82.    In answer to paragraph 82 of the Complaint, CRA/LA denies the allegations therein as to itself and on a lack of information and belief as to any other Defendant.

83.    In answer to paragraph 83 of the Complaint, CRA/LA denies the allegations therein based on information and belief as to itself and on a lack of information and belief as to any other Defendant.

84.    In answer to paragraph 84 of the Complaint, CRA/LA denies the allegations therein as to itself and on a lack of information and belief as to any other Defendant.

85.    In answer to paragraph 85 of the Complaint, CRA/LA denies the allegations therein as to itself and on information and belief as to any other Defendant.

86.    In answer to paragraph 86 of the Complaint, CRA/LA denies the allegations therein as to itself and on a lack of information and belief as to any other Defendant.

87.    In answer to paragraph 87 of the Complaint, CRA/LA denies the allegations therein as to itself and on a lack of information and belief as to any other Defendant.

88.    In answer to paragraph 88 of the Complaint, CRA/LA denies the allegations therein as to itself and on a lack of information and belief as to any other Defendant.

89.    In answer to paragraph 89 of the Complaint, CRA/LA denies the allegations therein as to itself and on a lack of information and belief as to any other Defendant.

## **FIRST CLAIM FOR RELIEF**

90.    In answer to paragraph 90 of the Complaint, CRA/LA realleges its answers to paragraphs 1 through 89 above as though fully set forth herein.

///

///

91.     In answer to paragraph 91 of the Complaint, CRA/LA admits the allegations therein as to itself and denies the allegations based on a lack of information and belief as to all other Defendants.

92.     In answer to paragraph 92 of the Complaint, CRA/LA admits that the quotation is accurate.

93.     In answer to paragraph 93 of the Complaint, CRA/LA contends that the paragraph is vague and ambiguous in the manner in which it purports to summarize a very broad legal principal without quoting the sections that it referrers to.  Subject to the vagaries of the paragraph, this answering Defendant is unable to admit or deny the allegations of this paragraph and on that basis denies the allegations therein on a lack of infomartion and belief.

94.     In answer to paragraph 94 of the Complaint, CRA/LA contends that the paragraph is vague and ambiguous in the manner in which it purports to summarize a very broad legal principal without quoting the sections that it referrers to.  Subject to the vagaries of the paragraph, this answering Defendant is unable to admit or deny the allegations of this paragraph and on that basis denies the allegations therein on a lack of infomartion and belief.

95.     In answer to paragraph 95 of the Complaint, CRA/LA admits that the quotation is accurate.

96.     In answer to paragraph 96 of the Complaint, CRA/LA admits that the quotation is accurate.

97.     In answer to paragraph 97 of the Complaint, including subparts a through d,  CRA/LA denies the allegations therein on information and belief as to itself and denies the allegations based on a lack of information and belief as to all other Defendants.

## SECOND CLAIM FOR RELIEF

98.     In answer to paragraph 98 of the Complaint, CRA/LA realleges its answers to paragraphs 1 through 97 above as though fully set forth herein.

11

Defendant Community Redevelopment Agency of the City of Los Angeles' Answer to Plaintiffs' Complaint; Demand for Jury Trial [12-CV-551 SJO (PJWx)]

99.    In answer to paragraph 99 of the Complaint, CRA/LA admits the allegations set forth therein.

100.   In answer to paragraph 100 of the Complaint, CRA/LA admits that the quotation is accurate.

101.   In answer to paragraph 101 of the Complaint, CRA/LA denies that the quotation is accurate and based thereon denies the allegations of this paragraph based on information and belief.

102.   In answer to paragraph 102 of the Complaint, CRA/LA admits that the quotation is accurate.

103.   In answer to paragraph 103 of the Complaint, CRA/LA admits that the quotation is accurate.

104.   In answer to paragraph 104 of the Complaint, including subparts a through d,  CRA/LA denies the allegations therein on information and belief as to itself and denies the allegations based on a lack of information and belief as to all other Defendants.

## THIRD CLAIM FOR RELIEF

105.    In answer to paragraph 105 of the Complaint, CRA/LA realleges its answers to paragraphs 1 through 104 above as though fully set forth herein.

106.   In answer to paragraph 106 of the Complaint, CRA/LA admits that the quotation is accurate.

107.    In answer to paragraph 107 of the Complaint, CRA/LA contends the allegations of this paragraph are vague and ambiguous and based thereon this answering Defendant is unable to admit or deny the allegations and on that basis denies the allegations therein as to itself and denies the allegations therein on a lack of information and belief as to any other Defendant.

108.    In answer to paragraph 108 of the Complaint, CRA/LA denies the allegations therein as to itself and denies the allegations based on a lack of information and belief as to all other Defendants.

## **PRAYER FOR RELIEF**

109.    In answer to Plaintiffs' Prayer for Relief, including subsections a through f and all subparts, CRA/LA denies that Plaintiffs are entitled to the relief requested therein or to any relief.

## **AFFIRMATIVE DEFENSES**

Without admitting any of the allegations in the Complaint, CRA/LA alleges each of the following as separate affirmative defenses, expressly reserving all of their rights to allege additional defenses, and/or to seek leave of Court to amend to allege additional defenses, when and if facts supporting such defenses become known to them.

### **FIRST AFFIRMATIVE DEFENSE**

The Complaint for damages fails to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because the CRA/LA's services, programs and activities in question in this action, when viewed in their entirety, are accessible to persons with disabilities.

### **THIRD AFFIRMATIVE DEFENSE**

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because the CRA/LA has provided reasonable access to its services, programs and activities.

### **FOURTH AFFIRMATIVE DEFENSE**

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part on the ground and to the extent that Plaintiffs' requested modifications of policies, practices or procedures unreasonable and/or unnecessary to avoid discrimination on the basis of disability.

///

///

13

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because CRA/LA has completely or substantially complied with all applicable requirements.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because CRA/LA is not obligated to remove the barriers alleged in the Complaint to the extent that the facilities at issue were constructed and/or modified before the effective date of any law or regulation prohibiting the existence of any such alleged barrier.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part on the ground and to the extent that the relief sought by Plaintiffs would result in an undue financial or administrative burden.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because Plaintiffs' injury or injuries, if any, was/were caused by third parties acting outside the scope of agency, employment or control of CRA/LA, including without limitation third parties who own or control the property on which Plaintiffs seek remediation or third parties who own or control adjoining property.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the injunctive relief sought against CRA/LA as they failed to join necessary parties to the action to effect such relief, including without limitation third parties who own or control the property on which Plaintiffs seek remediation or third parties who own or control adjoining property.

### TENTH AFFIRMATIVE DEFENSE

CRA/LA alleges that any injuries sustained by Plaintiffs were either wholly or in part negligently caused by person, firms, corporations or entities other than this

answering Defendant and that this negligence is either imputed to Plaintiffs by reason of the relationship of said parties to Plaintiffs and/or this negligence comparatively reduces the percentage of negligence, if any, by CRA/LA.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action for violation of Civil Code Section 51, *et seq.* fail as a matter of law because CRA/LA is not a "business establishment."

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover on the claims for relief under Civil Code Section 51, *et seq.* because CRA/LA has not engaged in any intentional discrimination.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover the damages sought in the Complaint because her use and enjoyment of the facilities and services, programs and activities in question was not denied or interfered with by CRA/LA or by any other party.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred on the ground and to the extent that CRA/LA has not violated any applicable federal, state or municipal disability access laws.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to bring and/or recover on their Complaint because they have failed to discharge each of the conditions precedent to suit, including without limitation by failing to file a claim in accordance with Sections 910 and 945.4 of the California Government Code.

### SIXTEENTH AFFIRMATIVE DEFENSE

With respect to each and every allegation in the Complaint, as they relate to the request for a preliminary injunction, such an injunction is not appropriate because:  (a) there is no imminent threat of irreparable injury; (b) there is no likelihood of prevailing on the merits; and (c) the balancing of competing interests weigh in CRA/LA's favor.

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' prayer for injunctive relief is moot and/or will be by the time this matter is adjudicated.

## EIGHTEENTH AFFIRMATIVE DEFENSE

CRA/LA alleges that Plaintiffs failed and neglected to use reasonable care to protect themselves and minimize and/or mitigate the losses and/or damages asserted in the Complaint, and to the extent these acts caused and/or contributed to their injuries and/or damages, then the damages alleged against CRA/LA should be reduced or eliminated.

## NINETEENTH AFFIRMATIVE DEFENSE

CRA/LA claims all defenses afforded to it under the Fair Employment and Housing Act, California Government Code Section 12940, *et seq.*, and specifically seeks attorneys' fees herein as provided by Government Code Section 12965.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to seek some or all of the injunctive relief sought in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred to the extent that it relies on events that occurred before the period captured by the running of the applicable statute of limitations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint is barred to the extent the alleged violations of law are excused or justified under the statutes under which Plaintiffs have sued.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, fails because Plaintiffs have waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the Complaint.

///

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred because Section 54 of the Civil Code exclusively governs the conduct or omissions alleged in the Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred on the ground and to the extent that Plaintiffs have suffered no injury in fact with respect to the facts alleged in the Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering monetary damages to the extent that they failed to mitigate, and failed to reasonably attempt to mitigate, their damages as required by law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover attorneys' fees from CRA/LA as alleged in the Complaint.  In the alternative, to the extent that Plaintiffs are entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover attorneys' fees for failure to satisfy the necessary elements of prevailing on a claim for attorneys' fees under the statutes alleged.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred because granting the relief sought by Plaintiff would constitute or result in a fundamental alteration in the nature of the programs, services or activities offered by CRA/LA.

///
///
///
///

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring a private right of action to challenge the adequacy of and/or enforce and/or compel the creation or modification of the CRA/LA's self-evaluation or transition plans.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred to the extent that it relies on any alleged failure of the CRA/LA to comply with the self-evaluation and/or transition plan requirements in 28 C.F.R. Sections 35.105 and 35.150(d) because such regulations exceed the scope of the rulemaking authority granted to the regulators by Congress under the enabling legislation.  (42 U.S.C. § 12134(a).)

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred to the extent the relief sought by Plaintiffs would purport to vest the judiciary with the power, right or ability to expend public funds and/or deprive the CRA/LA's legislative branch of the right to exercise its discretion to expend public funds.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' prayer for damages under Section 54.3 of the California Civil Code is barred because the CRA/LA is not a "person, firm or corporation" within the meaning of that statute.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred on the grounds and to the extent that it seeks a gift of public funds for a private purpose in violation of the California Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

CRA/LA is immune from liability to Plaintiffs' claims in this action to the full extent mandated by Section 815 of the California Government Code.

///

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

CRA/LA is immune from liability to Plaintiffs' claims in this action to the full extent mandated by Section 815.2 of the California Government Code.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

CRA/LA is immune from liability to Plaintiffs' claims in this action to the full extent mandated by Section 815.6 of the California Government Code.

### THIRTY-EIGHT AFFIRMATIVE DEFENSE

Plaintiffs' prayer for damages above and beyond actual, compensatory damages is barred on the ground that any such award would violate Section 818 of the California Government Code.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged in the Complaint, is barred on the ground and to the extent that it seeks to impose liability or secure relief for an injury caused by CRA/LA's adopting or failing to adopt an enactment or by failing to enforce any law in violation of Section 818.2 of the California Government Code.

### FORTIETH AFFIRMATIVE DEFENSE

Pursuant to Section 820.2 of the California Government Code, Plaintiffs' Complaint is barred to the extent it seeks relief, for any injury resulting from any individual's act or omission resulting from the exercise of the discretion vested in such individual by virtue of his or her respective office.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Pursuant to Section 820.4 of the California Government Code, any individuals employed by CRA/LA are immune from liability, and Plaintiffs' Complaint is barred to the extent it seeks relief, for any injury resulting from any individual's act or omission, exercising due care, in the execution or enforcement of any law.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Pursuant to Section 820.8 of the California Government Code, CRA/LA is immune from liability, and Plaintiffs' Complaint is barred to the extent it seeks relief,

---

for any injury resulting from CRA/LA's employees acts or omissions resulting from the act or omission of any third party.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Pursuant to Section 820.9 of the California Government Code, CRA/LA is immune from liability, and Plaintiffs' Complaint is barred to the extent it seeks relief, for any injury caused by the act or omission of the CRA/LA, its Board, or any other public entity or advisory body.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Pursuant to Section 820.9 of the California Government Code, CRA/LA is immune from liability, and Plaintiffs' Complaint is barred to the extent it seeks relief, for any injury caused by the adoption or failure to adopt an enactment or by the failure to enforce an enactment.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff is barred as violative of the Tenth Amendment to the United States Constitution as an unfunded mandate of Congress that unlawfully and improperly usurps legislative, taxing and fiscal powers left to the States and their instrumentalities, including with limitation the CRA/LA and its duly-elected and duly-appointed officers.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiffs are barred on the ground and to the extent that it exceeds the powers vested in Congress under Article I, Section 8 of the United States Constitution to regulate interstate commerce.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from maintaining this action by the principals of estoppel and/or res judicata.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from maintaining this action because the action is barred by the applicable statutes of limitations.

## FORTY-NINTH AFFIRMATIVE DEFENSE

The action is barred by failure to exhaust administrative remedies.

## FIFTIETH AFFIRMATIVE DEFENSE

The equitable action is barred by the doctrine of unclean hands.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

CRA/LA alleges that Plaintiffs' Complaint fails to allege facts sufficient to constitute a claim for punitive damages or exemplary damages in any amount or amounts whatsoever or at all.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is replete with allegations that are vague, argumentative, and conclusory in nature and require no responsive pleadings under the Federal Rules of Civil Procedure.  All such allegations are denied.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

The injuries and damages Plaintiffs complain of, if any, resulted from the acts and/or omissions of others, and without any fault on the part of CRA/LA.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

CRA/LA is not required to undertake the alteration of existing facilities or construction of new facilities sought by Plaintiff as such actions would result in undue financial and administrative burdens.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

All actions of CRA/LA, or their employees, agents or representatives were undertaken in good faith and with the reasonable belief that said actions were valid, necessary and constitutionally proper.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

CRA/LA's acts were privileged under applicable statutes and case law.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, by the doctrine of waiver.

///

21

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are moot.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims herein are precluded due to her impermissibly splitting their claims and causes of action into multiple litigations.

### SIXTIETH AFFIRMATIVE DEFENSE

CRA/LA is immune from Plaintiffs' claims pursuant to its adoption and implementation of a reasonable transition plan.

### SIXTY-FIRST AFFIRMATIVE DEFENSE

CRA/LA, at all times, acted in good faith, without malice and under the reasonable belief that its actions were lawful.  Accordingly, CRA/LA is entitled to qualified immunity herein.

### SIXTY-SECOND AFFIRMATIVE DEFENSE

CRA/LA is immune from liability as there is no duty to enforce the law.

### SIXTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to exhaust their administrative remedies.

### SIXTY-FOURTH AFFIRMATIVE DEFENSE

No punitive damages can be recovered as to CRA/LA.

### SIXTY-FIFTH AFFIRMATIVE DEFENSE

California Civil Code Sections 54, 54.1 and 54.3 do not apply to the CRA/LA because it is not a person within the meaning of the statutory scheme.

### SIXTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover the damages sought in the Complaint pursuant to California Civil Code Sections 52 and 54.3(a) because their admittance to and enjoyment of the property in question was not denied or interfered with by CRA/LA.

///

///

///

## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

CRA/LA is immune from liability pursuant to the provisions of each of the following California statutes, including but not limited to Government Code Sections 815, 815.2, 818, 818.2, 818.8, 820.2, 820.8, 821.4 and 822.2.

## SIXTY-EIGHTH AFFIRMATIVE DEFENSE

CRA/LA has complied with all applicable requirements of California Government Code Section 7260, *et seq*. and 25 C.C.R. Section 6000, *et seq*.

## SIXTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover damages under both Section 52 and Section 54.3 of the California Civil Code for the same act or failure to act.

## SEVENTIETH AFFIRMATIVE DEFENSE

CRA/LA is not liable for the conduct of any other named Defendant herein.

## SEVENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in their entirety as Plaintiffs failed to comply with all the requirements under the lease agreement at the subject rental premises.

## SEVENTY-SECOND AFFIRMATIVE DEFENSE

There exists legitimate non-discriminatory reasons for the alleged acts of which Plaintiffs complain.

## SEVENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs should not recover any damages because CRA/LA acted in the good-faith belief that its actions were lawful.

## SEVENTY-FOURTH AFFIRMATIVE DEFENSE

The alleged acts of which Plaintiffs complain were based on reasonable factors other than Plaintiffs' race, national origin, disability, ethnicity or any other protected category under the Fair Housing Act or any other state or Federal civil rights law.

///

///

///

## SEVENTY-FIFTH AFFIRMATIVE DEFENSE

CRA/LA's acts with respect to Plaintiffs, if any, were privileged or otherwise justified, as such activities were proper, fair and legitimate business activities, and/or business related reasons and were neither arbitrary, capricious, nor unlawful, but were undertaken to protect CRA/LA's economic interest and/or relations.

## <u>JURY DEMAND</u>

CRA/LA hereby demands trial by jury.

## <u>PRAYER</u>

WHEREFORE, Defendant CRA/LA prays for relief as follows:

1.      That Plaintiffs take nothing by reason of their Complaint for damages;

2.      That judgment be entered in favor of Defendant CRA/LA;

3.      That no declaratory or injunctive relief be granted;

4.      For costs of suit incurred herein; and

5.      For such other and further relief as the Court deems just and proper.

Dated:  April 3, 2012               Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON

By:_____/s/_____Kimberly E. Colwell_____
          Kimberly E. Colwell
          Attorney for Defendant
          COMMUNITY REDEVELOPMENT AGENCY
          OF THE CITY OF LOS ANGELES

1800777_1.DOC

24