Kimberly E. Colwell, Esq. (SBN: 127604)
kcolwell@meyersnave.com
Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendant/Cross-Defendant
COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA, a California non-profit corporation; FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY, a California non-profit corporation; and COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE, a California non-profit corporation, | Case No:  12-CV-551 SJO (PJWx) **CROSS- DEFENDANT COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES' ANSWER TO CITY OF LOS ANGELES' CROSS-CLAIM AND DEMAND FOR JURY TRIAL** |
| Plaintiffs, | |
| v. | |
| CITY OF LOS ANGELES, CALIFORNIA, a California municipal corporation; COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES; et al., | |
| Defendants. | |
| CITY OF LOS ANGELES, a municipal corporation, | |
| Cross-Claimant | |
| v. | |
| COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES, | |
| Cross-Defendant. | |

Cross-Defendant COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES (hereinafter "CRA/LA") hereby answers, objects, defends and otherwise responds to CITY OF LOS ANGELES' Cross-Claim (hereinafter "Cross-Complaint") as follows.

1.      Paragraph 94 of the Cross-Complaint states the supplemental jurisdiction of this Court over the Cross-Complaint, and as such, requires an Answer from CRA/LA. To the extent any Answer is required, CRA/LA admits this Court has supplemental jurisdiction without admitting any merit to the Cross Complaint.

2.      Answering paragraph 95 of the Cross-Complaint, CRA/LA denies the allegations therein.

3.      Answering paragraph 96 of the Cross-Complaint, CRA/LA denies the allegations therein.

4.      Answering paragraph 97 of the Cross-Complaint, CRA/LA denies the allegations therein.

5.      Answering paragraph 98 of the Cross-Complaint, CRA/LA denies the allegations therein.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Cross-Complaint, CRA/LA alleges each of the following as separate affirmative defenses, expressly reserving all of their rights to allege additional defenses, and/or to seek leave of Court to amend to allege additional defenses, when and if facts supporting such defenses become known to them.

## FIRST AFFIRMATIVE DEFENSE

The Cross-Complaint for damages fails to state a claim upon which relief can be granted.

///

///

///

## SECOND AFFIRMATIVE DEFENSE

The Cross-Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because CRA/LA's services, programs and activities in question in this action, when viewed in their entirety, are accessible to persons with disabilities.

## THIRD AFFIRMATIVE DEFENSE

The Cross-Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because CRA/LA has provided reasonable access to its services, programs and activities.

## FOURTH AFFIRMATIVE DEFENSE

The Cross-Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part on the ground and to the extent that Plaintiff's requested modifications of policies, practices or procedures unreasonable and/or unnecessary to avoid discrimination on the basis of disability.

## FIFTH AFFIRMATIVE DEFENSE

The Cross-Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because CRA/LA has completely or substantially complied with all applicable requirements.

## SIXTH AFFIRMATIVE DEFENSE

The Cross-Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because CRA/LA is not obligated to remove the barriers alleged in the Complaint to the extent that the facilities at issue were constructed and/or modified before the effective date of any law or regulation prohibiting the existence of any such alleged barrier.

## SEVENTH AFFIRMATIVE DEFENSE

The Cross-Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part on the ground and to the extent that the relief sought by the Complaint would result in an undue financial or administrative burden.

## EIGHTH AFFIRMATIVE DEFENSE

The Cross-Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because Plaintiff's injury or injuries, if any, was/were caused by third parties acting outside the scope of agency, employment or control of CRA/LA, including without limitation third parties who own or control the property on which Plaintiff seeks remediation or third parties who own or control adjoining property.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the injunctive relief sought against CRA/LA as she has failed to join necessary parties to the action to effect such relief, including without limitation third parties who own or control the property on which Plaintiff seeks remediation or third parties who own or control adjoining property.  Cross-Complainant's action is similarly barred.

## TENTH AFFIRMATIVE DEFENSE

CRA/LA alleges that any injuries sustained by Plaintiff were either wholly or in part negligently caused by person, firms, corporations or entities other than this answering Cross-Defendant and that this negligence is either imputed to Plaintiff or Cross-Complainant by reason of the relationship of said parties to Plaintiff and/or this negligence comparatively reduces the percentage of negligence, if any, by CRA/LA.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action for violation of Civil Code Section 51, *et seq.* fail as a matter of law because CRA/LA is not a "business establishment."  Cross-Complainant's action is similarly barred.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover on the claims for relief under Civil Code Section 51, *et seq.* because CRA/LA has not engaged in any intentional discrimination. Cross-Complainant's action is similarly barred.

///

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover the damages sought in the Complaint because her use and enjoyment of the facilities and services, programs and activities in question was not denied or interfered with by CRA/LA or by any other party.  Cross-Complainant's action is similarly barred.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred on the ground and to the extent that CRA/LA has not violated any applicable federal, state or municipal disability access laws.  Cross-Complainant's action is similarly barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to bring and/or recover on her Complaint because she failed to discharge each of the conditions precedent to suit, including without limitation by failing to file a claim in accordance with Sections 910 and 945.4 of the California Government Code.  Cross-Complainant is likewise barred from recovery.

### SIXTEENTH AFFIRMATIVE DEFENSE

With respect to each and every allegation in the Cross-Complaint and Complaint, as they relate to the request for a preliminary injunction, such an injunction is not appropriate because:  (a) there is no imminent threat of irreparable injury; (b) there is no likelihood of prevailing on the merits; and (c) the balancing of competing interests weigh in CRA/LA's favor.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Cross-Complainant and Plaintiff's prayer for injunctive relief is moot and/or will be by the time this matter is adjudicated.

### EIGHTEENTH AFFIRMATIVE DEFENSE

CRA/LA alleges that Cross-Complainant and Plaintiff failed and neglected to use reasonable care to protect themselves and minimize and/or mitigate the losses and/or damages asserted in the Cross-Complaint and Complaint, and to the extent these acts

Cross-Def CRA's Answer to City of Los Angeles' Cross-Claim and Demand for Jury Trial [12-CV-551 SJO (PJWx)]

caused and/or contributed to their injuries and/or damages, then the damages alleged against CRA/LA should be reduced or eliminated.

## NINETEENTH AFFIRMATIVE DEFENSE

CRA/LA claims all defenses afforded to it under the Fair Employment and Housing Act, California Government Code Section 12940, et seq., and specifically seeks attorneys' fees herein as provided by Government Code Section 12965.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to seek some or all of the injunctive relief sought in the Complaint.  The Cross-Complaint is therefore similarly barred.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Cross-Complaint, and each purported cause of action alleged in the Complaint, are barred to the extent that they rely on events that occurred before the period captured by the running of the applicable statute of limitations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Cross-Complaint and Complaint are barred to the extent the alleged violations of law are excused or justified under the statutes under which Plaintiff has sued.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Cross-Complaint, and each purported cause of action alleged in the Complaint, fails because Plaintiff has waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred because Section 54 of the Civil Code exclusively governs the conduct or omissions alleged in the Complaint.  The allegations in the Cross-Complaint are similarly barred.

///

///

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Cross-Complainant's and Plaintiff's claims are barred on the ground and to the extent that Plaintiff has suffered no injury in fact with respect to the facts alleged in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Cross-Complainant and Plaintiff are barred from recovering monetary damages to the extent that they failed to mitigate, and failed to reasonably attempt to mitigate, their damages as required by law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Cross-Complainant and Plaintiff are not entitled to recover attorneys' fees from CRA/LA as alleged in the Cross-Complaint and Complaint.  In the alternative, to the extent that Cross-Complainant and Plaintiff are entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Cross-Complainant and Plaintiff are not entitled to recover attorneys' fees for failure to satisfy the necessary elements of prevailing on a claim for attorneys' fees under the statutes alleged.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Cross-Complaint, and each purported cause of action alleged in the Complaint, are barred because granting the relief sought by Plaintiff would constitute or result in a fundamental alteration in the nature of the programs, services or activities offered by CRA/LA.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring a private right of action to challenge the adequacy of and/or enforce and/or compel the creation or modification of CRA/LA's self-evaluation or transition plans.  The allegations of the Cross-Complaint are similarly barred.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The Cross-Complaint, and each purported cause of action alleged in the Complaint, are barred to the extent that they rely on any alleged failure of CRA/LA to comply with the self-evaluation and/or transition plan requirements in 28 C.F.R. Sections 35.105 and 35.150(d) because such regulations exceed the scope of the rulemaking authority granted to the regulators by Congress under the enabling legislation.  (42 U.S.C. § 12134(a).)

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The Cross-Complaint, and each purported cause of action alleged in the Complaint, are barred to the extent the relief sought by Plaintiff would purport to vest the judiciary with the power, right or ability to expend public funds and/or deprive the CRA/LA's legislative branch of the right to exercise its discretion to expend public funds.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's prayer for damages under Section 54.3 of the California Civil Code is barred because the CRA/LA is not a "person, firm or corporation" within the meaning of that statute.  The Cross-Complaint is similarly barred.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Cross-Complaint, and each purported cause of action alleged in the Complaint, is barred on the grounds and to the extent that it seeks a gift of public funds for a private purpose in violation of the California Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

CRA/LA is immune from liability to Cross-Complainant's and Plaintiff's claims in this action to the full extent mandated by Section 815 of the California Government Code.

///
///
///

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

CRA/LA is immune from liability to Cross-Complainant's and Plaintiff's claims in this action to the full extent mandated by Section 815.2 of the California Government Code.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

CRA/LA is immune from liability to Cross-Complainant's and Plaintiff's claims in this action to the full extent mandated by Section 815.6 of the California Government Code.

### THIRTY-EIGHT AFFIRMATIVE DEFENSE

Cross-Complainant's and Plaintiff's prayer for damages above and beyond actual, compensatory damages is barred on the ground that any such award would violate Section 818 of the California Government Code.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The Cross-Complaint, and each purported cause of action alleged therein and in the Complaint, are barred on the ground and to the extent that it seeks to impose liability or secure relief for an injury caused by CRA/LA's adopting or failing to adopt an enactment or by failing to enforce any law in violation of Section 818.2 of the California Government Code.

### FORTIETH AFFIRMATIVE DEFENSE

Pursuant to Section 820.2 of the California Government Code, Plaintiff's Complaint is barred to the extent it seeks relief, for any injury resulting from any individual's act or omission resulting from the exercise of the discretion vested in such individual by virtue of his or her respective office.  The Cross-Complaint is similarly barred.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Pursuant to Section 820.4 of the California Government Code, any individuals employed by CRA/LA are immune from liability, and Cross-Complainant's and Plaintiff's Complaints are barred to the extent they seek relief, for any injury resulting

from any individual's act or omission, exercising due care, in the execution or enforcement of any law.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Pursuant to Section 820.8 of the California Government Code, CRA/LA is immune from liability, and Cross-Complainant's and Plaintiff's Complaints are barred to the extent they seek relief, for any injury resulting from CRA/LA's employees acts or omissions resulting from the act or omission of any third party.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Pursuant to Section 820.9 of the California Government Code, CRA/LA is immune from liability, and Cross-Complainant's and Plaintiff's Complaints are barred to the extent they seek relief, for any injury caused by the act or omission of CRA/LA, its Board, or any other public entity or advisory body.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Pursuant to Section 820.9 of the California Government Code, CRA/LA is immune from liability, and Cross-Complainant's and Plaintiff's Complaints are barred to the extent they seek relief, for any injury caused by the adoption or failure to adopt an enactment or by the failure to enforce an enactment.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

The relief sought by Cross-Complainant and Plaintiff are barred as violative of the Tenth Amendment to the United States Constitution as an unfunded mandate of Congress that unlawfully and improperly usurps legislative, taxing and fiscal powers left to the States and their instrumentalities, including with limitation CRA/LA and its duly-elected and duly-appointed officers.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

The relief sought by Cross-Complainant and Plaintiff are barred on the ground and to the extent that it exceeds the powers vested in Congress under Article I, Section 8 of the United States Constitution to regulate interstate commerce.

///

Cross-Def CRA's Answer to City of Los Angeles' Cross-Claim and Demand for Jury Trial [12-CV-551 SJO (PJWx)]

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Cross-Complainant and Plaintiff are barred from maintaining this action by the principals of estoppel and/or res judicata.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Cross-Complainant and Plaintiff are barred from maintaining this action because the action is barred by the applicable statutes of limitations.

### FORTY-NINTH AFFIRMATIVE DEFENSE

The action is barred by failure to exhaust administrative remedies.

### FIFTIETH AFFIRMATIVE DEFENSE

The equitable action is barred by the doctrine of unclean hands.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

CRA/LA alleges that Plaintiff's Complaint fails to allege facts sufficient to constitute a claim for punitive damages or exemplary damages in any amount or amounts whatsoever or at all.  The Cross-Complaint is similarly barred.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is replete with allegations that are vague, argumentative, and conclusory in nature and require no responsive pleadings under the Federal Rules of Civil Procedure.  The Cross-Complaint is similarly defective.  All such allegations are denied.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

The injuries and damages Cross-Complainant and Plaintiff complain of, if any, resulted from the acts and/or omissions of others, and without any fault on the part of CRA/LA.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

CRA/LA is not required to undertake the alteration of existing facilities or construction of new facilities sought by Cross-Complainant and Plaintiff as such actions would result in undue financial and administrative burdens.

///

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

All actions of CRA/LA, or their employees, agents or representatives were undertaken in good faith and with the reasonable belief that said actions were valid, necessary and constitutionally proper.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

CRA/LA's acts were privileged under applicable statutes and case law.

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

Cross-Complainant's and Plaintiff's claims are barred, in whole or part, by the doctrine of waiver.

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

Some or all of Cross-Complainant's and Plaintiff's claims are moot.

**FIFTY-NINTH AFFIRMATIVE DEFENSE**

Cross-Complainant's and Plaintiff's claims herein are precluded due to Plaintiff's impermissibly splitting her claims and causes of action into multiple litigations.

**SIXTIETH AFFIRMATIVE DEFENSE**

CRA/LA is immune from Cross-Complainant's and Plaintiff's claims pursuant to its adoption and implementation of a reasonable transition plan.

**SIXTY-FIRST AFFIRMATIVE DEFENSE**

CRA/LA, at all times, acted in good faith, without malice and under the reasonable belief that its actions were lawful.  Accordingly, CRA/LA is entitled to qualified immunity herein.

**SIXTY-SECOND AFFIRMATIVE DEFENSE**

CRA/LA is immune from liability as there is no duty to enforce the law.

**SIXTY-THIRD AFFIRMATIVE DEFENSE**

Cross-Complainant and Plaintiff failed to exhaust their administrative remedies.

**SIXTY-FOURTH AFFIRMATIVE DEFENSE**

No punitive damages can be recovered as to CRA/LA.

///

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

California Civil Code Sections 54, 54.1 and 54.3 do not apply to the CRA/LA because it is not a person within the meaning of the statutory scheme.

## SIXTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover the damages sought in the Complaint pursuant to California Civil Code Sections 52 and 54.3(a) because her admittance to and enjoyment of the property in question was not denied or interfered with by CRA/LA.  Cross-Complainant's action is similarly barred.

## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

CRA/LA is immune from liability pursuant to the provisions of each of the following California statutes, including but not limited to, Government Code Sections 815, 815.2, 818, 818.2, 818.8, 820.2, 820.8, 821.4 and 822.2.

## SIXTY-EIGHTH AFFIRMATIVE DEFENSE

CRA/LA has complied with all applicable requirements of California Government Code Section 7260, *et seq*. and 25 C.C.R. Section 6000, *et seq*.

## SIXTY-NINTH AFFIRMATIVE DEFENSE

Cross-Complainant and Plaintiff are not entitled to recover damages under both Section 52 and Section 54.3 of the California Civil Code for the same act or failure to act.

## SEVENTIETH AFFIRMATIVE DEFENSE

CRA/LA is not liable for the conduct of any other named Cross-Complainant or Defendant herein.

## SEVENTY-FIRST AFFIRMATIVE DEFENSE

Cross-Complainant's and Plaintiff's claims are barred in their entirety as Plaintiff failed to comply with all the requirements under the lease agreement at the subject rental premises.

///

///

## SEVENTY-SECOND AFFIRMATIVE DEFENSE

There exists legitimate non-discriminatory reasons for the alleged acts of which Cross-Complainant and Plaintiff complains.

## SEVENTY-THIRD AFFIRMATIVE DEFENSE

Cross-Complainant and Plaintiff should not recover any damages because CRA/LA acted in the good-faith belief that its actions were lawful.

## SEVENTY-FOURTH AFFIRMATIVE DEFENSE

The alleged acts of which Cross-Complainant and Plaintiff complains were based on reasonable factors other than Plaintiff's race, national origin, disability, ethnicity or any other protected category under the Fair Housing Act or any other state or Federal civil rights law.

## SEVENTY-FIFTH AFFIRMATIVE DEFENSE

CRA/LA's acts with respect to Plaintiff, if any, were privileged or otherwise justified, as such activities were proper, fair and legitimate business activities, and/or business related reasons and were neither arbitrary, capricious, nor unlawful, but were undertaken to protect CRA/LA's economic interest and/or relations.  Cross-Complainant's action is similarly barred.

## JURY DEMAND

CRA/LA hereby demands trial by jury.

## PRAYER

WHEREFORE, Cross-Defendant CRA/LA prays for relief as follows:

1.     That Cross-Complainant take nothing by reason of it's Cross-Complaint for damages;

2.     That judgment be entered in favor of Cross-Defendant CRA/LA;

3.     That no declaratory or injunctive relief be granted;

///

///

///

Cross-Def CRA's Answer to City of Los Angeles' Cross-Claim and Demand for Jury Trial [12-CV-551 SJO (PJWx)]

4.      For costs of suit incurred herein; and

5.      For such other and further relief as the Court deems just and proper.


Dated:  April 3, 2012                    Respectfully submitted,

                                         MEYERS, NAVE, RIBACK, SILVER & WILSON

                                         By:_____/s/____Kimberly E. Colwell_____
                                            Kimberly E. Colwell
                                            Attorney for Defendant/Cross-Defendant
                                            COMMUNITY REDEVELOPMENT AGENCY
                                            OF THE CITY OF LOS ANGELES

1832550_1.DOC

---

Cross-Def CRA's Answer to City of Los Angeles' Cross-Claim and Demand for Jury Trial [12-CV-551 SJO (PJWx)]