MICHAEL G. ALLEN
Pro Hac Vice
D. SCOTT CHANG #146403
JAMIE L. CROOK #245757
RELMAN, DANE & COLFAX PLLC
1225 19th St. NW, Suite 600
Washington D.C. 20036
Telephone: (202) 728-1888
Facsimile: (202) 728-0848
schang@relmanlaw.com

PAULA D. PEARLMAN #109038
REBECCA A. CRAEMER #274276
MARIA MICHELLE UZETA #164402
DISABILITY RIGHTS LEGAL CENTER
Loyola Public Interest Law Center
800 S. Figueroa Street, Suite 1120
Los Angeles, CA 90017
Telephone: (213) 736-1496
Facsimile: (213) 736-1428
michelle.uzeta@lls.edu

DAVID GEFFEN #129342
DAVID GEFFEN LAW FIRM
530 Wilshire Blvd., Suite 205
Santa Monica, CA 90401
Telephone: (310) 434-1111
Facsmilie: (310) 434-1115
Geffenlaw@aol.com

AUTUMN ELLIOTT #230043
DARA SCHUR #98638
DISABILITY RIGHTS
CALIFORNIA
3580 Wilshire Blvd., Suite 902
Los Angeles, CA 90010-2512
Telephone: (213) 427-8747
Facsimile: (213) 427-8767
Autumn.Elliott@disability
rightsca.org

KIMBERLY E. COLWELL
#127604
KEVIN E. GILBERT # 209236
MEYERS, NAVE, RIBACK,
SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: (510) 808-2000
Facsimile: (505) 444-1108
kcolwell@meyersnave.com

CARMEN A. TRUTANICH
#86629x
CRAIG TAKENAKA #12889
DEBORAH BREITHAUPT
#170206
200 North Main St., 9th Floor, Rm.
916 City Hall East
Telephone: (213) 978-7966
Facsimile: (213) 978-7957
deborah.breithaupt@lacity.org

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA, a California non-profit corporation; FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY, a California non-profit corporation; and  COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE, a California non-profit corporation,<br><br>                    Plaintiff;<br><br>          v.<br><br>CITY OF LOS ANGELES, | Case No. CV 12-00551 SJO (PJWx)<br><br><br>JOINT REPORT OF THE EARLY MEETING OF COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)<br><br><br><br>Scheduling Conference:  April 23, 2012<br>Time 8:30 A.M.<br>Courtroom: 1 |

CALIFORNIA, a California
municipal corporation;
COMMUNITY
REDEVELOPMENT AGENCY
OF THE CITY OF LOS
ANGELES; 12129 EL DORADO
AVENUE, L.P., a California
limited partnership; ADAMS 935,
L.P., a California limited
partnership; ALEXANDRIA
HOUSE APARTMENTS, LP, a
California limited partnership;
ARDMORE 959 PARTNERS,
L.P., a California limited
partnership; ASTURIAS SENIOR
APARTMENTS, L.P., a California
limited partnership,
B S BROADWAY VILLAGE II,
L.P., a California limited
partnership; BRONSON COURT
APARTMENTS, L.P., a California
limited partnership; CANTABRIA
SENIOR APARTMENTS, L.P., a
California limited partnership;
CARONDELET COURT
PARTNERS, L.P., a California
limited partnership; CENTRAL
VILLAGE APARTMENTS, L.P., a
California limited partnership;
CFLT-2618 WEST 7TH STREET,
LLC, a Delaware limited liability
company; CHARLES COBB
APARTMENTS, L.P., a California
limited partnership; DECRO
ORION APARTMENTS, L.P., a
California limited partnership;
DECRO OSBORNE
APARTMENTS, L.P., a California
limited partnership; ESPERANZA
COMMUNITY HOUSING
CORPORATION, a California
corporation; EUGENE HOTEL,
L.P., a California limited
partnership; FAME WEST 25TH
STREET, L.P., a California limited
partnership; HART VILLAGE,
L.P., a California limited
partnership; HOBART HEIGHTS
PARTNERS, L.P., a California
limited partnership; HOOVER
SENIORS, L.P., a California
limited partnership; IMANI FE, LP,
a California limited partnership;
MORGAN PLACE, L.P., a
California limited partnership;

Complaint Filed: January 13, 2012

–2–

1  NEW TIERRA DEL SOL, L.P., a
   California limited partnership; P G
2  HOUSING PARTNERS, L.P., a
   California limited partnership;
3  PALM VILLAGE SENIOR
   HOUSING CORP., a California
4  corporation; PENNY LANE
   CENTERS, a California
5  corporation; REDROCK NOHO
   RESIDENTIAL, LLC, a Delaware
6  limited liability company;
   RITTENHOUSE LIMITED
7  PARTNERSHIP,  a California
   limited partnership; SF NO HO
8  LLC, a California limited liability
   company; VERMONT SENIORS, a
9  California corporation; VIEWS AT
   270, L.P., a California limited
10 partnership; WA COURT, L.P., a
   California limited partnership;
11 WATTS/ATHENS
   PRESERVATION XVII, L.P., a
12 California limited partnership; and
   YALE TERRACE
13 APARTMENTS, A CALIFORNIA
   LIMITED PARTNERSHIP, a
14 California limited partnership;

15                    Defendants.

16 AND RELATED CROSS CLAIMS.

17

18        Pursuant to Federal Rule of Civil Procedure Rule 26, the parties, including

19 Plaintiffs Independent Living Center of Southern California, Fair Housing Council

20 of San Fernando Valley and Communities Actively Living Independent And Free;

21 Defendant/Cross Complainant City of Los Angeles; and Defendant Community

22 Redevelopment Agency Of The City of Los Angeles (hereinafter "CRA") hereby

23 provide their Joint Report.

24 **I.    <u>CONFERENCE OF PARTIES.</u>**

25        The conference of the parties was held on April 2, 2012.

26 **II.   <u>PARTIES AND THEIR COUNSEL OF RECORD.</u>**

27        Plaintiffs Independent Living Center of Southern California, Fair Housing

28

--3--

Council of San Fernando Valley, and Communities Actively Living Independent and Free are represented by Autumn M. Elliott, D. Scott Chang, Dara L. Schur, David Grant Geffen, Jamie L. Crook, Maria Michelle Uzeta, Michael G. Allen, Paula D. Pearlman, Rebecca Anne Craemer, and Umbreen Bhatti.

Defendant/Cross Claimant City of Los Angeles is represented by Deputy City Attorneys Deborah Breithaupt and Michael Irwin.

Defendant Community Redevelopment Agency of the City of Los Angeles is represented by Kimberly Colwell.

No service of the pleadings and/or appearance has been made on or by Defendants 12129 El Dorado Avenue LP; Adams 935 LP;  Alexandria House Apartments LP; Ardmore 959 Partners LP; Asturias Senior Apartments LP; B S Broadway Village II LP; Bronson Court Apartments LP; Cantabria Senior Apartments LP; Carondelet Court Partners LP; Central Village Apartments LP; CFLT-2618 West 7th Street LLC; Decro Orion Apartments LP; Decro Osborne Apartments LP; Esperanza Community Housing Corporation; Eugene Hotel LP; Fame West 25th Street LP; Hart Village LP; Hobart Heights Partners LP; Hoover Seniors LP; Imani FE LP; Morgan Place LP; New Tierra Del Sol LP; P G Housing Partners LP; Palm Village Senior Housing Corp.; Penny Lane Centers; Redrock NoHo Residential LLC; Rittenhouse Limited Partnership; SF NoHo LLC; Vermont Seniors; Views At 270 LP; WA Court LP; Watts/Athens Preservation XVII LP; and Yale Terrace Apartments, A California Limited Partnership.

**III.   STATEMENT OF THE CASE.**

A.   PLAINTIFFS.

Plaintiffs Independent Living Center of Southern California ("ILCSC"), a non-profit independent living center for people with disabilities; Fair Housing Council of San Fernando Valley ("FHC/SFV"), a non-profit, fair housing

organization; and Communities Actively Living Independent and Free ("CALIF"), a non-profit independent living center, allege that the City of Los Angeles (the "City") and the Community Redevelopment Agency of the City of Los Angeles ("CRA") have failed to ensure that housing funded, developed, or regulated by the CRA is accessible to people with disabilities as required under federal and state disability rights laws, including Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act ("ADA"), and California Government Code § 11135. Plaintiffs allege that as a result of this failure, dwelling units in those housing developments have been rendered unavailable to people with disabilities.

By the City's own accounting, people with physical limitations (including two-thirds of seniors who have disabilities) need accessible housing, and there is a large, unmet need for affordable, accessible housing in Los Angeles. In fact, the City estimates that there are hundreds of thousands of individuals and families in Los Angeles who require accessible, affordable housing but do not have it.

Plaintiffs allege the CRA has received hundreds of millions of dollars in public funding via the City and directly from the state and federal governments for the purpose of developing affordable housing.  As a result of their receipt of federal dollars, the City and CRA have an obligation pursuant to federal law to ensure that the CRA's housing program, as a whole, is accessible to people with disabilities.

In addition, Plaintiffs allege the City and CRA have allocated these and other funds to build or substantially alter hundreds of apartment complexes containing thousands of units. Under federal and state law, apartments and condominium developments funded by public funds must be accessible to people in wheelchairs and those who are vision or hearing impaired. The City and the CRA have failed to take appropriate action to ensure that apartment complexes built with state and federal funds actually comply with the accessibility requirements of federal and

state civil rights laws or that meaningful access to such housing is otherwise provided.

Plaintiffs allege these violations of federal and state civil rights deny people with disabilities severely needed accessible housing.

### B.   DEFENDANTS CRA AND CITY OF LOS ANGELES.

The CRA has public funding via the City and directly from the state and federal governments for the purpose of developing affordable housing.  It is unknown whether the apartments alleged in the pleading were recipients of CRA funding. Defendants allege that CRA's housing program, as a whole, is accessible to people with disabilities. The CRA and the City of Los Angeles allege they were in compliance with all legal obligations during the times alleged; that they never received notice of any need for accommodation; and that Plaintiffs' claims are without merit, or are the fault of entities/individuals other than the CRA and the City of Los Angeles.

## IV.   **PROCEDURAL STATUS.**

The Complaint was filed on January 13, 2012.  Defendants City of Los Angeles and the CRA were served with the Complaint on January 13, 2012. The City answered the Complaint and filed a Cross-Complaint against the CRA on February 29, 2012. The CRA answered Plaintiffs Complaint on April 3, 2012.

### A.   PLAINTIFFS' FURTHER POSITION RE: PROCEDURAL STAUS[1]

As of February 1, 2012, and after the filing of the Complaint, the CRA was dissolved as part of a fundamental restructuring of redevelopment agencies in California created by ABx1 26 (2011), and certain of the CRA's functions, obligations, liabilities, and assets were transferred to two successor agencies, specifically, a Designated Local Authority called the "CRA/LA Designated Local

---

[1]  Neither the City of Los Angeles nor the CRA adopts or admits any of the Plaintiffs' supplemental statements concerning the procedural status of the case, and each reserves the right to contest these statements.

JOINT REPORT OF THE EARLY MEETING OF COUNSEL

Authority," and the City of Los Angeles.  See California Redevelopment Association v. Matosantos, 53 Cal.4th 231, 135 Cal.Rptr.3d 683 (December 29, 2011) (holding that ABx1 26 ('The Dissolution Act') is constitutional and establishing a dissolution date of February 1, 2012 for all agencies.)  ABx1 26 set up a timetable and structure for dissolving redevelopment agencies and transferring their remaining obligations to successor agencies.  The Designated Local Authority was established on or about February 1, 2012.  As a result of these transitions, Plaintiffs intend to add the Designated Local Authority as a defendant in the proposed First Amended Complaint, and to clarify that the City of Los Angeles is sued in its own right as well as in its capacity as the successor housing agency to the CRA.  The Plaintiffs may also name as a Defendant the statutorily required Oversight Board, which has not yet been established, but is required to be established by May 1.  This will delay the filing of a First Amended Complaint to approximately May 11, 2012.

Plaintiffs have named thirty-four owners of allegedly CRA-funded apartment complexes (collectively, "Nominal Defendants") as nominal defendants because appropriate relief, such as the retrofitting of inaccessible dwelling units to make them accessible to people with disabilities, may require the cooperation of the owners of these complexes. These defendants have not yet been served with the Complaint, since Plaintiffs anticipated a First Amended Complaint to address the changes resulting from the CRA transition process, which were very uncertain at the time of the filing of the original Complaint.  Plaintiffs intend to serve them with the First Amended Complaint. On April 5, 2012, Plaintiffs voluntarily dismissed nominal defendant Charles Cobb Apartments, L.P., a California Corporation, from this action without prejudice.

Six weeks after the complaint was filed, Plaintiffs learned that the U.S. Department of Housing and Urban Development had issued a Letter of Findings of

Noncompliance ("HUD Letter") to the City and CRA that provides additional information about the nature and extent of the accessibility violations at housing developments that received federal financial assistance through the Community Redevelopment Agency. Based on this and other new information, Plaintiffs have been able to identify additional recipients of CRA housing funds whose cooperation may be required for appropriate relief in this case. Plaintiffs intend to add these recipients as additional Nominal Defendants in the proposed First Amended Complaint.

Plaintiffs will request leave of Court to file a First Amended Complaint. Plaintiffs' intended amendments to the Complaint include amendments to address the changes following from the dissolution of the CRA, to clarify and refine Plaintiffs' claims, to add additional claims if warranted by the HUD report, to clarify that they have exhausted administrative remedies, and to add additional nominal defendants.

B.     DEFENDANTS/CROSS CLAIMANTS FURTHER POSITION RE: PROCEDURAL STATUS.

Defendants CRA and City of Los Angeles intend to tender the defense of their respective actions to the thirty-four additional cases against property owners or managers, and others named in the pleading, and may file Cross Complaints against them and/or additional entities, as may be required.

V.     **SUBJECT MATTER JURISDICTION.**

A.     PLAINTIFFS.

Plaintiffs allege the Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.  Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202 and 1343, and by Rules 37 and 65 of the Federal Rules of Civil Procedure.  Plaintiffs' claims for violations of California state law concern the same actions and omissions that form the basis of Plaintiffs'

claims under federal law such that they are all part of the same case or controversy. This Court has supplemental jurisdiction over those state law claims pursuant to 28 U.S.C. § 1367. This action for declaratory and injunctive relief arises in part under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and Title II of the ADA, 42 U.S.C. § 12132.

> **B.** **DEFENDANTS CRA AND CITY OF LOS ANGELES.**

To the extent Plaintiffs have alleged any claims under 29 U.S.C. § 794 and Section 504 of the Rehabilitation Act and 42 U.S.C. § 12131, Defendants agree the Court would have subject matter jurisdiction under 28 U.S.C. § 1131 and § 1434. Defendants deny that supplemental jurisdiction under 42 U.S.C. § 1367 exists over the claims alleged under California Government Code § 11135 due to the absence of any allegations raising an inference that the prerequisites for the California Government Tort Claims Act have been satisfied. Defendants deny that 42 U.S.C. § 12131 states a right to declaratory relief as this is a definitional statute.

## VI. LEGAL CLAIMS AND DEFENSES.

> **A.** **PLAINTIFFS.**

Plaintiffs claim that they have been injured by the following:

1.      Defendants have violated Section 504 of the Rehabilitation Act by denying people with disabilities meaningful access to Defendants' housing programs; aiding or perpetuating discrimination against people with disabilities by providing significant assistance to developers of housing projects that discriminate on the basis of disability by failing to provide accessible housing; using methods of administration that have the effect of discriminating against people with disabilities; and otherwise limiting people with disabilities from enjoying housing built or developed by Defendants or the opportunity to obtain such housing.

2.      Defendants have violated Title II of the ADA by denying people with disabilities meaningful access to Defendants' housing programs; aiding or

perpetuating discrimination against people with disabilities by providing significant assistance to developers of housing projects that discriminate on the basis of disability by failing to provide accessible housing; using methods of administration that have the effect of discriminating against people with disabilities; and otherwise limiting people with disabilities from enjoying housing built or developed by Defendants or the opportunity to obtain such housing.

3.    Defendants have violated Section 11135 of the California Government Code by denying people with disabilities meaningful access to Defendants' housing programs; aiding or perpetuating discrimination against people with disabilities by providing significant assistance to developers of housing projects that discriminate on the basis of disability by failing to provide accessible housing; using methods of administration that have the effect of discriminating against people with disabilities; and otherwise limiting people with disabilities from enjoying housing built or developed by defendants or the opportunity to obtain such housing.

B.    DEFENDANTS CITY OF LOS ANGELES AND CRA DEFENSES.

The Complaint alleges three claims against Defendant/Cross Claimant  City of Los Angeles for (1) Violation of 29 U.S.C. § 794 and Section 504 of the Rehabilitation Act; (2) 42 U.S.C. § 12131; and (3) California Government Code § 11135 for alleged implementation of polices, practices, and omissions that violate Section 504 of the Rehabilitation Act, ADA, and state government code.  All claims are brought by Plaintiffs in an alleged representational capacity for unspecified injuries allegedly sustained or threatened to be sustained by its members. Defendant/Cross Claimant City of Los Angeles has alleged various defenses, including, but not limited to: the lack of Article III standing as no concrete facts are alleged raising an inference that Plaintiffs and their membership have sustained an injury-in-fact or invasion of a legally protected interest which is concrete and

particularized, and there are no specific allegations of a causal connection between an injury and Defendant City's conduct or omissions; the Complaint fails to alleged a cognizable claim for disability discrimination; the Complaint and each purported claim for relief alleged therein, is barred whole or in part by the statute of limitations and California Government Tort Claims Act; the City completely and/or substantially complied with all applicable federal and state requirements regarding access; the City was and is not obligated to provide the accessibility alleged in the Complaint to the extent that the facilities at issue were constructed and/or modified before the effective date of any law or regulation requiring the existence of accessibility; the relief sought by Plaintiffs would result in an undue financial or administrative burden on the City; failure to exhaust administrative remedies; the Complaint, and each purported claim for relief therein, is barred in whole or in part because Plaintiffs injuries, if any, was/were caused by third parties acting outside the scope of agency, employment or control of City, including without limitation third parties who own or control the properties on which Plaintiffs seek remediation;  Plaintiffs are not entitled to the injunctive and/or declaratory relief sought against City as they have failed to join necessary parties to the action to effect such relief, including without limitation third parties who own or control the property on which Plaintiffs seek remediation or third parties who own or control adjoining property; the alleged injuries, if any, sustained by Plaintiffs were either wholly or in part, caused by person, firms, corporations or entities other than the City and this conduct is either imputed to Plaintiffs and/or comparatively reduces the percentage of fault, if any, by the City; qualified and possibly Eleventh Amendment immunities.

## VII. <u>MOTIONS.</u>

    A.    PLAINTIFFS.

Plaintiffs intend to file a Motion for Leave to file a First Amended Complaint

prior to May 11, 2012. If the Parties are unable to reach a settlement either informally or with the assistance of a mediator, Plaintiffs will be filing a Motion for Summary Judgment.  Plaintiffs propose that summary judgment motions be filed by April 26, 2013 with a hearing date of May 20, 2013.

  B. DEFENDANT CRA.

  CRA anticipates filing a Motion for Summary Judgment by April 26, 2013 with a hearing date of May 20, 2013.

  C. DEFENDANT/CROSS CLAIMANT CITY OF LOS ANGELES.

  Defendant City of Los Angeles will likely file a motion to dismiss any First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) and may otherwise file a motion for judgment on the pleadings. Defendant City plans to file a motion for summary and alternative motion for summary adjudication on any remaining claims and requests a motion filing date of April 26, 2013 and hearing date of May 20, 2013. If the matter proceeds to trial, Defendant City intends to file Motions in Limine to limit the evidence at trial in conformity with the legal rulings and facts in the case; to bifurcate the damages phase from the liability of trial; and may file other motions to limit the evidence which have not yet been identified.

## VIII. <u>DISCOVERY PLAN.</u>

  A. PLAINTIFFS.

  Plaintiffs intend to serve Interrogatories, Requests for Production, and Requests for Admission, and to depose officers and agents of the City, the CRA and its successor entities, and the owners and/or managers of selected CRA-funded properties.  Plaintiffs intend to propose changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure, and propose to make their

initial disclosures by May 11, 2012.  Plaintiffs would request an increase in the number of interrogatories with respect to the City and CRA from 25 per defendant to 75 per defendant.  In addition, Plaintiffs seek to take up to 20 depositions with respect to their claims against the City, and up to 20 depositions with respect to their claims against CRA and its successor entities.

Plaintiffs' discovery will include documents and information regarding:

1.    Funding levels and sources;

2.    Contractual relationships;

3.    Construction history;

4.    Policies and procedures concerning accessible units and access to such units;

5.    Policies and procedures concerning reasonable accommodations and modifications;

6.    Policies and procedures concerning advertising of accessible units;

7.    Policies and procedures concerning rental and assignment of accessible units;

8.    Data and information regarding housing units and projects, including location of units/projects, the total numbers of units/projects, the numbers of units/projects receiving direct federal funds, and accessibility in the subject units;

9.    Data and information on applicants requesting or applying for accessible units;

10.    Data and information on occupants of accessible units, including their lease agreements;

11.    Communications among defendants regarding federal requirements, accessibility, and related topics;

12.    Transition of the redevelopment agency and its obligations, liabilities, assets and functions under ABx1 26 (2011).

B. DEFENDANTS CRA AND CITY OF LOS ANGELES.

Defendants CRA and City of Los Angeles intend to conduct written discovery, including interrogatories, requests for production of documents, requests for admissions, and taking depositions of key party witnesses.  Site inspections will be warranted as discovery progresses. Expert discovery is also anticipated. Defendants propose making their initial disclosures on May 11, 2012. Defendants will conduct discovery in the following areas, which is not exhaustive, including, but not limited to:

1.   Funding sources;

2.   Contractual relationships;

3.   Construction history at the alleged apartments and dwellings and property ownership;

4.   Policies and procedures concerning accessible units and access to such units;

5.   Policies and procedures concerning reasonable accommodations and modifications, and demands related thereto;

6.   Policies and procedures concerning Plaintiffs' requests for accommodated housing and qualifications for same;

7.   Policies and procedures concerning rental and assignment of accessible units;

8.   Data and information regarding housing units and projects, including location of units/projects; the total numbers of units/projects; the number of units/projects receiving direct federal funds; accessibility; and Plaintiffs qualifications for same;

9.   Data and information on applicants requesting or applying for accessible units;

10.   Information regarding oversight and enforcement of accessibility

requirements from other Defendants;

11.    Communications among other parties and Plaintiffs;

12.    Discovery pertaining to Plaintiffs' alleged representational standing;

13.    Exhaustion of administrative remedies, if any;

14.    Medical evidence supporting any claim of disability;

15.    Damages;

16.    Evidence supporting any claim for equitable relief;

17.    Compliance with the California Government Tort Claims Act;

18.    Discovery concerning the services, programs, and activities in question in this action;

19.    Discovery concerning the relief sought by Plaintiffs and the related financial or administrative burdens on Defendants;

20.    Discovery concerning responsible third parties who are wholly or in part responsible for the harm alleged;

21.    Discovery concerning implementation of required polices, procedures and guidelines to ensure building accessibility to persons with disabilities and implemented reporting and notification procedures;

22.    Subsequent remedial measures; and

23.    Discovery concerning building, safety, zoning, and other applicable statutes and concerns concerning residential premises.

## IX.   DISCOVERY CUT-OFF.

Plaintiffs propose November 16, 2012 as the fact-discovery cut-off date.

Defendants CRA and the City of Los Angeles propose the date of January 22, 2013 as the fact discovery cut-off given the complexity of issues, number of parties and due to the uncertainty concerning the conducting of CRA affairs since the entity has been dissolved by state action.

## X.   EXPERT DISCOVERY.

Plaintiffs propose December 14, 2012 as the deadline for initial expert witness disclosures; January 15, 2013 as the deadline for the exchange of expert rebuttal reports; and February 15, 2013 as the deadline for completion of expert discovery.

Defendants CRA and the City of Los Angeles propose February 11, 2013 as the deadline for initial expert witness disclosures; March 11, 2013 as the deadline for the exchange of expert rebuttal reports; and March 29, 2013 as the deadline for completion of expert discovery.

## XI.   CASE COMPLEXITY.

All Parties believe this case is complex and that it is necessary to employ the Manual for Complex Litigation or the procedures contained therein.

## XII.   STATUS OF SETTLEMENT NEGOTIATIONS.

Preliminary settlement conversations have occurred between Plaintiffs and the CRA, but no final settlement is possible until the Oversight Board is established and convened. Plaintiffs wish to explore the feasibility of prompt settlement and Defendants prefer to utilize Settlement Procedure No. 1 (Magistrate Judge), as described in L.R. 16-15.4.  The Parties have not been able to agree with respect to a magistrate judge in Los Angeles.

## XIII.  PROPOSED PRE-TRIAL AND TRIAL DATES.

Plaintiffs propose a pre-trial conference date May 13, 2013 and a trial date May 21, 2013.  Plaintiffs estimate the trial in this matter will take 10 days. Plaintiffs request a jury trial.

## XIV.  TRIAL.

Plaintiffs and Defendant City of Los Angeles request a final pre-trial conference date of May 13, 2013 and trial date of May 21, 2013.

Defendant CRA proposes a final pre-trial conference date of June 10, 2013 and a trial date of July 8, 2013.

1      Plaintiffs estimate a trial in this case will take 12-15 trial days.

2      Defendants estimate a trial in this case will take at least two months if all

3   thirty-five of the defendants which Plaintiffs anticipate bringing into the action are

4   still in the case.

5   **XIV.  OTHER ISSUES.**

6      A.    DEFENDANT CRA.

7      Defendants intend to tender their defense to the thirty-four unserved

8   Defendants, and additional tenders may be made thereafter.  There may be

9   significant cross complaining between the parties. It is anticipated that this process

10  will be lengthy. Additionally, conducting discovery in a case with thirty-six

11  defendants (not including any cross complainants) will be extremely time

12  consuming.  Given these realities, CRA acknowledges that the discovery and pre-

13  trial schedule it proposes above may be overly ambitious.  Perhaps no dates should

14  be set until all parties are in the case, the case is at issue, and a more realistic

15  schedule can then be contemplated with input from all the parties and the court.

18  Dated:  April 9, 2012

19                              Respectfully submitted,

20                              MICHAEL G. ALLEN*
21                              D. SCOTT CHANG #146403
                                JAMIE L. CROOK #245757
22                              RELMAN, DANE & COLFAX PLLC

23
24                              By:  s/ Michael Allen
                                      MICHAEL ALLEN
25
26                              PAULA D. PEARLMAN #109038
                                REBECCA A. CRAEMER #274276
27                              DISABILITY RIGHTS LEGAL CENTER

28

                              –17–

1    DAVID GEFFEN #129342
2    DAVID GEFFEN LAW FIRM

3    DARA SCHUR #98638
4    AUTUMN ELLIOTT #230043
     DISABILITY RIGHTS CALIFORNIA
5

6

7    *Admitted pro hac vice*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT REPORT OF THE EARLY MEETING OF COUNSEL

1   Dated:  April 9, 2012                    Respectfully submitted,

2                                            KIMBERLY E. COLWELL
3                                            MEYERS, NAVE, RIBACK, SILVER &
                                             WILSON
4

5                                            By:  s/ Kimberly E. Colwell
6                                                    KIMBERLY E. COLWELL

7                                            Attorneys for Defendant CRA

8

9

10  Dated: April 9, 2012                     Respectfully submitted,

11                                           CARMEN A. TRUTANICH, City Attorney
12                                           CRAIG TAKENAKA, Man.Asst. City Attorney
                                             DEBORAH BREITHAUPT, Deputy City Attorney
13

14                                           By: s/ Deborah Breithaupt
                                                    DEBORAH BREITHAUPT
15                                                  Deputy City Attorney

16
                                             Attorneys for Defendant/Cross Claimant
17                                           CITY OF LOS ANGELES

18

19

20

21

22

23

24

25

26

27

28

JOINT REPORT OF THE EARLY MEETING OF COUNSEL

Case Number: CV 12-00551 SJO (PJWx)

## DISTRICT JUDGE

## SCHEDULE OF PRETRIAL DATES

| Matter | Time | Day(s) or Weeks Before Trial | Plaintiffs' Request | Defendants' Request | Court Order |
|---|---|---|---|---|---|
| Trial Date (Jury) Estimated Length: Plaintiffs: 12-15 days; Defendants: 2 months | 9:00 a.m. | | 7/8/13 | 7/8/13 | |
| Final Pretrial Conference; Discuss Previously-Filed Motions in Limine; File Agreed-Upon Set of Jury Instructions and Verdict Forms and Joint Statement of Undisputed Instructions and Verdict Forms; File Proposed Voir Dire Questions and Agreed-To Statement of Case; File Witness List, Exhibit List, and | 9:00 a.m. | 30 days | 6/10/13 | 6/10/13 | |

JOINT REPORT OF THE EARLY MEETING OF COUNSEL

| | | | | | |
|---|---|---|---|---|---|
| Trial Brief | | | | | |
| Last Day for Hearing Motions | | | 5/20/13 | 5/20/13 | |
| Discovery Cut-Off | | | Fact Discovery Cutoff: 11/16/12 Expert Disclosures: 12/14/12 Rebuttal Disclosures: 1/15/13 Expert Discovery Cutoff: 2/15/13 | Fact Discovery Cut off 1/22/13 Expert Disclosures 2/11/13 Rebuttal Disclosures 3/11/13 Expert Discovery Cut Off 3/29/13 | |

## ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16-14 Settlement Choice: (1) CT/USMJ   (2) Atty  (3) Outside ADR  (4) Court

| | | | | | |
|---|---|---|---|---|---|
| Last day to Conduct Settlement Conference | | 3 weeks prior to pretrial conference | 4/22/13 | 4/22/13 | |
| Last Day to Amend Pleading or Add Parties | | Within 30 days from scheduling conference | 7/2/12 | 7/2/13 | |

JOINT REPORT OF THE EARLY MEETING OF COUNSEL