1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   MELISSA T. DAUGHERTY, SB# 227451
2     E-Mail: daugherty@lbbslaw.com
   JULIET ANTOUN, SB# 272298
3     E-Mail: jantoun@lbbslaw.com
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California 90012
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   KAREN A. FELD, SB# 162773
7     E-Mail: kfeld@lbbslaw.com
   650 E. Hospitality Lane, Suite 600
8  Los Angeles, California 92408
   Telephone: 909.387.1130
9  Facsimile: 909.387.1138

10 Attorneys for Defendant/Cross-Defendant
   DLA, A DESIGNATED LOCAL
11 AUTHORITY, SUCCESSOR TO
   COMMUNITY REDEVELOPMENT
12 AGENCY OF THE CITY OF LOS
   ANGELES (ABx1 26)
13
   **BYRNE & NIXON LLP**
14 MARK A. BYRNE (CA SB# 116657)
   E-mail: markbyrne@byrnenixon.com
15 JENNIFER L. DERWIN (CA SB# 222420)
   E-mail: jenniferderwin@byrnenixon.com
16 888 West Sixth Street, Suite 1100
   Los Angeles, California 90017
17 Tel: (213) 620-8003
   Fax: (213) 620-8012
18
   Attorneys for Defendant & Cross-Claimant
19 CITY OF LOS ANGELES

20              UNITED STATES DISTRICT COURT

21       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

22

23 INDEPENDENT LIVING CENTER          CASE NO. 12-CV-551 SJO (PJWx)
24 OF SOUTHERN CALIFORNIA, et al.,
                                      **DEFENDANT/CROSS-**
25              Plaintiffs,           **DEFENDANT DLA, A**
                                      **DESIGNATED LOCAL**
26         vs.                        **AUTHORITY, SUCCESSOR TO**
                                      **COMMUNITY REDEVELOPMENT**
27 CITY OF LOS ANGELES,               **AGENCY OF THE CITY OF LOS**
   CALIFORNIA, a California municipal **ANGELES AND**
28 corporation; COMMUNITY             **DEFENDANT/CROSS-CLAIMANT**

4832-9570-1009.1
DEFENDANTS DLA'S AND CITY'S  JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES; et al.,<br><br>Defendants.<br>_____<br>AND RELATED CROSS-COMPLAINT. | **CITY OF LOS ANGELES' NOTICE OF JOINT MOTION AND JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>[Filed concurrently with Request for Judicial Notice and Proposed Order]<br><br>Judge: Hon. S. James Otero<br>Date:   November 5, 2012<br>Time:   10:00 a.m.<br>Crtrm.: Number 1, Second Floor<br><br>Trial Date:    None Set |

TO THE COURT AND TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 5, 2012 at 10:00 a.m., or as soon thereafter as the parties may be heard in the above-entitled court, located at 312 N. Spring Street, Los Angeles, California 90012, Defendant/Cross-Defendant DLA, A DESIGNATED LOCAL AUTHORITY, SUCCESSOR TO COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES (ABx1 26) ("DLA") and Defendant/Cross-Claimant CITY OF LOS ANGELES ("City") will, and hereby do, move, pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' Claims for Relief in the Second Amended Complaint ("SAC") in this action on the grounds that they fail to state a claim upon which relief can be granted.

The grounds for this motion are as follows:

1)      The First, Second, Third, Fourth, Fifth and Sixth Claims for Relief all fail to state a claim upon which relief can be granted.

///
///
///
///

1    This Motion is submitted jointly by the DLA and the City pursuant to the

2  Court's Order on August 20, 2012.  This Motion is brought pursuant to this Joint

3  Notice of Motion and Joint Motion; the Memorandum of Points and Authorities

4  filed herewith; the Court's file in this matter; the concurrently filed Request for

5  Judicial Notice; and, on such other or further matters as may be presented at the

6  hearing of this matter.

7    It is counsel's understanding that no meet and confer was required under

8  Local Rule 7-3 based on this Court's Order on August 20, 2012.  (Docket No. 100).

9

10

11  DATED: September 21, 2012          Respectfully submitted,
                                      LEWIS BRISBOIS BISGAARD & SMITH LLP
12

13

14
                                      By:      /s/ Melissa T. Daugherty
15                                             Karen A. Feld
                                               Melissa T. Daugherty
16                                             Juliet Antoun
17                                             Attorneys for Defendant/Cross-Defendant
                                               DLA, A DESIGNATED LOCAL
18                                             AUTHORITY, SUCCESSOR TO
                                               COMMUNITY REDEVELOPMENT
19                                             AGENCY OF THE CITY OF LOS
20                                             ANGELES (ABx1 26)

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    DATED: September 21, 2012      Respectfully submitted,
                                        BYRNE & NIXON LLP

2

3

4                                      By: _____ /s/ Mark A. Byrne

5                                          Mark A. ByrneAttorneys for
                                         Defendant/Cross-Claimant

6                                          CITY OF LOS ANGELES

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

# TABLE OF CONTENTS

2

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 5 |
| II. | SUMMARY OF COMPLAINT AND PROCEDURAL BACKGROUND | 7 |
| III. | LEGAL STANDARD | 9 |
| IV. | ARGUMENT | 10 |
| | A. Plaintiffs' First and Second Claims for Violation of the Rehabilitation Act Fail to State Claims Upon Which Relief Can be Granted | 10 |
| |     1. Plaintiffs Have No Private Cause of Action Regarding HUD Regulations | 11 |
| |     2. Plaintiffs Fail to State a Claim Based Upon Any Alleged Wrongdoing by the DLA and the City | 13 |
| |     3. Plaintiffs' Claims Fail As a Matter of Law | 15 |
| | B. Plaintiffs' Claims Under the Americans With Disabilities Act and the Fair Housing Act (Claims 3 through 5) Fail As A Matter of Law | 16 |
| | C. Plaintiff FHC is a Suspended Corporation that Cannot Continue as A Plaintiff in this Action Until its Corporate Status is Revived | 19 |
| | D. Plaintiffs' Claims Are Barred by the Statute of Limitations | 20 |
| V. | CONCLUSION | 22 |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

i

# TABLE OF AUTHORITIES

## FEDERAL COURT CASES

*Alexander v. Sandoval,*
    532 U.S. 275, 121 S. Ct. 1511, 149 L. Ed. 2d 517 (2001) ...........................12

*Alexopulos By and Through Alexopulos v. San Francisco Unified Sch. Dist.,*
    817 F.2d 551 (9th Cir. 1987).........................................................................21

*Anderson v. California,*
    2011 U.S. Dist. LEXIS 34177 (S.D. Cal. 2011) .........................................20

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)......................................................................................... 9

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .....................9, 10

*Clegg v. Cult Awareness Network,*
    18 F.3d 752 (9th Cir. 1994)............................................................................ 9

*Cleveland v. Caplaw Enterprises,*
    448 F.3d 518 (2d Cir. 2006).....................................................................15, 16

*Darensburg v. Metro. Transp. Comm'n,*
    611 F. Supp. 2d 994 (N.D. Cal. 2009)..........................................................20

*Dinapoli v. DPA Wallace Ave, II LLC,*
    2009 U.S. Dist. LEXIS 23274 (S.D.N.Y. 2009) ..........................................18

*Duvall v. County of Kitsap,*
    260 F.3d 1124 (9th Cir. 2001)..................................................................11, 17

*Fagundes v. Charter Builders, Inc.,*
    2008 U.S. Dist. LEXIS 9617 (N.D. Cal. 2008)............................................18

*Flores v. Emerich & Fike,*
    385 Fed.Appx. 728, 2010 WL 2640625 *1 (9th Cir. 2010) ..........................19

*Garcia v. Brockway,*
    526 F.3d 456 (9th Cir. 2008).........................................................................20

*Gonzaga Univ. v. Doe,*
    536 U.S. 273, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002) ...........................12

*Growth Horizons, Inc. v. Delaware County, Pa.,*
    983 F.2d 1277 (3d Cir. 1993)........................................................................17

*Henrietta D. v. Bloomberg,*
    331 F.3d 261 (2nd Cir. 2003)........................................................................13

*Holley v. Crank,*
    400 F.3d 667 (9th Cir. 2005).........................................................................15

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Ileto v. Glock Inc.,*
349 F.3d 1191 (9th Cir. 2003) ................................................................................ 9

*Liberty Resources v. Philadelphia Housing Authority,*
528 F. Supp.2d 553 (E.D. Pa. 2007) ..................................................................... 18

*Lovell v. Chandler,*
303 F.3d 1039 (9th Cir. 2002) ....................................................................... 11, 17

*Mark H. v. Lemahieu,*
513 F.3d 922 (9th Cir.2008) ................................................................................ 13

*Phifer v. Sacramento Hous. & Redevelopment Agency,*
2009 U.S. Dist. LEXIS 81662 (E.D. Cal. Sept. 9, 2009) ......................... 11, 17

*Pimentel v. Orloff,*
2008 U.S. Dist. LEXIS 63121, *5, n. 3 (N.D. Cal. Aug. 19, 2008) ............. 20

*See, Williams v. Grannis,*
2010 U.S. Dist. LEXIS 16449, *22-*23, n. 3 (E.D. Cal. 2010) .................... 17

*Specifically, in Madsen v. Boise State University,*
976 F.2d 1219 (9th Cir. 1992) ............................................................................. 14

*Taylor v. Housing Authority of New Haven,*
645 F.3d 152 (2d Cir. 2011) .......................................................................... 12, 13

*Telesca v. Long Island Housing Partnership, Inc.,*
443 F.Supp.2d 397 (E.D. NY 2006) .................................................................... 13

*Three Rivers Ctr. for Indep. Living, Inc. v. Hous. Auth. of Pittsburgh,*
382 F.3d 412 (3d Cir.2004) ....................................................................... 11, 12, 13

*United States v. Cal. Mobile Home Park Mgmt.,*
107 F.3d 1374 (9th Cir. 1997) .............................................................................. 17

*Weinreich v. Los Angeles County MTA,*
114 F.3d 976 (9th Cir. 1997) ................................................................................ 16

*Z.F. v. Ripon Unified Sch. Dist.,*
(RUSD), 2011 U.S. Dist. LEXIS 11305 ............................................................. 20

*Zukle v. Regents of University of California,*
166 F.3d 1041, 1045 (9th Cir. 1999) .................................................................... 17

### STATE COURT CASES

*Robinson v. City of Chowchilla,*
202 Cal. App. 4th 382 (2011) ................................................................................. 5

### FEDERAL STATUTES

42 U.S.C. § 12132 ..................................................................................................... 16

42 U.S.C.S §3613(a)(1)(A) ....................................................................................... 20

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

STATE STATUTES

24 C.F.R § 8.27. ...........................................................................................16

24 C.F.R § 8.33. ...........................................................................................16

*Cal. Civ. Proc. Code* §335.1 (2012) .....................................................20

*Cal. Civ. Proc. Code* §1021.5 ................................................................ 5

*Cal. Gov. Code* § 12955(a) (2012) .......................................................15

*Cal. Gov't Code* § 11135............................................... 5, 8, 10, 19, 20, 21

*Cal. Gov't Code* § 11135(a) ...................................................................19

N.Y.C. CHARTER AND ADMINISTRATIVE CODE

N.Y.C. Charter Builders..............................................................................18

FEDERAL RULES AND REGULATIONS

24 C.F.R. §§ 8.22,.......................................................................................13

24 C.F.R. §§ 8.22-8 ....................................................................................20

Fed. R. Civ. P. 12(b)(6)............................................................................2, 9

STATE RULES AND REGULATIONS

C.F.R. §§ 8.22-8.27, 8 ..........................................................................20, 21

Local Rule 7-3 ............................................................................................. 3

TREATISES

*Cal. Gov. Code* §12955(a) (2012) .........................................................15

*Cal. Gov. Code* §12927(e) (2012) .........................................................15

*Cal. Civ. Proc. Code* § 335.1 (2012) .....................................................20

LEGISLATIVE MATERIALS

*U.S. Healthwin-Midtown Convalescent Hospital,*
511 F.Supp 416, 418 (C.D. Cal 1981)........................................................19

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The Independent Living Center of Southern California ("ILCSC"), Fair Housing Council of San Fernando Valley ("FHC") and Communities Actively Living Independent and Free ("CALIF") (collectively "Plaintiffs") bring this action, alleging that Defendant DLA, successor to Community Redevelopment Agency of the City of Los Angeles ("DLA"), as well as the City of Los Angeles ("City") have engaged in a "pattern or practice" of discrimination against people with disabilities in violation of section 504 of the Rehabilitation Act ("section 504"), Title II of the Americans with Disabilities Act ("ADA"), the Fair Housing Act ("FHA") and *California Government Code* section 11135. Specifically, Plaintiffs contend that the DLA and the City failed to ensure that the housing developments they funded were accessible to people with disabilities. Plaintiffs have joined the owners of the subject developments, "solely because they may be necessary to effectuate any injunctive relief . . . the Court may order." (SAC ¶ 6.)

Plaintiffs seek injunctive relief, declaratory relief, damages, and attorneys' fees. (SAC ¶¶ 65-69.) Interestingly, Plaintiffs are seeking monetary damages from the DLA and the City, not the owner defendants. (SAC at 68:27-69:1.) Plaintiffs are improperly requesting attorneys' fees pursuant to California's private attorney general statute, *Cal. Code Civ. Proc.* § 1021.5, notwithstanding the fact that Plaintiffs' complaint is, in large part, based on an active Department of Housing and Urban Development ("HUD") investigation. (SAC at 69:2-5, ¶¶ 187-188.) This is improper because *Cal. Code Civ. Proc.* § 1021.5 requires that a prevailing plaintiff establish that private enforcement is necessary *because no public entity or official pursued enforcement or litigation.* (*Robinson v. City of Chowchilla*, 202 Cal. App. 4th 382, 390 (2011).)

While Plaintiffs complain of numerous "failures" by the DLA and the City (SAC ¶¶ 179-183), Plaintiffs fail to allege that they have ever sought reasonable

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1

5

DEFENDANTS DLA'S AND CITY'S JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1   accommodations by the DLA or the City for their clients or that Plaintiffs have ever

2   lodged a formal complaint with DLA or the City. For example: ILCSC states it has

3   "invested considerable time and effort in educating the City," and "conduct[ed]

4   outreach to the City and the Redevelopment Defendants" (SAC ¶¶ 205, 209); FHC,

5   a suspended corporation[1], states it has "invested considerable time and effort in

6   reporting to Government Defendants the extent of noncompliance," (SAC ¶ 216);

7   and, CALIF fails to even aver direct contact with the DLA or the City; rather,

8   CALIF claims to have expended resources, "educating housing providers and the

9   general public about federal accessibility requirements." (SAC ¶ 225.) Additionally,

10  while FHC purports to, "assist[] people with disabilities to file housing

11  discrimination complaints," FHC fails to identify against and to whom the

12  complaints are allegedly filed.

13          The DLA and the City are sympathetic to housing obstacles facing low-

14  income and disabled people. That being said, litigation such as this does nothing

15  more than further drain scarce public resources for the DLA and the City,

16  particularly where, as here, there is an administrative process underway in which

17  HUD can address any issues of non-compliance.

18          As set forth below, Plaintiffs cannot sustain their claims against the DLA or

19  the City because: (1) Plaintiffs' claims under the ADA and FHA fail as a matter of

20  law; (2) Plaintiffs' claims under the Rehabilitation Act fail to state claims upon

21  which relief can be granted, in part, because there is no private right of action to

22  enforce the HUD regulations at issue; (3) Plaintiffs' state law claims fail; and, (4)

23  Plaintiffs' claims are all time-barred. As such, Plaintiffs' claims against the DLA

24  and the City should be dismissed with prejudice.

25  ///

26  _____

27  [1] Under California law, a suspended corporation cannot prosecute a civil action.
    *See*, Section IV(D), *infra*.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1                                          6
DEFENDANTS DLA'S AND CITY'S JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

## II.    SUMMARY OF COMPLAINT AND PROCEDURAL BACKGROUND

Plaintiff ILCSC is an independent living center for people with disabilities that also provides a wide range of services to people with disabilities and seniors in the City of Los Angeles and adjoining areas. (SAC ¶ 9.) The majority of ILCSC's clients are poor because of their disabilities and thus rely upon private and public programs intended to serve people with low incomes. (*Id.* at ¶ 10.)

ILCSC offers services to people with disabilities and seniors to give these individuals an opportunity to seek an individual course towards independence. (*Id.* at ¶ 10.) ILCSC alleges that the City and DLA have harmed its clients because they have failed to ensure that the housing projects they funded are accessible to disabled individuals. (*Id.* at ¶ 14.)

FHC assists disabled individuals with filing housing discrimination complaints and also responds to inquiries about the availability of housing for people with disabilities. (*Id.* at ¶¶ 16, 17.) FHC asserts that it "expended substantial staff and monetary resources" researching accessible affordable housing from 2008 to the present, due to a lack of information about such housing. (*Id.* at ¶ 18.) FHC alleges that its constituents, employees and board of directors have been harmed by the DLA and the City because they have failed to ensure that the housing projects they funded are accessible to disabled individuals. (*Id.* at ¶ 20.) As noted in the introduction above, FHC is a suspended California corporation. (Request for Judicial Notice ("RJN"), Exhibit ("Ex.") "A".)

CALIF also assists clients searching for accessible housing, "requiring it to devote one full-time employee to assist clients with housing needs." (*Id.* at ¶¶ 24, 27.) CALIF asserts that it has had to divert the time and resources of its Housing Advocate from implementing CALIF's housing programs in order to inspect the accessibility of housing units to which it refers its clients. (*Id.* at ¶ 28.) CALIF alleges that some of the buildings it inspected were funded by the DLA and the City and were inaccessible. (*Id.* at ¶ 29.) CALIF asserts that its clients, employees, and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1
7
DEFENDANTS DLA'S AND CITY'S JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1    community advisory board have been harmed by the DLA and the City because they
2    have failed to ensure that the housing projects it funded are accessible to disabled
3    individuals. (*Id.* at ¶ 30.)

4          Plaintiffs initiated this action on January 13, 2012 bringing federal claims
5    under section 504, the ADA, FHA and a similar state law claim under *California*
6    *Government* Code section 11135. In addition to the DLA and the City, Plaintiffs
7    named approximately 60 property owners as Rule 19 defendants. Plaintiffs are
8    seeking injunctive relief, declaratory relief, damages, costs, and attorneys' fees.
9    (SAC at pp. 65-69.)

10         As previously discussed during the Status Conferences on July 13, 2012 and
11   August 20, 2012, Plaintiffs' counsel of record brought a similar case against the
12   DLA and the City in *Mei Ling v. City of Los Angeles, et al.*, Case No. 11-cv-7774-
13   SVW, pending before Judge Wilson. In that case, the Court dismissed plaintiff's
14   FHA and FEHA claims. In *Mei Ling*, the plaintiff made the same substantive
15   arguments that the Plaintiffs in this case are making against DLA and the City;
16   namely, that DLA and the City had a duty to monitor other defendants to ensure
17   compliance with federal laws. (*Ling* Docket Nos. 76, 94.)

18         DLA filed a Motion to Dismiss Plaintiff's Second Amended Complaint on
19   May 22, 2012. (*Ling* Docket No. 86.) Judge Wilson granted DLA's motion on July
20   6, 2012, finding that the plaintiff failed to cite to any case "holding an entity such as
21   CRA liable for housing discrimination based solely on its failure to monitor other
22   defendants, ***nor do the applicable statutes appear to impose such liability.***" (*Ling*
23   Docket No. 109.) (RJN at Ex. "B", p. 6) (emphasis added). Judge Wilson later
24   modified his ruling somewhat, finding that the plaintiff could proceed only with her
25   Rehabilitation Act claim against the DLA and the City (which is the subject of a
26   pending Motion for Summary Judgment). (RJN at Ex. C.) Specifically, Judge
27   Wilson found:

28         While it appears that courts have found state agencies liable under

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1
8
DEFENDANTS DLA'S AND CITY'S JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1   Section 504 of the Rehabilitation Act under a failure to supervise, the
2   same cannot be said for FHA and FEHA claims.  As this Court found
3   previously, the FHA and the FEHA does not impose liability based
4   solely on its failure to monitor other defendants, nor do the cases cited
5   by Plaintiff impose such liability.

6   (*Id.* at page 3 of 4.)

7          Further, as demonstrated below, at Section IV(A)(2), in *Mei Ling*, the plaintiff
8   relied upon two Second Circuit cases (that were then referenced in the August 30,
9   2012 Order) as permitting the Section 504 claims to proceed that both predate a
10   2011 decision by the Second Circuit in which that court found there is no private
11   right of action to enforce the HUD regulations.

12   **III.   LEGAL STANDARD**

13          A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the
14   legal sufficiency of the claims alleged in the complaint.  (*Ileto v. Glock Inc.*, 349
15   F.3d 1191, 1199-1200 (9th Cir. 2003).)  "To survive a motion to dismiss, a
16   complaint must contain sufficient factual matter, accepted as true, to state a claim to
17   relief that is plausible on its face."  (*Clegg v. Cult Awareness Network*, 18 F.3d 752,
18   754-55 (9th Cir. 1994).)  Moreover, the Court is not required to accept legal
19   conclusions cast in the form of factual allegations if those conclusions cannot
20   reasonably be drawn from the facts alleged.  (*Id.*)

21          Put another way, "[w]hile legal conclusions can provide the framework of a
22   complaint, they must be supported by factual allegations.  (*Ashcroft v. Iqbal*, 556
23   U.S. 662, 679 (2009).)  The plaintiff's obligation to provide the grounds of
24   entitlement to relief "requires more than labels and conclusions, and a formulaic
25   recitation of the elements of a cause of action will not do."  (*Bell Atlantic Corp. v.
26   Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 940 (2007).)
27   Rather, a plaintiff must proffer, "enough facts to state a claim to relief that is
28   plausible on its face."  (*Id.* at 570.)  At this juncture it bears noting that both in the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1                                                                            9
DEFENDANTS DLA'S AND CITY'S JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1  *Mei Ling* case and in this matter, virtually every "factual allegation" by Plantiffs
2  consists of conclusory allegations that lack *any* specificity as to what the DLA and
3  the City have purportedly done in violation of the law. (*See, e.g.* RJN at Ex. "B",
4  page 6 ["Plaintiff's conclusory allegation that other defendants were acting as
5  "agents" of CRA[/LA] does not alter [the Court's analysis]."[2]

6  **IV.    ARGUMENT**

7         Preliminarily, the DLA and the City believe the following two points bear
8  emphasis:

9    • Judge Wilson's analysis with respect to the plaintiff's FHA claims in the
10       *Mei Ling* matter applies equally here and Plaintiffs' Fifth Claim for Relief
11       under FHA should be dismissed for the same reasons.

12   • As set forth more fully below, the two cases from the Second Circuit upon
13       which Judge Wilson relied in permitting the plaintiff in *Mei Ling* to
14       proceed with her Rehabilitation Act claim predate a 2011 Second Circuit
15       decision wherein that Court found that there is no private right to enforce
16       the HUD regulations. (*See*, Section IV(A)(2), *infra*.)  Based upon this
17       recent case law, Plaintiffs' First and Second Claim for Relief under the
18       Rehabilitation Act should be dismissed. Since Plaintiffs' Third and Fourth
19       Claim for Relief under the ADA and Fifth Claim for Relief under
20       *Government Code* Section 11135 are modeled on the Rehabilitation Act,
21       they similarly fail.

22   **A.    Plaintiffs' First and Second Claims for Violation of the**
23          **Rehabilitation Act Fail to State Claims Upon Which Relief Can be**

24

25  [2] The Court's analysis being, "Plaintiff cites no case, however, holding an entity
26  such as CRA liable for housing discrimination based solely on its failure to monitor
27  other defendants, nor do the applicable statutes appear to impose such liability."
    (RJN at Ex. "B", pp. 5-6.)

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1
10
DEFENDANTS DLA'S AND CITY'S JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1    **Granted**

2    Plaintiffs' claims against the DLA and the City fail to state a claim upon

3    which relief can be granted.  In order to establish a claim under section 504,

4    Plaintiffs must establish four elements: (1) they are individuals with a disability; (2)

5    they are otherwise qualified to receive the benefits at issue; (3) they were denied the

6    benefits of the program *solely* because of their disability; and (4) the program

7    receives federal financial assistance.  (*Phifer v. Sacramento Hous. & Redevelopment*

8    *Agency*, 2009 U.S. Dist. LEXIS 81662, at *35-36 (E.D. Cal. Sept. 9, 2009), *italics*

9    added; *see also, Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001),

10   *italics* added; *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).)  The Ninth

11   Circuit has recognized that organizations of or for handicapped persons have

12   standing to sue under section 504. (*Greater Los Angeles Council on Deafness, Inc.*

13   *v. Sheridan* (1987) 812 F.2d 1103, 1115, citing *Williams v. United States* (1983) 704

14   F.2d 1162, 1163.)

15   As set forth below, Plaintiffs cannot overcome the conclusion that there exists

16   no private right to enforce HUD regulations as Plaintiffs are seeking to do here.

17   Moreover, Plaintiffs fail to state sufficient facts raising an inference of liability on

18   the part of the DLA or the City and their claims fail as a matter of law.

19       **1.   Plaintiffs Have No Private Cause of Action Regarding HUD**

20           **Regulations**

21   Plaintiffs' SAC complains of the DLA's and the City's failure to enforce

22   certain HUD regulations. (SAC ¶¶ 120-126, 165, 168, 170, 174-175, 180-181, 183,

23   186, 191.)  Thus, Plaintiffs imply that the DLA and the City are duty-bound to

24   Plaintiffs to ensure that the housing developments they fund comply with applicable

25   law, including the HUD regulations.  Not so.  At least two circuits have found that

26   there is no private right to enforce HUD regulations.

27   In *Three Rivers Ctr. for Indep. Living, Inc. v. Hous. Auth.*, 382 F.3d 412 (3d

28   Cir. 2004), an individual and a non-profit corporation that reported that "many of its

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1                                                              11
DEFENDANTS DLA'S AND CITY'S JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1  clients have a hard time finding accessible and affordable housing" sued a housing

2  authority for declaratory and injunctive relief compelling the authority to comply

3  with HUD regulations. (*Id.* at 415, 417.) The housing authority was found to have

4  "continually failed to comply with HUD's regulations," and, as a consequence of

5  that failure, the demand for accessible public housing exceeded the supply. (*Id.* at

6  416-417.)

7        The Third Circuit held that "the Rehabilitation Act does not provide a private

8  right of action to enforce ... HUD regulations." (*Id.* at 425.) The court noted that

9  the HUD regulations that the plaintiffs sought to enforce "relate to 'institutional

10  policy and practice, not individual instances of discrimination." (*Id.* at 429). Thus

11  the court concluded that "[s]ection 504's implied right of action only allows

12  plaintiffs to enforce personal rights that the statute creates and not systemic

13  obligations." (*Id.* at 431.)

14        Likewise, in *Taylor v. Housing Authority of New Haven*, 645 F.3d 152 (2d

15  Cir. 2011), which refers to *Three Rivers*, the Second Circuit upheld the district

16  court's determination that the HUD regulations at issue could not be privately

17  enforced. Specifically, the Second Circuit stated:

18            This Court has not addressed the private enforceability of the

19            Department of Housing and Urban Development ("HUD") regulations

20            at issue here or the private enforceability of agency regulations

21            generally since the Supreme Court's decision in *Alexander v. Sandoval*,

22            532 U.S. 275, 121 S. Ct. 1511, 149 L. Ed. 2d 517 (2001). The *Sandoval*

23            Court held that a regulation may be privately enforced if it "invoke[s] a

24            private right of action that Congress through statutory text created." *Id.*

25            at 291, 121 S. Ct. 1511. In other words, a right of action "can extend no

26            further than" the personal right conferred by the plain language of the

27            statute. *Taylor II*, 267 F.R.D. at 42–43; see *Gonzaga Univ. v. Doe*, 536

28            U.S. 273, 283, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002); *Sandoval*,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1

12

DEFENDANTS DLA'S AND CITY'S JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1    532 U.S. at 291, 121 S. Ct. 1511 ("Agencies may play the sorcerer's

2    apprentice but not the sorcerer himself."); see also *Mark H. v.*

3    *Lemahieu*, 513 F.3d 922, 935 (9th Cir.2008) ("Sandoval instructs that

4    whether the § 504 regulations are privately enforceable will turn on

5    whether their requirements fall within the scope of the prohibition

6    contained in § 504 itself.").

7    We adopt the district court's carefully considered and thorough

8    discussion of these issues. See *Taylor II*, 267 F.R.D. at 40–47, 52–54;

9    see also *Three Rivers Ctr. for Indep. Living, Inc. v. Hous. Auth. of*

10    *Pittsburgh*, 382 F.3d 412, 418–32 (3d Cir.2004) (reaching analogous

11    conclusions with respect to HUD regulations at 24 C.F.R. §§ 8.22, .23,

12    and .26).

13    (*Taylor v. Housing Authority of the City of New Haven*, 645 F.3d 152, 154-154 (2nd

14    Cir. 2011.)[3]

15    **2.    Plaintiffs Fail to State a Claim Based Upon Any Alleged**

16    **Wrongdoing by the DLA and the City**

17    A fair reading of the SAC necessarily leads to the conclusion that the primary

18    reason some, if not many, of Plaintiffs' clients cannot find the housing they desire is

19    because there is a general shortage of accessible housing.  Plaintiffs allege that by

20    the City's own report, "there are hundreds of thousands of individuals, and families,

21    in Los Angeles, who require accessible, affordable housing and do not have it."

22    (SAC ¶ 140.)  According to Plaintiffs, the DLA and the City's redevelopment

23    _____

24    [3] *Taylor* is particularly important here in that it is a Second Circuit case that

25    was decided after the two cases from the Second Circuit that Plaintiff previously

26    relied upon and Judge Wilson cited in the *Mei Ling* case, respectively:  *Henrietta D.*

*v. Bloomberg*, 331 F.3d 261 (2nd Cir. 2003); and, *Telesca v. Long Island Housing*

27    *Partnership, Inc.*, 443 F.Supp.2d 397 (E.D. NY 2006).)

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1
13
DEFENDANTS DLA'S AND CITY'S JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1  housing program portfolio currently contains, "over 29,000 units of housing,
2  including 23,000 affordable units," plus an additional, "nearly 4,500" units in the
3  process of development, and "there were thousands of additional units funded,
4  developed or significantly assisted by the 'Redevelopment Defendants' that are no
5  longer in its existing portfolio." (SAC ¶¶ 160-162.) Plaintiffs also correctly note
6  that only a small fraction of dwelling units in new multifamily housing projects
7  receiving federal financial assistance must comply with certain accessibility
8  standards. (SAC ¶ 123.) Based upon Plaintiffs' allegations, it would be impossible
9  to secure housing for every person who qualifies for affordable, accessible housing,
10 regardless of the DLA's and the City's best efforts to provide housing through the
11 redevelopment housing program. As a result, Plaintiffs have not, and cannot, state
12 an actionable claim against the DLA or the City.

13        Moreover, Plaintiffs fail to allege that they ever sought a reasonable
14 accommodation from the DLA or the City or that the Plaintiffs ever lodged
15 complaints with the DLA or the City. Plaintiffs' lack of requests/complaints is fatal
16 to their claims. Specifically, in *Madsen v. Boise State University,* 976 F.2d 1219,
17 1220 (9th Cir. 1992), the Ninth Circuit, in finding that the plaintiff lacked standing,
18 noted, "[l]ike the OCR before us, we are confronted with the fact that Madsen never
19 actually applied for a handicap parking permit. His lawsuit is based on the
20 University's policy in the abstract. There is a long line of cases, however, that hold
21 that a plaintiff lacks standing to challenge a rule or policy to which he has not
22 submitted himself by actually applying for the desired benefit." (*Ibid.*) Hence,
23 Plaintiffs' claims must be dismissed.

24        Additionally, Plaintiffs sue the DLA and the City because the defendants
25 have allegedly failed "to take steps to ensure that the Redevelopment Housing
26 Program is accessible to people with disabilities or that any accessible units that
27 exist are made available to people with disabilities." (SAC ¶¶ 14, 20, 30, 168.)
28 Plaintiffs further assert, without providing any supportive facts, that DLA and the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1                                          14
DEFENDANTS DLA'S AND CITY'S JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1 City have denied meaningful access to accessible housing to people with disabilities,
2 aided or perpetuated discrimination against people with disabilities, used methods of
3 administration that discriminated against people with disabilities and limits people
4 with disabilities from enjoying housing. (SAC ¶¶ 234(a)-(e); 237(a)-(e).) Without
5 providing supportive facts, Plaintiffs' claim fails.

6 **3. Plaintiffs' Claims Fail As a Matter of Law**

7 Finally, Plaintiffs have failed to allege any act by the DLA or the City
8 establishing that Plaintiffs or their clients were denied benefits <u>solely because of</u>
9 <u>their disability</u>. In addition to this claim being factually void, Plaintiffs cannot
10 assert a claim against the DLA or the City as a non-owner of any of the buildings at
11 issue. Both the federal and state statutes are aimed at those who own, manage or
12 control the subject properties. (*See, e.g., Cal. Gov. Code* § 12955(a) (2012)
13 (unlawful for any "owner of any housing accommodation" to discriminate because
14 of disability), *Id.* at § 12927(e) (2012).) Neither the DLA nor the City is an owner
15 and/or property manager of the properties in which Plaintiffs allege the DLA and the
16 City failed to ensure were accessible to disabled individuals. Even under agency
17 principles, both the DLA, and the City, as non-owner and non-managers that do <u>not</u>
18 exercise active control over the buildings, fall outside the ambit of these laws. This
19 fact is virtually conceded by Plaintiffs by virtue of their Rule 19 inclusion of the
20 owner defendants. Put another way, if the DLA or the City could remedy any
21 proven deficiencies at the subject properties, the owner defendants would need not
22 be named at all.

23 Rather, it is well established that it is the owner or landlord of a building who
24 is vicariously liable for the actions of its management company. (*See, Holley v.*
25 *Crank,* 400 F.3d 667, 670-671 (9th Cir. 2005); *Cleveland v. Caplaw Enterprises* 448
26 F.3d 518, 522-23 (2d Cir. 2006) (alleging successfully landlord's liability for
27 discriminatory acts of property manager).) Here, the DLA and the City do not have
28 ownership interests in the buildings.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1
DEFENDANTS DLA'S AND CITY'S JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1    Likewise, under the HUD regulations that Plaintiffs contend the DLA and

2  City failed to enforce, it is the owner and manager of a housing project that must

3  ensure "information regarding the availability of accessible units reaches eligible

4  individuals with handicaps … ."  (24 C.F.R § 8.27.)  Similarly, "[a] recipient shall

5  modify its housing policies and practices" to ensure that the policies and practices

6  do not discriminate against disabled individuals."  (24 C.F.R § 8.33.)  The

7  "recipients" here are the owners of the DLA's and the City's assisted buildings who

8  received funds, as they are in charge of implementing their own housing policies

9  and practices.  Accordingly, Plaintiffs cannot hold the DLA or the City liable for

10  failing to monitor the policies of housing developers and instructing them of their

11  duty to modify housing policies.

12    Notably, as demonstrated by Judge Wilson's orders, no binding authority

13  exists to hold a redevelopment agency, or similar entity, liable for housing

14  discrimination based solely on a purported failure to monitor other defendants.

15    For the foregoing reasons, Plaintiffs' Rehabilitation Act claims against the

16  DLA and the City should be dismissed.

17    **B.    Plaintiffs' Claims Under the Americans With Disabilities Act and**

18    **the Fair Housing Act (Claims 3 through 5) Fail As A Matter of**

19    **Law**

20    In order to prove a claim under Title II of the ADA, Plaintiffs must show that

21  (1) they are qualified individuals with a disability; (2) they were either excluded

22  from participation in or denied the benefits of a public entity's services, programs,

23  or activities, or otherwise discriminated against by the public entity; and (3) such

24  exclusions, denial of benefits, or discrimination was by reason of their disability.

25  (*Weinreich v. Los Angeles County MTA*, 114 F.3d 976, 978 (9th Cir. 1997), citing 42

26  U.S.C. § 12132.)   Additionally:

27    Title II of the ADA was expressly modeled after § 504 of the

28    Rehabilitation Act. [footnote omitted.]  A plaintiff bringing suit under

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1
16
DEFENDANTS DLA'S AND CITY'S JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1    § 504 must show (1) he is an individual with a disability; (2) he is

2    otherwise qualified to receive the benefit; (3) he was denied the

3    benefits of the program *solely* by reason of his disability; and (4) the

4    disability was a substantial factor causing the discrimination.

5    (*Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *italics* added, *see*

6    *also, Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).)

7    To establish their disability discrimination claim under the FHA, Plaintiffs

8    must prove the following: (1) they suffer from a handicap as defined by statute; (2)

9    defendant knew of the handicap or should reasonably have been expected to know

10   of it; (3) accommodation of their handicap may be necessary to afford them an equal

11   opportunity to use and enjoy the dwelling; and (4) defendant refused to make such

12   accommodation. (*United States v. Cal. Mobile Home Park Mgmt.*, 107 F.3d 1374,

13   1380 (9th Cir. 1997).) Plaintiffs must show that they were denied an equal

14   opportunity to use and enjoy a dwelling by virtue of the DLA and the City refusing

15   to accommodate their disability. (*Phifer*, 2009 U.S. Dist. LEXIS 81662 at *33.)

16   As with the analysis of Plaintiffs' section 504 claim the fact that Plaintiffs

17   have failed to point to any specific facts by the DLA (or the City) is fatal to their

18   claims. (*See, Williams v. Grannis*, 2010 U.S. Dist. LEXIS 16449, *22-*23, n. 3

19   (E.D. Cal. 2010), finding that "Title II of the ADA was expressly modeled after

20   Section 504. Thus, '[t]here is no significant difference in analysis of the rights and

21   obligations created' by these statutes." [citing *Zukle v. Regents of University of*

22   *California*, 166 F.3d 1041, 1045, n.11 (9th Cir. 1999)].)

23   Additionally, the FHA's implementing regulations apply only to landlords,

24   owners, and others who offer dwellings for rent or sale; the statute is inapplicable to

25   an entity that does not own or otherwise offer a dwelling for rent or sale to a Section

26   8 participant. (*See, Growth Horizons, Inc. v. Delaware County, Pa.* 983 F.2d 1277,

27   1283 (3d Cir. 1993) ("As its text and legislative history evidence, the purpose of [§

28   3604(f)] is to protect the housing choices of handicapped individuals who seek to

LEWIS
BRISGAARD
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1
17
DEFENDANTS DLA'S AND CITY'S JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1  buy or lease housing … The conduct and decision-making that Congress sought to
2  affect was that of persons in a position to frustrate such choices – primarily, at least,
3  those who own the property of choice and their representatives."); *Fagundes v.*
4  *Charter Builders, Inc.*, 2008 U.S. Dist. LEXIS 9617, *18-20 (N.D. Cal. 2008) (to
5  state a claim under the FHA or FEHA, plaintiff must allege "either that the
6  defendant sold or rented a property or that the defendant discriminated in the
7  provision of services or facilities").) Here, Plaintiffs do not allege any facts
8  establishing that the DLA or the City sold or rented the properties, or that the DLA
9  or the City discriminated in any provision of services.

10      In cases brought by disabled Section 8 participants (at least two of the
11  Plaintiffs' clients, SAC ¶¶ 10, 23) against a Housing Authority, courts have held that
12  there is no law that the Housing Authority could be liable under for failing to
13  prevent a private landlord from discrimination. (*See, Dinapoli v. DPA Wallace Ave,*
14  *II LLC,* 2009 U.S. Dist. LEXIS 23274, *8-12 (S.D.N.Y. 2009) ("Again, [plaintiff]
15  has failed to state how [housing authority], as administrator of the Section 8
16  program, participates in the alleged discrimination against him by failing to take
17  action against [defendant] a private landlord.").) Even if the landlord's actions
18  violated Section 504 or the FHA, a housing authority cannot be held liable for
19  others' unlawful conduct. If a Plaintiff were to contend otherwise, he or she would
20  be "asking [the housing authority], the public entity responsible for [the Section 8
21  Program,] to resolve a difficulty experienced by disabled people that is the result of
22  the actions of private individuals." (*Liberty Resources v. Philadelphia Housing*
23  *Authority,* 528 F. Supp. 2d 553, 569 (E.D. Pa. 2007).) Plaintiffs' case against the
24  DLA, as successor to a redevelopment agency (as opposed to a housing authority),
25  is even more attenuated.

26      In any event, Plaintiffs cannot allege any acts attributable to the DLA or the
27  City that would show that either entity (1) discriminated in the rental of a dwelling,
28  or the terms, conditions or privileges of rental, or the provision of services or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1                                    18
DEFENDANTS DLA'S AND CITY'S JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1 | facilities in connection with the dwelling; or (2) made unavailable or denied a
2 | dwelling to Plaintiffs' clients.

3 |     For the foregoing reasons, coupled with the justifications set forth, *ante*, at
4 | IV(A), Plaintiffs' third, fourth and fifth causes of action against the DLA and the
5 | City should be dismissed.

6 | **Plaintiffs' *Government Code* Section 11135 Claim Fails for the Same**
7 | **Reasons as Their Section 504, Americans with Disabilities Act and Fair**
8 | **Housing Act Claims**

9 |    *California Government Code* section 11135(a) states, in relevant part:
10 |     No person in the State of California shall, on the basis of … disability,
11 |     be unlawfully denied full and equal access to the benefits of, or be
12 |     unlawfully subjected to discrimination under, any program or activity
13 |     that is conducted, operated, or administered by the state or by any state
14 |     agency, is funded directly by the state, or receives any financial
15 |     assistance from the state …

16 |     "California Government Code § 11135 is identical to the Rehabilitation Act
17 | except the entity must receive State financial assistance rather than Federal financial
18 | assistance… ." (*Williams v. Grannis*, 2010 U.S. Dist. LEXIS 16449 at *23, n. 3.)
19 | As such, Plaintiffs' state law claim fails for the same reasons as their federal causes
20 | of action.

21 |     C.   **Plaintiff FHC is a Suspended Corporation that Cannot Continue as**
22 |         **A Plaintiff in this Action Until its Corporate Status is Revived**

23 |     Because plaintiff Fair Housing Council of San Fernando Valley is a
24 | suspended corporation (RJN at Ex. "A") it cannot continue in this litigation. (See,
25 | e.g., *Flores v. Emerich & Fike* 385 Fed.Appx. 728, 731, 2010 WL 2640625 *1 (9th
26 | Cir. 2010) (party is not permitted to prosecute or defend an action while its
27 | corporate status is suspended); *U.S. Healthwin-Midtown Convalescent Hospital, 511
28 | F.Supp 416, 418* (C.D. Cal 1981) (same).)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1
19
DEFENDANTS DLA'S AND CITY'S JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

**D.   Plaintiffs' Claims Are Barred by the Statute of Limitations**

Plaintiffs' claims against the DLA and the City are barred by the statute of limitations.  Under the FHA, Plaintiffs may bring an action "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice … ."  (42 U.S.C.S § 3613(a)(1)(A).)  A two year statute of limitations also applies to claims brought under *California Government Code* section 11135.  (*See, Darensburg v. Metro. Transp. Comm'n*, 611 F. Supp. 2d 994, 1039 (N.D. Cal. 2009).)

Similarly, courts typically apply the forum state's personal injury limitations period to a Rehabilitation Act claim.  (*See, Pimentel v. Orloff*, 2008 U.S. Dist. LEXIS 63121, *5, n. 3 (N.D. Cal. Aug. 19, 2008); *Z.F. v. Ripon Unified Sch. Dist. (RUSD)*, 2011 U.S. Dist. LEXIS 11305, *8-*9 (E.D. Cal. Jan. 27, 2011).)  Thus, California's two-year statute of limitations for personal injury claims is applicable to Plaintiffs' Rehabilitation Act causes of action.  (*Cal. Civ. Proc. Code* § 335.1 (2012).)  The two year statute also applies to the ADA causes of action.  (*See, Anderson v. California*, 2011 U.S. Dist. LEXIS 34177, 9-10 (S.D. Cal. 2011).)

ILCSC, FHC and CALIF each allege that DLA and the City have harmed Plaintiffs' clients because they have failed to ensure that the housing projects they funded or *developed* are accessible to disabled individuals.  (SAC, at ¶¶ 14, 20 and 30, *emphasis* added.)   In other words, Plaintiffs contend that the DLA and the City failed to oversee the design and construction of DLA/City assisted properties to ensure that each property complied with federal law with respect to accessibility features.  (*See,* 24 C.F.R. §§ 8.22-8.27, 8.32.)

Under a "failure to design and construct" FHA claim, the statute of limitations is "triggered at the conclusion of the design-and-construction phase, which occurs on the date the last certificate of occupancy is issued."  (*Garcia v. Brockway*, 526 F.3d 456, 461 (9th Cir. 2008).)  This type of claim is "not an indefinitely continuing practice, but a discrete instance of discrimination that terminates at the conclusion of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   the design-and-construction phase." (*Id.* at 462). As the *Garcia* court stated clearly,

2   "[a] continuing violation is occasioned by continual unlawful acts, *not by continual*

3   *ill effects from an original violation.*" (*Ibid., italics added.*)

4        ILCSC alleges that since 2009, it assisted two clients who sought accessible

5   housing in DLA/City assisted properties but was not successful. (SAC, at ¶ 13.)

6   FHC contends that it assisted people with disabilities file housing discrimination

7   complaints since 2008. (*Id.* at ¶¶ 16, 18, 213.) Finally, according to CALIF, "[o]ver

8   the last four years," i.e., as early as 2008, it has had to divert the time and resources

9   of its Housing Advocate from implementing CALIF's housing programs in order to

10  inspect the accessibility of housing units to which it refers its clients. (*Id.* at ¶ 28.)

11       Based on ILCSC's allegations, one can infer that the design-and-construction

12  phase at the DLA and City assisted properties had been completed by at most 2009,

13  as it had already been assisting its clients obtain housing at this time. Accordingly,

14  ILCSC had at most until 2011 to bring its claims against the DLA and City; FHC

15  and CALIF had until at most 2010. Plaintiffs' complaint was filed on January 13,

16  2012, at least one year after the limitations period had run. Accordingly, Plaintiffs'

17  FHA claims against the DLA and City are time barred.

18       Similarly, to the extent that Plaintiffs' Rehabilitation Act, ADA and

19  *Government Code* section 11135 claims rely on the "failure to design and construct"

20  argument, these claims are also time barred. "Although state law is used to

21  determine the statute of limitations period ..., 'federal law determines when a cause

22  of action accrues.'" (*Z.F.*, 2011 U.S. Dist. LEXIS 11305 at *8, citing *Alexopulos By*

23  *and Through Alexopulos v. San Francisco Unified Sch. Dist.*, 817 F.2d 551, 555 (9th

24  Cir. 1987).) Here, federal law dictates that a cause of action accrues "at the

25  conclusion of the design-and-construction phase ... ." (*Garcia*, 526 F.3d at 461.)

26  Therefore, to the extent that Plaintiffs' Rehabilitation Act, ADA and *Government*

27  *Code* section 11135 claims rely on the "failure to design and construct" argument,

28  they are barred by the statute of limitations for the same reasons as their FHA claim.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1

21

1   As such, Plaintiffs' claims against the DLA and the City should be dismissed with

2   prejudice.

3   **V.     CONCLUSION**

4          As set forth above, the DLA and the City respectfully request that this Court

5   dismiss Plaintiffs' First, Second, Third, Fourth, Fifth and Sixth claims for relief,

6   with prejudice.

7

8   DATED: September 21, 2012          Respectfully submitted,
                                       LEWIS BRISBOIS BISGAARD & SMITH LLP
9

10

11                                     By:      /s/ Melissa T. Daugherty
12                                              Karen A. Feld
                                                Melissa T. Daugherty
13                                              Juliet Antoun
14                                              Attorneys for Defendant/Cross-Defendant
                                                DLA, A DESIGNATED LOCAL
15                                              AUTHORITY, SUCCESSOR TO
                                                COMMUNITY REDEVELOPMENT
16                                              AGENCY OF THE CITY OF LOS
17                                              ANGELES (ABx1 26)

18

19   DATED: September 21, 2012          Respectfully submitted,
                                        BYRNE & NIXON LLP
20

21

22                                     By:    /s/  Mark A. Byrne
23                                            MARK A. BYRNE
                                              Attorneys for Defendant/Cross-Claimant
24                                            CITY OF LOS ANGELES

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4832-9570-1009.1
22
DEFENDANTS DLA'S AND CITY'S JOINT MOTION TO DISMISS THE SECOND AMENDED COMPLAINT