1  MICHAEL G. ALLEN*
   D. SCOTT CHANG #146403
2  JAMIE L. CROOK #245757
   RELMAN, DANE & COLFAX
3  PLLC
   1225 19th St. NW, Suite 600
4  Washington D.C. 20036
   Telephone: (202) 728-1888
5  Facsimile: (202) 728-0848
   schang@relmanlaw.com
6
   * Application for admission *pro
7  hac vice* approved by Court Order
   Doc. No. 15
8
   PAULA D. PEARLMAN #109038
9  MARIA MICHELLE UZETA
   #164402
10 DISABILITY RIGHTS LEGAL
   CENTER
11 Loyola Public Interest Law Center
   800 S. Figueroa Street, Suite 1120
12 Los Angeles, CA 90017
   Telephone: (213) 736-1496
13 Facsimile: (213) 736-1428
   Michelle.Uzeta@lls.edu

DAVID GEFFEN #129342
DAVID GEFFEN LAW FIRM
530 Wilshire Blvd., Suite 205
Santa Monica, CA 90401
Telephone: (310) 434-1111
Facsimile: (310) 434-1115
Geffenlaw@aol.com

DARA SCHUR #98638
DISABILITY RIGHTS CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA 94612
Telephone: (510) 267-1200
Facsimile: (510)267-1201
Dara.Schur@disabilityrightsca.org

AUTUMN ELLIOTT #230043
DISABILITY RIGHTS CALIFORNIA
350  S. Bixel Ave., Suite 290
Los Angeles, CA 90017
Telephone: (213) 213-8000
Facsimile: (213) 213-8001
Autumn.Elliott@disabilityrightsca.org

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION)

| | |
|---|---|
| INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, CALIFORNIA, *et al.*,<br><br>Defendants. | Case No.: 12-CV-551 FMO (PJWx)<br><br>PLAINTIFF FAIR HOUSING COUNCIL OF THE SAN FERNANDO VALLEY'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY<br><br>Date: April 19, 2013<br>Time: 11:00 a.m.<br>Room: Courtroom 23, Third Floor, Spring St. Courthouse – Courtroom of the Honorable Patrick. J. Walsh |

Pursuant to L.R. 37-2.3 of the Central District Local Rules, Plaintiff Fair Housing Council of the San Fernando Valley ("FHC") submits the following Supplemental Memorandum of Law in support of its motion to compel discovery.

I. THE CITY SHOULD BE ORDERED TO PROVIDE RESPONIVE DOCUMENTS OR CERTIFY THAT IT HAS CONDUCTED A SEARCH WITHIN 10 DAYS

In the Joint Stipulation, Defendant City of Los Angeles (the "City") acknowledges that it is continuing to search for additional documents responsive to FHC's requests for production of documents. Through its motion to compel, FHC seeks an order from the Court ordering the City to produce additional documents responsive to its longstanding, first request for production of documents within 10 days or certify that it has conducted a search and has produced all responsive documents it could locate at this time.

The City argues that FHC failed to adequately meet and confer, but FHC met and conferred with the City on several occasions and provided the City with numerous opportunities to produce responsive documents in the six months since the discovery was propounded. The City has failed to comply with FHC's production requirements. As acknowledged by the City, FHC first propounded its first set of written discovery in July 2012. (Joint Stip. at 5.) Due to complications in FHC's corporate status, the FHC re-propounded the same written discovery in October 2012. (Allen Decl. ¶ 2.) FHC sent several letters outlining the requests for production in dispute and met and conferred with the City twice in January. (*Id*. ¶ 6 and Ex. 1, 2 and 5.) The City provided some responsive documents in a supplemental production. In its January 24, 2013 letter, the City agreed to conduct a further search for documents responsive to FHC's requests. (Ex. 3.) FHC requested that the City produce additional responsive documents by February 21, 2013 but the City has failed to produce any additional responsive documents or certify that it has conducted a search and that it is unable to locate responsive documents at this time. (Allen Decl. ¶ 11 and Ex. 5.)

The district court set a strict deadline of September 3, 2013 for completion of discovery in this systemic civil rights case. (Ex. 15.) By its motion to compel, FHC

1  seeks to require the City to produce additional documents responsive to its first request
2  for production of documents served six month ago and allow Plaintiffs to propound
3  follow-up written discovery, conduct depositions and timely complete discovery.

## II. THE CITY'S ARGUMENTS FOR OPPOSING THE PRODUCTION OF RESPONSIVE DOCUMENTS LACK MERIT

The City's arguments for opposing the production of responsive documents lack merit. First, the City contends that FHC failed to meet and confer regarding the City's general objections and objections based on burdensomeness. FHC's discovery dispute with the City focuses largely on requiring the City to produce documents that it already agreed to produce in its responses to the request for production of documents. FHC raised the issue of the City's general objections and burdensomeness objections with respect to specific requests for production of documents for which the City refused to produce responsive documents in its meet and confer letter. (Ex. 1 at 4-5.)

Second, the City continues to assert that it is not required to produce a privilege log for documents it is withholding based on work product and attorney-client privilege because the documents withheld in response to Request Numbers 35 and 44 are not discoverable. The City cites no authority for its position that a privilege log is not required for relevant, responsive documents withheld on the basis of privilege. Providing a privilege log has become "an almost universal method of asserting privilege under the Federal Rules." *Caudle v. D. C.*, 263 F.R.D. 29, 35 (D.D.C. 2009). By failing to produce a privilege log, FHC has been deprived of any opportunity to evaluate the applicability of the privileges asserted and the City has waived its objections based on privilege. *See Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. Of Mont.,* 408 F.3d 1142, 1149-50 (9th Cir. 2005) (setting forth the factors a court should consider to determine a waiver).

Third, the City has agreed to make available for inspection certain construction-related documents responsive to Request Nos. 36-40 maintained at Los Angeles Housing Department (although Plaintiffs have not yet been granted access to the documents to

inspect.)  The City has no legitimate basis for refusing to make available for inspection responsive documents maintained at the Community Development Department ("CDD").  FHC requests that the City be ordered to conduct a search for documents responsive to Request Nos. 36-40 maintained at the CDD and produce any responsive documents within 10 days.

### III. THE CITY'S ARGUMENTS THAT INTERROGATORY NOS. 1 - 8 SEEK IDENTICAL INFORMATION ARE WITHOUT MERIT[1]

The City argues that FHC's interrogatories are duplicative because of its use of the term "Redevelopment Housing Program."  FHC's discovery request defined the "Redevelopment Housing Program" as "the inventory of housing built or rehabilitated with funds, land, or other assistance provided by or through the CRA/LA or the City in its capacity as successor housing agency, including any projects not yet completed."  Although it lodged a definitional objection, the City indicated that for purposes of responding to the request, it would "interpret the phrase as referring to those multi-family housing projects for which the City provided federal funds to the CRA/LA for the development of the project."  Even applying the City's definition, it is clear that the requests seeking information about housing projects within the Redevelopment Housing Program are distinct from those seeking information about housing projects outside of the Redevelopment Housing Program—requests related to projects within the Redevelopment Housing Program seek information about the City's monitoring and oversight of CRA-funded projects, while requests regarding projects outside of the Redevelopment Housing Program seek information about other federally-funded projects in LAHD's housing portfolio.  The City should be compelled to provide complete and

---

[1] In its portion of the Joint Stipulation, the City complains that FHC only relied upon a "partial" quotation from *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646 (C.D. Cal. 2007) in support of its position.  The City is incorrect.  FHC both cites to and relies upon the very portion of the quotation that the City contends that FHC omitted on page 98 of the Joint Stipulation in support of its argument that the manner in which the City has responded to FHC's interrogatories makes it impossible to determine which part, if any, of the City's response to Interrogatory No. 1 contains information responsive to Interrogatory Nos. 2-8.

3

separate answers to these distinct requests—as currently drafted, it is unclear whether it is the City's contention that there are, in fact, no differences with respect to CRA-funded projects and other federally- funded housing projects or if the City is refusing to draw any distinction based upon its objection to the term "Redevelopment Housing Program."[2]

### IV. CITY'S ARGUMENTS IN SUPPORT OF ITS REFUSAL TO RESPOND TO INTERROGATORY NOS. 185 AND 190 SHOULD BE REJECTED

In its portion of the Joint Stipulation, the City represents to the Court that it previously offered to respond to Requests for Admission Nos. 185 and 190 if the requests were amended to reflect that they sought the knowledge of the City, but that the FHC "ignored" its suggestion. (Joint Stip. at 117.) The City's representation is erroneous. Although the parties discussed, and reached agreements, about amendments to certain requests for admission, the City did not offer or suggest that it would provide a response to the FHC's Requests for Admission Nos. 185 and 190 if the language of the requests were amended. *See* Ex. 3 at 11-13; Ex. 7. at 1-2. At this juncture, amending the requests at issue to reflect that the requests seek information within the City's knowledge is unnecessary. The FHC has repeatedly represented, in both its communications with the City and in the Joint Stipulation, that Requests Nos.

---

[2] The City also argues that it is appropriate to direct FHC to its response to Interrogatory No. 1 in response to Interrogatory Nos. 2-8 because the requests are overbroad. FHC does not understand the City's argument that because the requests at issue are (allegedly) overbroad it is permissible for the City to refer FHC to Interrogatory No. 1 in response to Interrogatory Nos. 2-8. During the various communications between the parties, the City did not request that FHC narrow the scope of its request (which would be the appropriate remedy for a discovery request that was overbroad), nor did the City indicate that it was providing only one substantive response to FHC's interrogatories because the requests were overbroad. Additionally, the City complains that the requests are overbroad because the laws about which FHC sought information regarding the City's compliance each carry specific anti-discrimination requirements for a variety of protected classes, including disability—which would be outside the scope of this litigation. The fact that, in response to Interrogatory No. 1, the City only provided information relating to disability/accessibility (as opposed to information about other protected classes) illustrates that the requests are not overbroad and that the City understood the appropriate scope of the requests.

185 and 190 seek information about what the City knows. (Joint Stip. at 113; Ex. 1 at 9-10.) Accordingly, the City should be compelled to respond to these requests; the City's overly technical disagreement about the language of these requests is not a basis for its refusal to provide substantive responses.

Finally, the City's discussion of the conflict between it and the CRA/LA is misplaced. The FHC has never argued (or even suggested) that the Court direct the City to make an inquiry of the CRA/LA in an effort to obtain the information necessary to respond to these requests. To the contrary, in citing *A. Farber & Partners, Inc.*, 237 F.R.D. 186 (C.D. Cal. 2006), detailing a party's obligation to conduct a reasonable inquiry in an effort to respond to discovery requests, the FHC noted its specific concern that counsel for the City had not even inquired of "*their* client" to determine whether it has information that would enable it respond to these requests; a contention that the City has not addressed or disputed. (Joint Stip. at 112.) The City cannot claim that it is unable to respond to the FHC's requests without first certifying that it has conducted the required investigation. *See, e.g. U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 684-5 (E.D. Cal. 2006). The City has cited no case law in support of its apparent argument that it can refuse to respond to requests for admission, without conducting a reasonable inquiry of the sources available to it, because it quibbles with the language of the request. Accordingly, the FHC's Motion to Compel the City's responses to Requests for Admission Nos. 185 and 190 should be granted.

Dated: April 5, 2013

                                               Respectfully submitted,

                                               /s/ Michael G. Allen
                                               MICHAEL G. ALLEN, Pro Hac Vice
                                               D. SCOTT CHANG #146403
                                               RELMAN, DANE & COLFAX PLLC
                                               1225 19th St. NW, Suite 600
                                               Washington D.C. 20036

**CERTIFICATE OF SERVICE**
**CENTRAL DISTRICT OF CALIFORNIA**

I hereby certify that on this 5th day of April, 2013, I filed the foregoing Plaintiff Fair Housing Council of San Fernando Valley's Supplemental Memorandum of Law in Support of Its Motion to Compel Discovery via the Court's CM/ECF filing system, which shall serve as notice of such filing on all counsel of record.

/s/ Michael G. Allen
Michael G. Allen