## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-551-FMO (PJWx) | Date | May 20, 2013 |
|---|---|---|---|
| Title | *Independent Living Center of Southern California, et al. v. City of Los Angeles, et. al.* | | |

| Present: The Honorable | Patrick J. Walsh, U.S. Magistrate Judge |
|---|---|

| Celia Anglon-Reed | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**  Plaintiff Fair Housing Council of San Fernando Valley's Motion to Compel Discovery from Defendant City of Los Angeles (Doc. No. 260)

Plaintiff Fair Housing Council of San Fernando Valley moves to compel Defendant City of Los Angeles to produce documents, create a privilege log, make available certain documents for inspection, provide complete and separate responses to several interrogatories, and answer requests for admissions. (Doc. No. 260.)  For the following reasons, the motion is granted in part and denied in part.

Plaintiff seeks to compel Defendant to produce all responsive documents to various requests or certify that all documents have been produced.  (Joint Stipulation ("JS") at 2.)  It appears that some or most of the responsive documents have been produced and that some are still outstanding but that Defendant is attempting to gather and produce them.  Counsel are ordered to meet and confer again and figure out what the status of the production is and call the clerk (Celia 213-894-8958) if further assistance is needed after the meet and confer.

Plaintiff seeks to compel Requests for Production of Documents Nos. 35 and 44.  (JS at 18.)  Defendant argues that these documents were created by or at the direction of counsel after the lawsuit was filed. (JS at 21-23.)  Plaintiff requests that Defendant provide a privilege log so that Plaintiff can determine whether the documents are privileged.  (JS at 18.)  Essentially, Defendant is claiming that the information is subject to protection as trial-preparation material.  As such, Plaintiff's request will be granted.  *See* Fed. R. Civ. P. 25(b)(5)(A).  Defendant is ordered to prepare a privilege log as set forth in Federal Rule of Civil Procedure 26(b)(5)(A)(ii).

Plaintiff seeks to compel Defendant to make available for inspection construction-related documents responsive to Request Nos. 36-40.  (JS at 73.)  Defendant argues that it did indeed make the documents available to Plaintiff by allowing Plaintiff to access the documents at the Los Angeles Department of Building and Safety, where they are kept in the ordinary course of business.  (JS at 75.)  The dispute centers more on how the records will be produced as opposed to whether they will be produced at all. Under Federal Rule of Civil Procedure 34(b)(2)(E)(i), Defendant has the option of making the records available to Plaintiff for inspection and copying or copying them on its own and producing them to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-551-FMO (PJWx) | Date | May 20, 2013 |
|---|---|---|---|

| Title | *Independent Living Center of Southern California, et al. v. City of Los Angeles, et. al.* |
|---|---|

Plaintiff.  This is all Defendant was required to do.  Plaintiff 's motion to compel Defendant to copy and produce those responsive documents is denied.  (JS at 74.)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-551-FMO (PJWx) | Date | May 20, 2013 |
|---|---|---|---|

| Title | *Independent Living Center of Southern California, et al. v. City of Los Angeles, et. al.* |
|---|---|

Plaintiff seeks complete and separate responses to Interrogatories Nos. 2-8.  (JS at 95.)  Plaintiff argues that Defendant's answers to Interrogatories Nos. 2-8 were incomplete because it directed Plaintiff to Interrogatory No. 1.  (JS at 95.)  Defendant, however, contends that Interrogatory No. 1 answered Interrogatories Nos. 2-8, thus, making the additional interrogatories duplicative and burdensome.  (JS at 98.)  The Court finds that Interrogatories Nos. 1-8 are essentially asking for the same information.  (JS at 76-94.)  All the interrogatories request identification of policies and procedures related to accessibility for people with disabilities.  (JS at 76-94.)  Defendant answered Plaintiff's request to identify the policies and procedures in Interrogatory No. 1.  (JS at 76-88.)  Plaintiff may not ask the same question in eight different ways.  To do so is duplicative and unnecessarily burdensome to Defendant.  The Court, therefore, denies Plaintiff's motion to compel complete and separate responses to Interrogatories Nos. 2-8.

Finally, Plaintiff seeks responses to Requests for Admissions Nos. 185 and 190.  (JS at 111.)  Defendant argues that the requests seek admissions from another agency, and therefore, Defendant is not in a position to admit or deny on the agency's behalf.  (JS at 111.)  Under Federal Rule of Civil Procedure 36(a), a responding party makes an admission to facts within the responding party's personal knowledge.  Plaintiff recently met and conferred on Request for Admissions Nos. 45-46.  (JS at 113-15.)  Plaintiff subsequently amended the requests to state whether Defendant, not another agency, had knowledge of another agency's actions.  (JS at 114-15.)  The Court cannot order Defendant's admission to facts outside its personal knowledge.  Plaintiff could amend Interrogatories Nos. 185 and 190 to request admissions of facts within the Defendant's personal knowledge, as Plaintiff has already done with other request for admissions.  The Court denies Plaintiff's motion to compel Defendant to respond to Requests for Admissions Nos. 185 and 190.

For the foregoing reasons, the Court grants Plaintiff's motion to compel Defendant to produce a privilege log.  The Court denies Plaintiff's motion to compel Defendant to: (1) provide additional documents without meeting and conferring to limit the scope of discoverable information; (2) produce documents available for inspection; (3) produce complete and separate responses to Interrogatories Nos. 2-8; and (4) respond to Requests for Admissions Nos. 185 and 195 without first amending the request.

cc: All counsel of record

|  | : | 00 |
|---|---|---|
| Initials of Preparer | ca | |

S:\PJW\Cases-X\Independent v. City of LA\Motion to Compel.wpd