

1

2

3

4

5

6

7

8

9

10  UNITED STATES DISTRICT COURT

11  CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13  INDEPENDENT LIVING CENTER
    OF SOUTHERN CALIFORNIA, et al.,

14          Plaintiffs,

15

16      v.

17  CITY OF LOS ANGELES,
    CALIFORNIA, et al.,

18          Defendants.

19

20

Case No. CV12-00551 FMO (PJWx)

STIPULATION AND [PROPOSED]
CONSENT CONFIDENTIALITY
AND PROTECTIVE ORDER

Trial Date: December 3, 2013
Time: 9 a.m.

Judge: Hon. Patrick Walsh

21

22

23      **ANY PARTY INTENDING TO SUBMIT TO
        THE COURT ANY DOCUMENTS COVERED
        BY THIS PROTECTIVE ORDER SHALL FILE A
        MOTION UNDER LOCAL RULE 79-5
        REQUESTING PERMISSION TO FILE
        THEM UNDER SEAL.**

24

25

26

27

28

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

1    The parties in the above-styled action believe that certain documents and

2    things, answers to interrogatories, testimony, and other responses provided by the

3    parties or by third parties will contain information that is especially sensitive and

4    entitled to confidential treatment in the course of discovery.  The parties have

5    therefore agreed to the terms of this Consent Confidentiality and Protective Order.

6         1.    Application.  This Agreement and Order shall govern the disclosure,

7    handling, and disposition of any document, information, or other discovery material

8    that contains information to be designated as "highly confidential" as defined

9    herein, and that is furnished in this litigation by parties or non-parties, in connection

10   with answers to interrogatories, requests for admissions, responses to document

11   requests, responses to subpoenas duces tecum, deposition testimony, or otherwise,

12   to any other party.  Because of the highly confidential nature of this material, the

13   parties agree that disclosure of such material shall be for "attorneys' eyes only," as

14   further defined and limited by the provisions of this Agreement and Order set forth

15   below.

16        2.    Definition.  Information subject to the designation "highly

17   confidential" and disclosure limitation of "attorneys' eyes only" shall mean and

18   include specific data regarding the finances, partnership agreements, or corporate

19   structure of owners of properties concerned in this lawsuit or their members,

20   shareholders, third party investors or sponsors. This definition shall include any

21   material setting forth financial data including budgets, pro forma statements, draw

22   requests, net worth statements, year end statement on financial accounts, tax

23   documents, loan or credit applications or agreements, balance sheets, inter-creditor

24   agreements, settlement statements, financial audits, and personal compensation of

25   the owners of properties concerned in this lawsuit and their members, shareholders,

26   third party investors or sponsors. This definition shall also include information

27   identifying the private financial or personal information of individuals.  The

28   foregoing definition is not exhaustive and the parties reserve the right to identify

- 1 -

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

1   additional documents as "highly confidential" if additional types of documents are

2   discovered that contain the type of information described above as highly

3   confidential information.

4        3.     Exclusion.  The designation "highly confidential" and disclosure

5   limitation of "attorneys' eyes only" does not apply to any information as described

6   in paragraph 2 of this Agreement and Order that is specifically regarding,

7   referencing, or concerning one of the properties defined in paragraphs 57-116 of the

8   Second Amended Complaint (Dkt. #98) or to organizational documents of those

9   properties. For example, budgets, pro forma statements, draw requests, net worth

10  statements, year-end statements on financial accounts, tax documents, loan or credit

11  applications or agreements, balance sheets, inter-creditor agreements, settlement

12  statements, financial audits, and personal compensation data of the properties

13  defined in paragraphs 57-116 of the Second Amended Complaint (Dkt. #98) are

14  excluded from the designation of "highly confidential" and disclosure limitation of

15  "attorneys' eyes only." The designation "highly confidential" and disclosure

16  limitation of "attorneys' eyes only" also does not apply to any information in the

17  possession of any government agency that would be required to be disclosed to

18  members of the public pursuant to the California Public Records Act, Gov't Code

19  §6250 et seq. or the federal Freedom of Information Act, 5 U.S.C. §522 et seq.

20  Voluntary disclosure by a party of its own documents or information to the Court in

21  a publicly filed document renders such document or information not "highly

22  confidential."

23       4.     Designation.

24       4.1.     Good Faith Claims.  Any party may designate as "Highly

25  Confidential - Attorneys' Eyes Only" at the time of disclosure or thereafter, any

26  documents, other tangible things, or information that the asserting party in good

27  faith believes are within the definition set forth in paragraph 2 of this Agreement

28  and Order and which is not subject to the exclusion of paragraph 3.  The inadvertent

-2-

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1   production of any "highly confidential" document is not intended to be, and shall

2   not operate as, a waiver of the "highly confidential" status of that document, in

3   whole or in part.  Nor is any such inadvertent production intended to be, nor shall it

4   constitute, a waiver of any right to object to any use of such document or of the

5   information contained therein.

6           4.2.   Produced Documents.  Copies of documents that the producing

7   party believes constitute or contain information that is "highly confidential" shall be

8   marked or otherwise designated "HIGHLY CONFIDENTIAL - ATTORNEYS'

9   EYES ONLY."

10          4.3.   Inspection of Documents.  In the event a producing party elects

11  to make its documents available for inspection and the requesting party elects to

12  inspect them, no designation of "HIGHLY CONFIDENTIAL - ATTORNEYS'

13  EYES ONLY" need be made in advance of the inspection.  During such inspection,

14  all material produced shall be considered subject to this designation.  If the

15  inspecting party selects specified documents to be copied, any party who asserts

16  that the selected documents contain "highly confidential information" shall

17  designate "highly confidential" information as applicable, in accordance with

18  paragraph 2 and 3 of this Agreement and Order within ten days of the time such

19  copies are produced.  If the inspecting party selects documents to be copied that are

20  stored on electronic, magnetic, optical or other non-paper media, such as compact

21  discs, DVDs, video tapes and audio tapes (collectively, "data storage devices"), any

22  party who asserts that the selected documents contain "highly confidential

23  information" shall designate the data storage device as containing "highly

24  confidential" information as applicable, within ten days of the time copies of such

25  data storage devices are produced.

26       5.   Objections to Designation.  Any party objecting to a designation of

27  information as "highly confidential" - or to the lack of such designation - shall

28  notify in writing the producing party and all other parties of the objection,

- 3 -

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

specifically identifying each document at issue.  In accordance with the Federal Rules governing discovery disputes, the parties thereafter shall confer within ten (10) days in an attempt to resolve their differences. The parties agree that as a general matter documents containing "highly confidential" information may be used in this litigation if the "highly confidential" information is redacted and no other grounds for objection to use of the documents apply.  The parties agree that during the meet and confer process they will discuss the scope and appropriateness of redactions to resolve any differences or objections to public disclosure. Nothing in this Agreement and Order shall prevent a party from redacting confidential or private information from a document and producing the document with that information already redacted. The parties also agree that if the party to whom the allegedly "highly confidential" information pertains agrees that the "attorneys' eyes only" designation is not necessary, the information shall not be considered "highly confidential."  If the parties are unable to resolve their differences, the objecting party shall, after the conference concludes, file with the Court a motion to challenge the "highly confidential" designation (or non-designation).  The material in question shall retain "highly confidential" status if any party claims such until the Court rules otherwise.

        6.      Custody.  All "highly confidential" information and any and all copies, extracts, and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under this Agreement and Order.

        7.      Handling Prior to Trial.

        7.1.    Authorized Disclosure of Highly Confidential Information. Disclosure of information that is "highly confidential" is authorized only for use in connection with this litigation, and is intended for attorneys' eyes only.  To that end, such information may be disclosed by the receiving party only to the following persons:

a.    The Court, pursuant to paragraph 8 of this Agreement and Order;

b.    Qualified persons taking testimony involving the information, and necessary stenographic, videotape and clerical personnel;

c.    Counsel of record for the parties in this litigation, including attorneys, clerks, paralegals, and secretarial personnel;

d.    Designated experts, consultants and their staff who are consulted by counsel for a party to this litigation, provided that each such person has signed an undertaking in the form of Exhibit A attached hereto and agrees to be bound by the terms of this Agreement and Order; and

e.    Outside vendors employed by counsel for copying, scanning, and general handling of documents, provided that each such vendor has signed an undertaking in the form of Exhibit A attached hereto and agrees to be bound by the terms of this Agreement and Order.

A receiving party who discloses "highly confidential" information in accordance with this subparagraph shall maintain a list of all persons to whom a receiving party has disclosed the "highly confidential" information, and shall furnish the written acknowledgements and disclosure list to the Court upon its request or order.  This does not apply to counsel or their staff.

7.2.    Unauthorized Disclosure.  If "highly confidential" information is disclosed to any person other than in the manner authorized by this Agreement and Order, the party or person responsible for the disclosure must immediately bring the facts relating to such disclosure to the attention of the producing party and if appropriate, to the Court.  Without prejudice to other rights and remedies of the producing party, the responsible party or person shall immediately make every effort to obtain the return of the "highly confidential" information (including without limitation, from the person to whom the unauthorized disclosure was made and from any other person to whom "highly confidential" information was directed as a direct or indirect result of the unauthorized disclosure) and to prevent further

- 5 -

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1   disclosure on its own part or on the part of any person to whom the unauthorized

2   disclosure was made.

3          7.3.   Further Disclosures.   The attorneys of record for a party who

4   wishes to disclose "highly confidential" information to persons other than those

5   identified in paragraph 7.1 shall notify the attorneys of record for the other parties.

6   The attorneys shall discuss in good faith whether disclosure can be made.  If they

7   cannot agree, the party seeking disclosure shall move the Court, on reasonable

8   notice, for an order permitting disclosures.  No disclosure of the information to

9   persons other than those identified in paragraph 7.1 shall be made pending a ruling

10  by the Court.

11        8.   Court Filings.  The parties will comply with Local Rule 79-5 when

12  contemplating or resisting the filing of any "highly confidential" information.

13        9.   Handling After Disposition.  Within thirty (30) days of the conclusion

14  of this litigation, whether by way of settlement or judgment, including the

15  exhaustion of all appeals, the attorney for each receiving party shall collect,

16  assemble and return all "highly confidential" information, including all copies,

17  extracts, and summaries thereof, including memoranda and notes relating thereto, in

18  the possession of the receiving party, its counsel, or other authorized recipients to

19  whom that party provided the information, but not including copies, extracts,

20  summaries, or memoranda that contain or constitute attorney work product.  If

21  requested by the designating party within ninety (90) days of the conclusion of this

22  litigation, all copies, extracts, summaries, and memoranda that contain or constitute

23  attorney-work product shall be destroyed and the attorney for each receiving party

24  shall certify in writing that all such copies, extracts, summaries and memoranda

25  have been destroyed.  The obligation to return or destroy shall occur prior to the

26  termination of this litigation when an individual or entity is no longer a party or

27  when counsel, expert, or consultant is no longer retained in the case, whichever

28  comes earlier.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

10.     No Implied Waivers.  The execution of this Agreement and Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities.  Parties producing "highly confidential" information in this litigation are doing so only pursuant to the terms of this Agreement and Order.  Neither the agreement to, or the taking of any action in accordance with, the provisions of this Agreement and Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

11.     Care in Storage.  Any person in possession of "highly confidential" information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of the "highly confidential" information to ensure that the confidential and sensitive nature of same is maintained.

12.     No Admission.  Neither this Agreement and Order nor the designation of any item as "highly confidential" shall be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

13.     Parties' Own Documents.  This Agreement and Order shall in no way restrict the parties in their use of their own documents and information, or in their use of documents or information obtained in the ordinary course of their operations, and nothing in this Agreement and Order shall preclude any party from voluntarily disclosing its own documents or information to any party or nonparty.  Nothing in this order shall preclude any of the parties from showing a document designated as "highly confidential" to an individual who prepared the document. Nothing in this order shall preclude any of the parties from showing a document designated as "highly confidential" to an individual who is identified on the face of the document as an addressee or copy address, but before doing so the parties shall confirm with

- 7 -

1    the author or producing party that the document is a final draft that was in fact sent

2    to the addressee or copy address.

3         14.   Relevant Evidence.  If any party desires to introduce a "highly

4    confidential" document in open court (at trial or otherwise) the parties agree that (a)

5    nothing in this Agreement and Order shall prevent the presentation of relevant

6    evidence to the Court or trier of fact, and (ii) the parties will cooperate to facilitate

7    the introduction in evidence of such document or portions as are relevant while

8    preserving the confidentiality of other information contained in the document by

9    such means as redaction, an agreed statement of the facts therein, closing the

10   courtroom for publication of the confidential matter, or other similar means. A

11   party intending to introduce such evidence shall provide notice to the other parties

12   at the pretrial conference, if possible, or if not, then sufficiently in advance of its

13   introduction to enable the parties to confer and seek a ruling from the Court on the

14   method of introduction.

15        15.   No Effect on Other Rights.  This Agreement and Order shall in no way

16   abrogate or diminish any pre-existing contractual, statutory, or other legal

17   obligations or rights of any party with respect to "highly confidential" information.

18        16.   Further Protection.  Nothing in this Agreement and Order shall

19   preclude a party from seeking and obtaining from the Court a modification of this

20   Agreement and Order.  Except for the properties listed in paragraphs 57-116 of the

21   Second Amended Complaint ("SAC," Dkt. #98), the parties have made no

22   agreement with respect to information specific to any of the properties described in

23   paragraph 164 of the SAC because the parties disagree regarding the obligations

24   surrounding disclosure of information regarding those properties. Once that

25   disagreement is resolved, the parties may modify this Agreement and Order to

26   reflect that resolution.

27        17.   General.

28             17.1.  The parties agree to submit this Agreement and Order for entry

- 8 -

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1  by the Court and to be bound by its terms prior and subsequent to entry by the

2  Court.

3         17.2.  The Court retains jurisdiction over the parties after the dismissal

4  of this action regarding any dispute concerning the improper use of information

5  disclosed under protection of this Agreement and Order.

6         17.3.  Notwithstanding the preceding sentence, all obligations and

7  duties arising under this Protective Order shall forever survive the termination of

8  this action.

9         **IT IS SO STIPULATED.**

10

11  DATED: July 26, 2013       DISABILITY RIGHTS CALIFORNIA

12                              /s/ Autumn Elliott

13                      By:_____
                    AUTUMN ELLIOTT

14

15                      Attorneys for Plaintiffs

16  DATED: July 24, 2013       BYRNE & NIXON LLP

17

18                              /s/ Mark A. Byrne

19                      By:_____
                    MARK A. BYRNE

20

21                      Attorneys for Defendant/Cross-Claimant
                    City of Los Angeles

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

DATED: July 26, 2013          LEWIS BRISBOIS BISGAARD & SMITH LLP


                                      /s/ Robert M. Collins
                              By:_____
                              MELISSA T. DAUGHERTY
                              ROBERT M. COLLINS

                              Attorneys for Defendant/Cross-Claimant
                              Community Redevelopment Agency for the City of
                              Los Angeles and CRA/LA, a Designated Local
                              Agency

DATED: July 25, 2013

                                      /s/ Theresa L. Kitay
                              By:_____
                              Theresa L. Kitay

                              Attorney for Defendants listed in App. A
                              and Lead Counsel for Rule 19 Owner
                              Defendants Group

DATED: July 26, 2013          Greenberg Traurig, LLP


                                      /s/ William J. Goines
                              By:_____
                              William J. Goines

                              Attorneys for Defendant Redrock Noho
                              Residential, LLC

DATED: July 26, 2013          Law Offices of Christopher P. Warne


                                      /s/ Christopher P. Warne
                              By:_____
                              Christopher P. Warne

                              Attorneys for Defendant 105 East I Street, LP

- 10 -

| | | |
|---|---|---|
| 1 | DATED: July ___, 2013 | The Law Office of Dimitrios P. Biller[1] |
| 2 | | |
| 3 | | By:_____ |
| 4 | | Dimitrios P. Biller |
| 5 | | Attorneys for Defendant Korean Family Housing |
| 6 | | Corp. |
| 7 | DATED: July 26, 2013 | Levy, Small & Lallas |
| 8 | | /s/ Leo D. Plotkin |
| 9 | | By:_____ |
| 10 | | Leo D. Plotkin |
| 11 | | Attorneys for Defendant Menlo Park, LP |
| 12 | DATED: July 26, 2013 | Lara & Ibarra LLP |
| 13 | | |
| 14 | | /s/ Roberto Lara |
| 15 | | By:_____ |
| | | Roberto Lara |
| 16 | | |
| 17 | | Attorneys for Defendants New Tierra del Sol, LP and 4651 Huntington, LP |
| 18 | | |
| 19 | DATED: July 26, 2013 | Baird Holm LLP |
| 20 | | /s/ Scott P. Moore |
| 21 | | By:_____ |
| | | Scott P. Moore |
| 22 | | |
| 23 | | Attorneys for Defendant Amistad Plaza, LP |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

---

[1] Counsel was asked to confirm by 3:30 p.m. on July 26th if he/she authorized Byrne & Nixon LLP to sign the proposed protective order on his/her behalf. No response was received from the Law Office of Dimitrios P. Biller.

- 11 -

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

DATED: July 26, 2013          Baker Keener & Nahra LLP

                                       /s/ R. Jeffrey Neer
                              By:_____
                              R. Jeffrey Neer

                              Attorneys for Defendant Penny Lane Centers

DATED: July 26, 2013          Rutan & Tucker, LLP

                                       /s/ Megan K. Garibaldi
                              By:_____
                              Mark J. Austin
                              Megan K. Garibaldi

                              Attorneys for Defendant Imani Fe, LP


**IT IS SO ORDERED**.

Dated:  7/29/13           _____
                          Hon. Patrick J. Walsh
                          United States District Court Magistrate Judge

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

EXHIBIT A

ACKNOWLEDGEMENT

The undersigned hereby acknowledges that:

1.     I have read the CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER, which was entered by the Court on _____, 2013, in *Independent Living Center of Southern California, et al. v. City of Los Angeles, California, et al.*, Case No. 2:12-cv-00551-FMO-PJW, pending in the United States District Court for the Central District of California.

2. I am one of the persons contemplated in paragraph 7.1 thereof as being given access to the information designated "highly confidential" and intended as for attorneys' eyes only.

3.     I fully understand and agree to abide by the obligations and conditions thereunder.

4.     I agree that any documents or information designated "highly confidential" will be used only in the preparation of the prosecution or defense of this action, as contemplated by the order.

Date:

_____
Signature

_____
Printed Name

_____
Title or Position

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

# APPENDIX A

## RULE 19 OWNER DEFENDANTS REPRESENTED

## BY THERESA L. KITAY, ATTORNEY AT LAW

1.     12129 El Dorado Avenue,, LP

2.     505 Bonnie Brae Partners, LP

3.     Adams 935, LP

4.     AMCAL Montecito Fund, LP

5.     Andalucia Senior Apartments, LP

6.     Ardmore 959 Partners, LP

7.     Asturias Senior Apartments, LP

8.     B S Broadway Village II, LP

9.     Behringer Harvard NoHo, LLC

10.    Buckingham Senior Apartments, LP

11.    Cantabria Senior Apartments, LP

12.    Carondelet Court Partners, LP

13.    Casa Rampart, LP

14.    Central Village Apartments, LP

15.    Decro Orion Apartments, LP

16.    Decro Osborne Apartments, LP

17.    East LA Community Corporation

18.    Eastside Village, LP

19.    Esperanza Community Housing Corporation

20.    Eugene Hotel, LP

21.    FAME West 25th Street, LP

22.    Far East Building, LP

23.    Grandview Nine, LP

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

24. Hart Village, LP

25. Heavenly Vision Senior Housing, LP

26. Hobart Heights Partners, LP

27. Hoover Seniors

28. Las Margaritas, LP

29. Los Angeles Housing Partnership, Inc.

30. Los Cuatro Vientos, LP

31. Morgan Place, LP

32. New Genesis Apartments, LP

33. NoHo Senior Villas, LP

34. O L Hope, L.P.

35. P G Housing Partners, LP

36. Palm Village Senior Housing Corp.

37. Palomar Apartments, LP

38. Renato Apartments, LP

39. Rittenhouse Limited Partnership

40. Selma-Hudson Community Limited Partnership

41. Seven Maples, LP

42. Sherman Village Apartments, LP

43. Sherman Way Community Housing, LP

44. Stovall Housing Corporation

45. Vermont Seniors

46. WA Court, LP

47. Watts/Athens Preservation XVII, LP

48. West Angeles Villas, LP

49. Western/Carlton II, LP

50. Yale Terrace, LP

- 15 -

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**