UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-0551 FMO (PJWx)** | Date | **February 14, 2018** |
|---|---|---|---|
| Title | **Independent Living Center of Southern California, et al. v. City of Los Angeles, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: (In Chambers) Order Re: Motion to Withdraw As Counsel**

Having considered the briefing filed with respect to Relman, Dane & Colfax PLLC, Disability Rights California, Disability Rights Legal Center, and the David Geffen Law Firm's ("counsel") Motion to Withdraw as Counsel for Plaintiff Fair Housing Council of San Fernando Valley, (Dkt. 609, "Motion"), and the oral argument presented to the court on February 8, 2018, the court concludes as follows.

Four of the six counsel of record for plaintiff Fair Housing Council of San Fernando Valley ("the FHCSFV" or "plaintiff") seek leave to withdraw as counsel because: (1) "[a]n actual conflict of interest has arisen with respect to FHCSFV and one set of counsel[,]" Relman, Dane & Colfax, (see Dkt. 609-1, Declaration of Jennifer I. Klar ("Klar Decl.") at ¶ 4), and (2) "it has become unreasonably difficult for [counsel] to carry out representation of FHCSFV effectively." (See id. at ¶ 5). Counsel submitted an in camera declaration, providing more information regarding the conflict and breakdown of the attorney-client relationship. (See In Camera Declaration of Jennifer I. Klar In Response to Court Order of January 18, 2018 ("In Camera Decl.")). The FHCSFV filed a response to the motion to withdraw. (See In Camera Response to Notice of Motion and Motion to Withdraw [] ("Opposition")).

The FHCSFV is also represented by David Iyalomhe ("Iyalomhe") and Odion Okojie ("Okojie"), who will continue to represent the organization. (See Dkt. 518, Notice of Appearance in United States District Court, Central District of California for David O. Iyalomhe ("Iyalomhe NOA"); Dkt. 519, Notice of Appearance in United States District Court, Central District of California for Odion L. Okojie ("Okojie NOA")).

Local Rule 83-2.3.2 allows an attorney to withdraw as counsel upon leave of court. The motion to withdraw "must be supported by good cause" and "must be made upon written notice given reasonably in advance[.]" L.R. 83-2.3.2. "The decision to grant or deny counsel's motion to withdraw is committed to the sound discretion of the trial court." Stewart v. Boeing Co., 2013 WL 3168269, *1 (C.D. Cal. 2013) (internal quotation marks omitted). The district court generally considers: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-0551 FMO (PJWx)** | Date | **February 14, 2018** |
|---|---|---|---|
| Title | **Independent Living Center of Southern California, et al. v. City of Los Angeles, et al.** | | |

other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Id. (internal quotation marks omitted). "In determining how best to exercise that discretion, judges often look to the ABA Model Rules of Professional Responsibility, as well as the state's Professional Responsibility Rules for guidance[.]" Garnica v. Fremont Inv. & Loan, 2012 WL 5830078, *1 (C.D. Cal. 2012).

As an initial matter, it's unclear whether a formal motion to withdraw is necessary, given that the FHCSFV will continue to be represented by Iyalomhe and Okojie.[1] See Request for Approval of Substitution or Withdrawal of Counsel, Central District of California, Form G-01 at 2, available at https://www.cacd.uscourts.gov/attorneys) ("No new counsel is necessary. The party or parties represented by the attorney(s) seeking to withdraw will continue to be represented by another attorney/firm who has already entered an appearance as counsel of record for that party . . . and who is a member in good standing of the Bar of this Court.").

In any event, assuming that the motion was required, the court is persuaded there is "good cause" to grant the Motion. First, the court's review of the in camera declaration supports the grant of the motion for withdrawal. (See Dkt. 609-1, Klar Decl. at ¶¶ 4-5; In Camera Decl.). An actual conflict of interest between a party and counsel may justify, and indeed, in certain cases require, withdrawal of counsel. See Cal. Rule of Prof. Conduct 3-700; Id. at § 3-310; Santa Clara County Counsel Attys v. Woodside, 7 Cal.4th 525, 546 (1994), superseded by statute on other grounds (California Rule of Professional Conduct 3-310 "is concerned not merely with conflict in representation of current or former clients, but also, in rule 3-310(B), with conflicts between an attorney's own financial and personal interests and those of his or her client."). Indeed, the FHCSFV recognizes in its in camera opposition that an actual conflict exists. (See Opposition at 2, 4; Declaration of Sharon Kinlaw ("Kinlaw Decl.") at ¶¶ 7, 9, 11).

Similarly, the record indicates that there has been breakdown in the attorney-client relationship. (See Dkt. 609-1, Klar Decl. at ¶¶ 4-5; Kinlaw Decl. at ¶¶ 7-11, 15); see Steshenko v. McKay, 2014 WL 4352086, *1 (N.D. Cal. 2014) ("Withdrawal is warranted due to an irreparable breakdown in the attorney-client relationship."); Quezada v. City of Los Angeles, 2017 WL 2562099, *2 (C.D. Cal. 2017) (Plaintiff "has not expressly consented to the termination of Counsel, even though he stated multiple times that he was seeking other representation and was unhappy with Counsel. However, permissive withdrawal is also appropriate if the client renders it unreasonably difficult for counsel to effectively continue representation.") (internal citation omitted). As for prejudice, the FHCSFV is represented by other counsel and was notified of counsel's intent to withdraw. (See Dkt. 609-1, Klar Decl. at ¶ 7 ("Counsel seeking to withdraw provided written

[1] Though the FHCSFV states that they retained Iyalomhe and Okojie for limited purposes, the attorneys filed notices of appearances without limitation, (see Dkt. 518, Iyalomhe NOA; Dkt. 519, Okojie NOA), and indeed, there is no provision in the local rules for a limited appearance. See, generally, L.R. 83-2, 83-2.3.

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 2 of 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-0551 FMO (PJWx)** | Date | **February 14, 2018** |
|---|---|---|---|
| Title | **Independent Living Center of Southern California, et al. v. City of Los Angeles, et al.** | | |

notice of their intent to move to withdraw to every member of the Board and the Executive Director of FHCSFV more than ten days prior to the filing of this Motion."); Dkt. 611, Certificate of Service; Dkt. 518, Iyalomhe NOA; Dkt. 519, Okojie NOA). Though the FHCSFV argues that Okojie and Iyalomhe were not hired as litigation counsel and are not as familiar with the owner-defendant issues that remain, Okojie and Iyalomhe have been involved in the case for over a year and a half, suggesting that they are more than capable of representing the FHCSFV in addressing those issues. (See Dkt. 518, Iyalomhe NOA; Dkt. 519, Okojie NOA).

Further, although counsel successfully settled with and obtained judgments against the two primary defendants in the case, (see Dkt. 532, Judgment Pursuant to Settlement Agreement By and Between City of Los Angeles and Plaintiffs; Dkt. 596, Judgment Pursuant to Settlement Agreement By and Between CRA/LA, a Designated Local Authority, Successor Agency to the Community Redevelopment Agency of the City of Los Angeles; Dkt. 608, Amended Judgment Pursuant to Corrected Settlement Agreement by and Between City of Los Angeles and Plaintiffs), the FHCSFV has chosen to hire separate counsel, to monitor the settlement agreements at issue.[2] (See Dkt. 609-1, Klar Decl. at ¶ 6; Kinlaw Decl. at ¶ 9).

Finally, withdrawal is unlikely to harm the "administration of justice" or "delay the resolution of the case[,]" Stewart, 2013 WL 3168269, at *1, because judgment has already been entered as to the two primary defendants, and counsel has finished the bulk of the remaining work on behalf of the FHCSFV, by completing briefing on the pending motion filed by the remaining owner-defendants. (See Dkt. 532, Judgment Pursuant to Settlement Agreement By and Between City of Los Angeles and Plaintiffs; Dkt. 596, Judgment Pursuant to Settlement Agreement By and Between CRA/LA, a Designated Local Authority, Successor Agency to the Community Redevelopment Agency of the City of Los Angeles; Dkt. 608, Amended Judgment Pursuant to Corrected Settlement Agreement by and Between City of Los Angeles and Plaintiffs; Dkt. 603, Plaintiffs' Opposition to Owner Defendants' Motion for Judgment on the Pleadings).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT Counsel's Motion to Withdraw (**Document No. 609**) is **granted**. All counsel from Relman, Dane & Colfax PLLC, Disability Rights California, Disability Rights Legal Center, and the David Geffen Law Firm shall be relieved of representing plaintiff Fair Housing Council of San Fernando Valley. The Clerk shall terminate said counsel from representation of only plaintiff Fair Housing Council of San Fernando Valley.

---

[2] The court notes that the pending motion for judgment on the pleadings is intertwined with the scope of the monitoring. (See, generally, Dkt. 597, Motion for Judgment on the Pleadings []).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 12-0551 FMO (PJWx)** | Date | **February 14, 2018** |
|---|---|---|---|
| Title | **Independent Living Center of Southern California, et al. v. City of Los Angeles, et al.** | | |

Initials of Preparer     vdr