MICHAEL G. ALLEN, *pro hac vice*
JENNIFER I. KLAR, *pro hac vice*
LAURA GAZTAMBIDE-ARANDES #298373
RELMAN, DANE & COLFAX PLLC
1225 19th St. NW, Suite 600
Washington, D.C. 20036
Telephone: (202) 728-1888
Facsimile: (202) 728-0848
mallen@relmanlaw.com

MARONEL BARAJAS #242044
DISABILITY RIGHTS LEGAL CENTER
350 South Grand Ave., Suite 1520
Los Angeles, CA 90057
Telephone: (626) 389-8277
Facsimile: (213) 736-1428
maronel.barajas@drlcenter.org

DAVID GEFFEN #129342
DAVID GEFFEN LAW FIRM
1717 4th Street, 3rd Floor
Santa Monica, CA 90401
Telephone: (310) 434-1111
Facsimile: (310) 434-1115
Geffenlaw@aol.com

DARA SCHUR #98638
DISABILITY RIGHTS CALIFORNIA
1330 Broadway, Suite 500
Oakland, CA 94612
Telephone: (510) 267-1200
Facsimile: (510) 267-1201
Dara.Schur@disabilityrightsca.org

AUTUMN ELLIOTT #230043
SRIVIDYA S. PANCHALAM #265398
DISABILITY RIGHTS CALIFORNIA
350 S. Bixel Ave., Suite 290
Los Angeles, CA 90017
Telephone: (213) 213-8000
Facsimile: (213) 213-8001
Autumn.Elliott@disabilityrightsca.org

*Attorneys for Plaintiffs Communities Actively Living Independent and Free and Independent Living Center of Southern California*

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION)

| | |
|---|---|
| INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, CALIFORNIA, *et al.*,<br><br>Defendants. | Case No.: 12-CV-551 FMO (PJWx)<br><br>[PROPOSED ORDER RE: APPOINTMENT OF SETTLEMENT MONITOR FOR SETTLEMENT WITH CITY OF LOS ANGELES] |

Having considered the Joint Stipulation Regarding Court Appointment of Monitor filed by Plaintiffs and Defendant City of Los Angeles, and good cause appearing therefor, it is hereby ordered:

### Appointment of the Monitor

1. Bill Lann Lee shall serve as Court-appointed Monitor under the terms of the Corrected Settlement Agreement entered in this case (ECF No. 608-1), adopted by the Court in its Amended Judgment of December 13, 2017 (ECF No. 608), with the powers and duties described therein. Mr. Lee's resume is attached hereto as Exhibit A.

2. The Monitor shall serve throughout the Settlement Term, as defined in the Corrected Settlement Agreement, and shall report to the Court. The Monitor's authority shall derive from the Court, not the Parties.

### Responsibilities and Powers of the Monitor

3. The Monitor will assess the City's progress toward achieving the Target Number of Accessible Units and implementation of policies and procedures by reviewing plans, policies, procedures, expenditures, staffing, and production of accessible units, among other things.

4. The Monitor shall evaluate the City's compliance with the provisions of the Corrected Settlement Agreement to ensure full compliance with all of its terms.

5. The Monitor shall have the obligation and authority to:

    i. Monitor, review, collect, evaluate and verify written and electronic data and information on progress and completion of the Accessible Housing Unit Plan, accessibility of Housing Units and Housing Developments, City Housing Program Accessibility, City monitoring of Owner compliance, and all other components of the Corrected Settlement Agreement.

    ii. Conduct inspections, with appropriate notice to the affected individuals, of selected Housing Units and Housing Developments as the Monitor deems appropriate, and measure, photograph, or otherwise document accessibility

compliance.

      iii.    Interview City staff, consultants, contractors, and agents as the Monitor deems appropriate.

      iv.    Hire experts or staff as needed, including but not limited to the authority to hire or contract with one or more persons with technical expertise to assist in monitoring the implementation of the Accessible Housing Unit Plan and certification of accessible units, within the budgetary limits of the Corrected Settlement Agreement and Paragraph 20 of this Order, to assist in carrying out these responsibilities.

      a)    The Monitor shall inform the Parties in writing at least fourteen (14) days before the Monitor employs or contracts with such persons.

      b)    If either Party objects to the contracting with or hiring of any such person, that Party shall submit its opposition to the Court for disposition no later than fourteen (14) days after receiving the Monitor's notice that the Monitor intends to retain such persons.

      c)    If there is no objection submitted to the Court, the Monitor may proceed with the employment or contract.

      v.    Review and assess all reports prepared by the City as required by the terms and provisions of the Corrected Settlement Agreement, and prepare recommendations for additional action, as needed.

      vi.    Maintain records of the Monitoring team's activities and relevant documents.

      vii.    Provide Counsel for Plaintiffs and the City any relevant information known to or available to the Monitor under any provision of the Corrected Settlement Agreement upon reasonable request.

      viii.    Prepare a written semi-annual report for submission to Counsel for Plaintiffs and the City on or before December 31, 2018, and on or before June 30 and December 31 of each year thereafter, which shall describe at a minimum, the

Monitor's assessment of the City's progress in complying with all provisions of the Corrected Settlement Agreement, and the Monitor's comments on reports submitted by the City. A copy will be filed with the Court. The Parties shall meet and confer among themselves or with the Monitor to resolve any problems identified by the Monitor or any of the Parties. If the Parties cannot reach agreement, either party can request that the Monitor submit an additional report to the Court with recommendations for action and shall file a motion with the Court for consideration of such recommendations or other requested relief.

   ix.  Meet and confer with Plaintiffs and the City, to consider suggestions for implementing the spirit and letter of the Agreement, and to clarify information contained in the Monitor's reports.

## Records and Other Information Available to Monitor

  6. For the duration of the Corrected Settlement Agreement, except to the extent that disclosure of information is prohibited by law or applicable privileges, the City shall provide the Monitor upon request information and records (or other computerized counterparts) sufficient to adequately monitor the City's compliance with all provisions of the Corrected Settlement Agreement and to complete the reporting described in Paragraphs III.9 and III.11 of the Corrected Settlement Agreement and Paragraph 5.viii of this Order, including but not limited to all records relating to implementation of the Accessible Housing Unit Plan, architectural accessibility compliance for existing and new Housing Developments (including surveys, plans, and architectural drawings), issuance of Certifications of Compliance with Accessibility Standards and Certifications of Adoption of Housing Policies, the City's program accessibility and ADA/504 self-evaluations, occupancy and utilization surveys and audits, reasonable accommodation and reasonable modification logs, grievances and complaints, progress in meeting the Target Unit Number, the Registry, training materials, and annual funding devoted to the program.

  7. The City shall make available to the Monitor any records relating to the

- 4 -

*Independent Living Center of Southern California, et al v. City of Los Angeles, et al.,* Case No. CV 12-0551 SJO (PJW)
Proposed Order

1 implementation of any provision of the Corrected Settlement Agreement, including
2 records submitted by or required to be maintained by Owners and Property
3 Management Agents.

4     8. The City shall make clear when any such information or records are
5 being withheld from the Monitor in accordance with this article.

6     9. To the extent the Monitor reasonably determines after consultation with
7 the City that such information or records must be reviewed in order for the Monitor
8 to satisfy his or her responsibilities under the Corrected Settlement Agreement or to
9 the Court, the Monitor may request that disclosure of such information or records be
10 made pursuant to protective order, and the City shall provide such information
11 pursuant to a protective order to be negotiated by the Monitor and the Parties to the
12 Corrected Settlement Agreement or secured through an appropriate petition to the
13 Court.

### **Confidentiality**

15     10. The Monitor is an agent of the Court, is not a state or local agency, or an
16 agent thereof, and accordingly the records maintained by the Monitor shall not be
17 deemed public records subject to public inspection within the meaning of California
18 Government Code Sec. 6250 et. seq. Nothing in this Paragraph shall change the
19 obligations of the City regarding records in its control.

20     11. The Monitor shall adhere to all conflict of interest rules and ethical
21 obligations relevant to monitors appointed by the U.S. District Court for the Central
22 District of California.

23     12. Unless any conflict of interest is waived by the City and the Plaintiffs,
24 the Monitor shall not accept employment or provide consulting services during the
25 period of the Monitor's employment that would present a conflict of interest with the
26 Monitor's responsibilities under this Order or the Corrected Settlement Agreement.
27 Following the period of the Monitor's employment, the Monitor shall not accept
28 employment or provide consulting services on any matter related to the Corrected

Settlement Agreement or based on information obtained in the course of carrying out Monitoring duties, in connection with a claim or suit against the City or its departments, officers, agents or employees.

13. Persons retained by the Monitor shall be subject to the same confidentiality and conflict of interest provisions as the Monitor.

14. If the City believes that any documents or categories of documents provided to the Monitor are not public records and are subject to a requirement of confidentiality, the City shall identify such documents or categories of documents with specificity and propose a protective order concerning such documents. The proposed protective order shall be addressed through the meet and confer process set out in the Corrected Settlement Agreement.

15. The Monitor shall preserve the confidentiality of any record whose disclosure is prohibited by law or that is the subject of a protective order, and shall require any expert, consultant or agent he may retain to do the same.

### Meetings with Monitor

16. No later than ninety (90) days following the commencement of employment by the Monitor, the Monitor and counsel for all Parties shall attend a preliminary meeting at a location designated by the Monitor.

17. The purpose of the preliminary meeting shall be for the City to describe the activities that have been and will be taken with respect to implementation of the Corrected Settlement Agreement and for the Parties' counsel to discuss any relevant issues concerning the implementation of the Corrected Settlement Agreement.

18. The Monitor shall hold at least one annual meeting with the City and the Plaintiffs to review progress.

19. The Monitor may, as the Monitor deems appropriate, schedule additional meetings and/or conference calls with the Parties' counsel to discuss any relevant issues concerning the implementation and enforcement of the Corrected Settlement Agreement.

**Compensation of the Monitor**

20. The City shall bear the cost of the Monitor during the Settlement Term. The Monitor's cost, including the Monitor's fees, retained experts or staff, and reasonable expenses, shall be capped at the amounts specified below:

   i. Years 1 through 3 of this Order: Eight Hundred Fifty Thousand Dollars ($850,000) per year.

   ii. Years 4 through 6 of this Order: Six Hundred Fifty Thousand Dollars ($650,000) per year.

   iii. Year 7 through the end of the Settlement Term: Three Hundred Seventy-Five Thousand Dollars ($375,000) per year.

   iv. Year 1 of this Order shall be deemed to commence on the date the Court enters this Order.

21. The Monitor's rate shall be set at a rate not to exceed Five Hundred Dollars ($500) per hour. The Parties may agree to periodic increases.

22. Reasonable expenses incurred by the Monitor in performing his or her duties shall be reimbursed, subject to the budgetary limits in Paragraph 20 of this Order.

   i. The Monitor shall comply with Sections 1.8.12(B) (Airline Travel), 1.8.13, (Per Diem: Lodging, Meals and Incidentals), 1.8.15 (Ground Transportation), 1.8.16 (Automobile Rental), 1.8.17 (Laundry Services), 1.8.18 (Telephone Calls), 1.8.19 (Internet Connection Services) 1.8.20 (Gratuities) and 1.8.23 (Non-reimbursable Travel Costs) of the City Guidelines, attached hereto as Exhibit B, regarding travel expenses, as those rates may be increased from time to time by the City, except that the Monitor may procure lodging at 150% of the Federal Per Diem Rate set in Section 1.8.13.

   ii. Compensation for any experts or staff retained by the Monitor shall be limited to the actual rate charged by the expert or staff, and subject to the

budgetary limits in Paragraph 20 of this Order.

23. The Monitor periodically, as frequently as monthly and in no event less frequently than once every three months, at the Monitor's discretion, shall submit to the Court and serve on the Parties, an itemized statement of the Monitor's fees and expenses, with supporting documentation, which shall be payable within Thirty (30) business days of receipt of the statement.

24. Either Party shall have a period of Fourteen (14) days from receipt of the statement to request additional supporting documentation to substantiate costs and to provide any written objections to the statement to the Monitor. If the Parties and the Monitor cannot resolve any written objections within Fourteen (14) days, the objecting Party may file the written objections to the statement with the Court for disposition, with copies to the Monitor and all Parties. During this period, the Thirty (30) business days shall be tolled for payment of any items that are the subject of an objection until the objection is resolved. The remainder of the fees and expenses shall be payable pursuant to Paragraph 23.

25. Submitted statements shall include:

   i. General information on work provided during the statement period and time spent performing each task.

   ii. A record of any expenses, including receipts, incurred by the Monitor during the statement period.

   iii. Invoices for any work or expenses, including receipts, incurred by retained experts and staff.

26. The Monitor shall maintain records, receipts and other appropriate documentation of all expenses, costs, fees, and services for a period of two (2) years after the Settlement Term, such records shall be available for inspection by the Parties.

**Insurance**

27. The Monitor shall provide and maintain at its own expense not less than the following amounts and types of insurance:

    i. General Liability insurance in an amount not less than One Million Dollars ($1,000,000) combined single limit.

    ii. Automobile Liability insurance in an amount not less than One Million Dollars ($1,000,000) combined single limit.

28. Such insurance shall protect City as an insured or an Additional Interest Party, or a Loss Payee As Its Interest May Appear, respectively, when such status is appropriate and available depending on the nature of applicable coverages.

IT IS SO ORDERED.

Dated: _____            _____
                                                Hon. Fernando M. Olguin
                                            UNITED STATES DISTRICT JUDGE