**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION)**

| | |
|---|---|
| INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA, *et al.* <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, CALIFORNIA, *et al.* <br><br> Defendants. | Case No.: 12-CV-00551 FMO (PJWx) <br><br> **ORDER ON JOINT STIPULATION FOR PAYMENT OF PROSPECTIVE MONITORING FEES TO COUNSEL FOR ILCSC AND CALIF** |

# ORDER

Having reviewed the Joint Stipulation on Prospective Monitoring Fees (Dkt. 686) submitted by counsel for Independent Living Center of Southern California ("ILCSC"), Communities Actively Living Independent and Free ("CALIF") and the City of Los Angeles, IT IS HEREBY ORDERED as follows:

1. Paragraphs VIII.4 through VIII.6 of the Corrected Settlement Agreement (Dkt. 608-1) are stricken in their entirety and replaced with the following text:

> 4. **Prospective Monitoring Fees and Costs for Plaintiffs' Counsel**: In addition to the fees described in Paragraph VIII.2, the City shall pay to Plaintiffs' Counsel their reasonable and necessary monitoring fees and expenses during the Settlement Term not to exceed the following amounts, exclusive of any disputes resolved by the District Court. For purposes of this section on monitoring fees, the first "Settlement Year" commenced on October 1, 2016, and each subsequent "Settlement Year" commences on October 1 thereafter:
>
> (a) Settlement Term Years 1-3 for All Plaintiffs: Two Hundred Fifty Thousand Dollars ($250,000) per year.
>
> (b) For subsequent Settlement Term Years, as follows:

| Settlement Year (Date Range) | ILCSC | CALIF | FHCSFV |
| --- | --- | --- | --- |
| 4 (Oct. 1, 2019 – Sept. 30, 2020) | $250,000 | $250,000 | $52,000 |
| 5 (Oct. 1, 2020 – Sept. 30, 2021) | $225,000 | $225,000 | $52,000 |
| 6 (Oct. 1, 2021 – Sept. 30, 2022) | $187,500 | $187,500 | $52,000 |
| 7 (Oct. 1, 2022 – Sept. 30, 2023) | $175,000 | $175,000 | $45,000 |
| 8 | $150,000 | $150,000 | $45,000 |

2

Case No. 12-CV-0551 FMO (PJWx)
ORDER ON JOINT STIPULATION FOR PAYMENT OF PROSPECTIVE
MONITORING FEES TO COUNSEL FOR ILCSC AND CALIF

| | | | |
|---|---|---|---|
| (Oct. 1, 2023 – Sept. 30, 2024) | | | |
| 9 (Oct. 1, 2024 – Sept. 30, 2025) | $125,000 | $125,000 | $45,000 |
| 10 (Oct. 1, 2025 – Sept. 30, 2026) | $100,000 | $100,000 | $45,000 |

5. **Payment of Monitoring Fees and Costs**. Except as otherwise provided in Paragraph VIII.7, below, payment of fees, costs, and expenses for the monitoring work to be performed by Plaintiffs' Counsel shall be made as follows:

   On or before each anniversary of the Effective Date, the City shall appropriate the amount specified for that respective year in Paragraph VIII.4, above, as separate line items for each Plaintiff. Funds in each of the three line-items are to be maintained and monitored by the General Manager of the Housing + Community Investment Department (HCID), and disbursed in accordance with Paragraph VIII.6, below. Annually, within thirty (30) days of the appropriation of such funds, the City shall provide evidence to Plaintiffs' Counsel that the amount specified for that respective year in Paragraph VIII.4, above, has been appropriated by City Council and that the amounts specified above have been encumbered as a separate line item for counsel for each of the three Plaintiffs.

6. **Disbursement of Monitoring Fees and Costs**. Except as otherwise provided in Paragraph VIII.7, below, during the Settlement Term, at the close of each Settlement Term Year Quarter, Counsel for each of the Plaintiffs shall submit to the HCID General Manager invoices for actual fees and expenses incurred, together with a signed declaration from Plaintiffs' Counsel attesting to the accuracy of such. Thereafter, the General Manager shall, within thirty (30) days of receipt of such submission, disburse the appropriated funds from the three respective line items described in Paragraph VIII.5, above, to the respective Plaintiffs' Counsel in amounts reflecting (a) the number of hours of monitoring work performed by Counsel for each Plaintiff, multiplied by a reasonable hourly rate, and (b) costs and expenses incurred during the previous three month period, up to the amount required to have been appropriated and deposited prior to that date. In the event the

3

Case No. 12-CV-0551 FMO (PJWx)
ORDER ON JOINT STIPULATION FOR PAYMENT OF PROSPECTIVE
MONITORING FEES TO COUNSEL FOR ILCSC AND CALIF

parties cannot agree informally on the amount to be disbursed to Plaintiffs' Counsel from the appropriated funds for a particular three-month period, the matter shall be submitted to the Court for resolution.  Fees for ILCSC and CALIF shall be made payable to Relman Colfax PLLC for distribution among counsel for those entities.  FHC will notify the City Attorney's Office of the name of any counsel it wishes to appoint to monitor compliance with this Agreement, and authorize such counsel to submit an invoice for monitoring fees and expenses.

7. **Monitoring Fees for ILCSC and CALIF**.  Notwithstanding Paragraphs VIII.4 and VIII.6, above, as it relates to the monitoring fees for ILCSC and CALIF's Counsel:

   (a) During the Settlement Term, at the close of each Settlement Term Year Quarter, Counsel for ILCSC and CALIF shall submit to the HCID General Manager a signed declaration from ILCSC and CALIF's Counsel attesting that they represented ILCSC and CALIF for monitoring purposes and conducted monitoring during the period, no additional supporting materials shall be required. Thereafter, the General Manager shall, within thirty (30) days of receipt of such declaration, disburse the appropriated funds from the ILCSC and CALIF line items described in Paragraph VIII.5, above, to ILCSC and CALIF's Counsel in amounts reflecting 25% of the established amount for the applicable Settlement Term Year.

   (b) The Settlement Term Year amount to be disbursed to Counsel for ILCSC and CALIF shall not be increased at some future point, regardless of whether the actual fees, costs, and expenses for monitoring work exceeds the annual amount set in Paragraph VIII.4, above. ILCSC and CALIF shall not be entitled to bring a motion under Paragraph X.2, below, requesting modification of the amount set in Paragraph VIII.4, above. However, if ILCSC or CALIF seek to enforce the terms of the Agreement through a motion to the District Court through the process provided for in Paragraph VII, above, the prevailing party, as determined by

4

Case No. 12-CV-0551 FMO (PJWx)
ORDER ON JOINT STIPULATION FOR PAYMENT OF PROSPECTIVE
MONITORING FEES TO COUNSEL FOR ILCSC AND CALIF

     the District Court on that motion, shall be entitled to seek the costs associated with that motion, to be awarded at the Court's discretion.

  (c) If the actual fees, costs, and expenses for monitoring work performed during a Settlement Term Year falls more than 30% below the amount specified for that year in Paragraph VIII.4(b), above, Counsel for ILCSC and CALIF shall notify the HCID General Manager, and the Amount Specified in Paragraph VIII.4(b) for the subsequent year shall be reduced by 30%.

  (d) For good cause shown, based on adequate staffing and compliance with deadlines, the Court may reduce the amount of monitoring fees prescribed to ILCSC and CALIF by Paragraph VIII.4(b), above, but in no case shall such fees be reduced below the amounts specified in Paragraphs III.4(b) to FHCSFV.

2. Paragraph X.2. of the Corrected Settlement Agreement (<u>Dkt. 608-1</u>) is stricken in its entirety and replaced with the following text:

 **2. <u>Modification of Settlement Agreement.</u>**

  (a) This Settlement Agreement may only be modified or amended in writing, signed by all parties, that specifically states that its purpose is to amend or modify this Settlement Agreement.

  (b) All deadlines and dates for performance by the City under this Settlement Agreement may be extended or modified by written agreement between Plaintiffs and the City.

  (c) If the City should be delayed, interrupted, or prevented from performing any of its obligations under this Settlement Agreement and such delay, interruption, or prevention is due to fire, act of God, or other unforeseeable events, including, but not limited to any cause outside the reasonable control of the City, as the case may be, then the time for performance of the affected

5

Case No. 12-CV-0551 FMO (PJWx)
ORDER ON JOINT STIPULATION FOR PAYMENT OF PROSPECTIVE
MONITORING FEES TO COUNSEL FOR ILCSC AND CALIF

obligation of City may be extended, by written agreement of the Parties, for a period equivalent to the period of such delay, interruption, or prevention.

(d) Except as otherwise provided in Paragraph 7(b) above, any Party may file a written motion with the District Court for the purpose of modifying a term or provision of the Settlement Agreement. Before filing a motion with the District Court, the moving Party must discuss the reasons for the proposed modification with all Parties for the purpose of determining whether there is agreement on the need for the modification.

**IT IS SO ORDERED**:

\_\_October 30, 2020_____     _____/s/_____
Date                                                                Hon. Fernando M. Olguin
                                                                            United States District Judge

6

Case No. 12-CV-0551 FMO (PJWx)
ORDER ON JOINT STIPULATION FOR PAYMENT OF PROSPECTIVE MONITORING FEES TO COUNSEL FOR ILCSC AND CALIF